STEVEN G. SKLAVER (237612)
KALPANA SRINIVASAN (237460)
AMANDA BONN (270891)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone:  (310) 789-3100
Fax:  (310) 789-3150
Email:  ssklaver@susmangodfrey.com
Email:  ksrinivasan@susmangodfrey.com
Email:  abonn@susmangodfrey.com

*Attorneys for Defendant*
*Alta-Dena Certified Dairy, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DE LA CUEVA, on behalf of himself and those similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>ALTA DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company; ALTA-DENA CERTIFIED DAIRY, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. CV12-01804 GHK (CWx)<br><br><br>**DEFENDANT ALTA-DENA CERTIFIED DAIRY, LLC'S ANSWER TO COMPLAINT** |

2279137v1/013096

Defendant Alta-Dena Certified Dairy, LLC ("Alta-Dena") hereby answers the Complaint of Plaintiff Miguel de la Cueva as follows.  All allegations not expressly admitted are denied.

## GENERAL ALLEGATIONS

1.     Alta-Dena admits that Alta-Dena Certified Dairy, LLC is a limited liability company organized under the laws of Delaware.  Alta-Dena admits that Alta-Dena Certified Dairy, Inc. was a Delaware corporation and that its principal place of business was in Los Angeles County, California.  Alta-Dena denies each and every remaining allegation in this paragraph, which are vague as to time period.

2.     Alta-Dena lacks admits that, based upon its records, Plaintiff appears to be a citizen of the County of Los Angeles, State of California, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 1 of this paragraph and on that basis denies them.  Alta-Dena admits that it employed Plaintiff in the County of Los Angeles and that Alta-Dena Certified Dairy, Inc. employed Plaintiff in the County of Los Angeles, and Alta-Dena lacks knowledge or information sufficient to form a belief as to the remaining allegations in sentence 2 of this paragraph, and on that basis denies them.  Alta-Dena admits that Plaintiff alleges that the acts giving rise to his claim occurred in the County of Los Angeles, but denies that those alleged acts occurred and/or give rise to the claims Plaintiff asserts.

3.     Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

4.     Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

5.     Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and on that basis denies them.

6.     Alta-Dena denies each and every allegation in this paragraph.

1

7.     Alta-Dena admits that Plaintiff began working as a truck driver for Adohr Farms in approximately 1990.  Alta-Dena denies that Alta-Dena Certified Dairy, LLC acquired Adohr Farms in 2004, denies that Alta-Dena Certified Dairy, Inc. acquired Adohr Farms in 2004, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 2 of this paragraph, and on that basis denies them.  Alta-Dena denies each and every allegation in sentence 3 of this paragraph.  Alta-Dena denies that Plaintiff was an accident free driver and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 4 of this paragraph, and on that basis denies them.

8.     Alta-Dena admits that it has a discipline policy concerning driver accidents that authorizes the company to provide a written warning upon a first accident, to place an employee on probation upon a second accident, and to discharge an employee upon a third accident.  Alta-Dena denies each and every remaining allegation in this paragraph.

9.     Alta-Dena admits that Plaintiff took days off from work in early 2009. Alta-Dena lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and on that basis denies them.

10.     Alta-Dena admits that it received a note that, on its face, was dated March 30, 2009, and indicated that Plaintiff was under the care of the Family Medicine Center for medical reasons and would be able to return to work on April 6, 2009 with no restrictions.  Alta-Dena lacks knowledge or information sufficient to form a belief as to the remaining allegations in sentence 1 of this paragraph, and on that basis denies them.  Alta-Dena admits that at some time in 2009, Plaintiff discussed Alta-Dena's policies concerning attendance and the Family Medical Leave Act ("FMLA") with Joe Llamas and Susana Correa, and denies each and every remaining allegation in sentence 2 of this paragraph.

2

11.     Alta-Dena denies each and every allegation in sentences 1 through 5 of this paragraph.  Alta-Dena admits that it granted Plaintiff's requested leave until April 6, 2009, and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 6 of this paragraph and on that basis denies them.

12.     Alta-Dena admits that in April 2009, Plaintiff damaged the truck he was driving, and Alta-Dena denies each and every remaining allegation in sentence 1 of this paragraph.  Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 2 of this paragraph and on that basis denies them.  Alta-Dena denies that the damage was minor and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 3 of this paragraph and on that basis denies them.  Alta-Dena denies each and every allegation in sentences 4 and 5 of this paragraph.  Alta-Dena admits that it suspended Plaintiff following this accident and denies each and every remaining allegation in sentence 6 of this paragraph.

13.     Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 1 of this paragraph.  Alta-Dena admits that Plaintiff requested FMLA leave from approximately April 29, 2009 through May 13, 2009, and denies each and every remaining allegation in sentence 2 of this paragraph.  Alta-Dena denies each and every remaining allegation in this paragraph.

14.     Alta-Dena denies each and every allegation in sentences 1 and 2 of this paragraph.  Alta-Dena denies that Plaintiff was denied leave which he requested and was entitled to under the law, and lacks knowledge or information sufficient to form a belief as to the remaining allegations in sentence 3 of this paragraph, and on that basis denies them.

15.     Alta-Dena denies each and every allegation in this paragraph.

16.     Alta-Dena admits that it received a FMLA form dated May 4, 2009 stating that the estimated number of doctor's visits and/or estimated duration of

3

medical treatment was 1 to 3 times per month as needed. Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 1 of this paragraph and on that basis denies them. Alta-Dena admits that Alta-Dena granted such requested FMLA leave. Alta-Dena denies each and every remaining allegation in this paragraph.

17. Alta-Dena admits that on or about May 15, 2009, Plaintiff discussed FMLA leave with Mr. Llamas. Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 1 of this paragraph and on that basis denies them. Alta-Dena denies each and every allegation in sentence 2 of this paragraph. Alta-Dena admits that Plaintiff signed a document stating that his treating physician's orders provided for a maximum of 3 FLMA leave days per month, denies that Plaintiff was made to do so, and denies each and every remaining allegation in sentence 3 of this paragraph.

18. Alta-Dena denies each and every allegation in sentence 1 of this paragraph. Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 2 of this paragraph, and on that basis denies them. Alta-Dena admits that in approximately June 2009, it provided Plaintiff with FMLA forms to be completed by his treating physician if Plaintiff intended to request further FMLA leave, and Alta-Dena denies each and every remaining allegation in sentence 3 of this paragraph. Alta-Dena denies each and every allegation in sentences 4, 5, and 6 of this paragraph. Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 7 of this paragraph, and on that basis denies them.

19. Alta-Dena denies that it engaged in harassing conduct. Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 1 of this paragraph and on that basis denies them. Alta-Dena admits that Ms. Correa did not make any statements or engage in any conduct intending to preclude Plaintiff from exercising any disability rights. Alta-

4

Dena denies each and every remaining allegation in sentences 2, 3, and 4 of this paragraph. Alta-Dena admits that it provided Plaintiff with an advanced schedule and denies each and every remaining allegation in sentence 5 of this paragraph.

20. Alta-Dena lacks knowledge or information sufficient to form a belief as to the allegations in sentences 1 and 2 of this paragraph and on that basis denies them. Alta-Dena denies each and every allegation in sentence 3 of this paragraph. Alta-Dena admits that one of Plaintiff's job duties was to drive his load to the destination, and denies each and every remaining allegation in sentence 4 of this paragraph. Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 5 of this paragraph and on that basis denies them.

21. Alta-Dena lacks knowledge or information sufficient to form a belief about the allegations regarding Plaintiff's stomach problems and physical condition in sentence 1 of this paragraph and on that basis denies them, and Alta-Dena denies each and every remaining allegation in sentence 1 of this paragraph. Alta-Dena lacks knowledge or information sufficient to form a belief as to the allegations in sentence 2 of this paragraph and on that basis denies them. Alta-Dena denies each and every remaining allegation in this paragraph.

22. Alta-Dena denies each and every allegation in this paragraph.

23. Alta-Dena admits that Plaintiff damaged his truck while driving in late February 2010 and that he submitted a damage incident report to Alta-Dena. Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies them.

24. Alta-Dena admits that it issued Plaintiff a written warning and placed him on probation on or about February 26, 2010, and denies each and every remaining allegation in sentence 1 of this paragraph. Alta-Dena admits that this was at least Plaintiff's second preventable accident in a twelve-month period and

5

denies each and every remaining allegation in sentence 2 of this paragraph.  Alta-Dena denies each and every allegation in sentences 3 and 4 of this paragraph.

25.    Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, which are vague as to time period, and on that basis denies them.

26.    Alta-Dena denies each and every allegation in sentences 4 and 7 of this paragraph.  Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies them.

27.    Alta-Dena admits that on December 6, 2010, Plaintiff damaged a truck while attempting to attach a trailer.  Alta-Dena denies that Company policy only required Plaintiff to report damages exceeding $500.  Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies them.

28.    Alta-Dena denies each and every allegation in this paragraph.

29.    Alta-Dena admits that following the December 6, 2010 accident, it suspended Plaintiff without pay on or about December 20, 2010, and denies each and every remaining allegation in sentence 1 of this paragraph.  Alta-Dena admits that it terminated Plaintiff's employment effective December 27, 2010, and denies each and every remaining allegation in sentence 2 of this paragraph.  Alta-Dena denies each and every allegation in sentence 3 of this paragraph.  Alta-Dena admits that Plaintiff had an accident in April 2009, and denies each and every remaining allegation in sentence 4 of this paragraph.   Alta-Dena denies each and every allegation in sentence 5 of this paragraph.

30.    Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 1 of this paragraph and on that basis denies them.   Alta-Dena denies each and every remaining allegation in this paragraph.

6

31.     Alta-Dena admits that it terminated Plaintiff's employment and denies each and every remaining allegation in this paragraph.

32.     Alta-Dena admits that Plaintiff's counsel has provided two documents dated December 2, 2011, purporting to be charges of discrimination that Plaintiff filed with the California Department of Fair Employment and Housing and a right-to-sue notice.  Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies them.

## CLASS ACTION ALLEGATIONS

33.     Alta-Dena admits that Plaintiff purports to bring this action on behalf of himself and similarly-situated individuals as a class action and that Plaintiff seeks to represent a putative class as defined in this paragraph.  Alta-Dena denies that Plaintiff may represent a putative class and denies that a class action can be maintained.  Alta-Dena admits that Plaintiff purports to preserve the right to create sub-classes, but denies that Plaintiff should be permitted to do so.

34.     Alta-Dena denies each and every allegation in this paragraph.

35.     Sentence 1 of this paragraph contains conclusions of law to which no response is required.  To the extent any response is required, Alta-Dena denies each and every allegation in sentence 1 of this paragraph.  Alta-Dena admits that the identity of its employees can be determined by Alta-Dena's records. Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and on that basis denies them.

36.     This paragraph includes conclusions of law to which no response is required.  To the extent any response is required, Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of any of the allegations in this paragraph.

37.     Alta-Dena denies each and every allegation in this paragraph.

38.     Alta-Dena denies each and every allegation in this paragraph.

39.     Alta-Dena denies each and every allegation in this paragraph.

40.     Alta-Dena denies each and every allegation in this paragraph.

41.     Alta-Dena admits that Plaintiff's counsel provided a document dated December 12, 2011 purporting to be a notice sent to the Labor and Workforce Development Agency and denies each and every remaining allegation in sentence 1 of this paragraph.  Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 2 of this paragraph.  Alta-Dena denies each and every allegation in sentence 3 of this paragraph.

42.     Alta-Dena denies each and every allegation in this paragraph.

## CAUSES OF ACTION

### First Cause of Action

43.     Alta-Dena incorporates herein its responses to paragraphs 1 through 42 to the Complaint as if fully set forth herein.

44.     Alta-Dena denies each and every allegation in this paragraph.

45.     The allegations in this paragraph are conclusions of law to which no response is required.  To the extent any response is required, Alta-Dena denies each and every allegation in this paragraph as applied to Alta-Dena.

46.     Alta-Dena admits that Plaintiff purports to seek the recovery described in this paragraph on behalf of himself and a putative class pursuant to Labor Code §§ 203, 210, 226, 226.3, 558, 1194(a), and/or 2699, and denies that Plaintiff and/or the putative class are entitled to such relief.  Alta-Dena denies each and every remaining allegation in this paragraph as applied to Alta-Dena.  Alta-Dena is unaware of the identity of any other Defendant referred to in this paragraph, and accordingly lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as applied to any other such defendant.

47.     Alta-Dena admits that Plaintiff purports to seek attorneys' fees and costs pursuant to Labor Code §§ 217, 226(g), 558 and/or 2699, but denies that

8

1   Plaintiff is entitled to such recovery and denies each and every remaining allegation
2   in this paragraph.

3       48.   Alta-Dena admits that Plaintiff purports to seek an award of interest on
4   behalf of himself and the putative class, but denies that Plaintiff and the putative
5   class are entitled to such recovery and denies each and every remaining allegation
6   in this paragraph.

7                          **Second Cause of Action**

8       49.   Alta-Dena incorporates its responses to paragraphs 1 through 48 of the
9   Complaint as though fully set forth herein.

10      50.   The allegations in sentence 1 of this paragraph are conclusions of law
11  to which no response is required.  To the extent any response is required, Alta-Dena
12  denies each and every allegation in sentence 1 of this paragraph.  Alta-Dena admits
13  that it paid its drivers, including Plaintiff, on a bi-weekly basis.  Alta-Dena denies
14  each and every remaining allegation in this paragraph.

15      51.   Alta-Dena denies each and every allegation in this paragraph.

16      52.   The allegations in sentence 1 of this paragraph are conclusions of law
17  to which no response is required and are unintelligible.  To the extent any response
18  is required, Alta-Dena admits that California Labor Code § 201(a) states that "[i]f
19  an employer discharges an employee, the wages earned and unpaid at the time of
20  discharge are due and payable immediately," and denies each and every remaining
21  allegation in sentence 1 of this paragraph.   Alta-Dena denies each and every
22  allegation in sentence 2 of this paragraph.

23      53.   Alta-Dena admits that Plaintiff purports to seek recovery on behalf of
24  himself and the putative class pursuant to Labor Code §§ 210 and 2699, but denies
25  that Plaintiff and the putative class are entitled to such relief and denies each and
26  every remaining allegation in this paragraph.  Alta-Dena is unaware of the identity
27  of any other Defendant being referred to in this paragraph, and accordingly lacks

28

9

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as applied to any other such defendant.

54.     Alta-Dena admits that Plaintiff, on behalf of himself and the putative class,  seeks attorneys' fees and costs pursuant to Labor Code §§ 217.5 and 2699, but denies that Plaintiff and the putative class are entitled to any such recovery and denies each and every remaining allegation in this paragraph.

55.     Plaintiff's requested relief is not an allegation and thus no response is required.   Out of an abundance of caution, Alta-Dena admits that Plaintiff is requesting the relief as stated in the Complaint, and denies that Plaintiff is entitled to any such relief.

### Third Cause of Action

56.     Alta-Dena incorporates herein its responses to paragraphs 1 through 55 of the Complaint as though fully set forth herein.

57.     The allegations in sentence 1 of this paragraph are conclusions of law to which no response is required.   To the extent any response to the allegations in sentence 1 of this paragraph is required, Alta-Dena admits that California Labor Code § 226(a) states, in part, that "[e]very employer shall . . . furnish each of his or her employees . . . an accurate itemized statement in writing showing (1) gross wages earned," and denies each and every remaining allegation in sentence 1.  Alta-Dena denies each and every remaining allegation in this paragraph.

58.     Alta-Dena denies each and every allegation in this paragraph.

59.     Plaintiff's requested relief is not an allegation and thus no response is required.   Out of an abundance of caution, Alta-Dena admits that Plaintiff is requesting the relief as stated in the Complaint, and denies that Plaintiff is entitled to any such relief.   Alta-Dena denies each and every remaining allegation in this paragraph.

60.     Plaintiff's requested relief is not an allegation and thus no response is required.   Out of an abundance of caution, Alta-Dena admits that Plaintiff is

requesting the relief as stated in the Complaint, and denies that Plaintiff is entitled to any such relief.

## Fourth Cause of Action

61.     Alta-Dena incorporates its responses to paragraphs 1 through 60 of the Complaint as though fully set forth herein.

62.     Alta-Dena denies each and every allegation in this paragraph.

63.     Alta-Dena denies each and every allegation in this paragraph.

64.     Alta-Dena denies each and every allegation in this paragraph.

65.     Alta-Dena denies each and every allegation in this paragraph.

66.     Alta-Dena denies each and every allegation in this paragraph.

67.     Plaintiff's requested relief is not an allegation and thus no response is required.   Out of an abundance of caution, Alta-Dena admits that Plaintiff is requesting the relief as stated in the Complaint, and denies that Plaintiff is entitled to any such relief.

68.     Plaintiff's requested relief is not an allegation and thus no response is required.   Out of an abundance of caution, Alta-Dena admits that Plaintiff is requesting the relief as stated in the Complaint, and denies that Plaintiff is entitled to any such relief.   Alta-Dena denies each and every remaining allegation in this paragraph.

## Fifth Cause of Action

69.     Alta-Dena incorporates its responses to paragraphs 1 through 68 of the Complaint as though fully set forth herein.

70.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent any response is required, Alta-Dena denies each and every allegation in this paragraph, as FEHA's requirements depend on factual context which is absent from this paragraph.

71.     Alta-Dena lacks knowledge or information sufficient to form a belief as to the allegations in sentence 1 of this paragraph.  Alta-Dena denies each and

11

every allegation in sentence 2 of this paragraph. Alta-Dena denies each and every allegation in sentence 3 of this paragraph. Alta-Dena admits that it granted Plaintiff FMLA leave that he requested and denies each and every remaining allegation in sentence 4 of this paragraph. Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 5 of this paragraph. Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 6 of this paragraph and on that basis denies them. Alta-Dena denies each and every allegation in sentence 7 of this paragraph. Alta-Dena admits that it provided Plaintiff with an advanced schedule and denies each and every remaining allegation in sentence 8 of this paragraph. Alta-Dena denies each and every remaining allegation in this paragraph.

72.    Alta-Dena denies each and every allegation in sentence 1 of this paragraph. Alta-Dena admits that much of the alleged conduct Plaintiff complains of here is alleged to have occurred more than one year before Plaintiff purports to have filed any charge of discrimination with the DFEH, and denies each and every remaining allegation in sentence 2 of this paragraph. Alta-Dena denies each and every remaining allegation in this paragraph.

73.    Alta-Dena denies each and every allegation in this paragraph.

74.    Alta-Dena denies each and every allegation in this paragraph.

75.    Alta-Dena denies each and every allegation in this paragraph.

### **Sixth Cause of Action**

76.    Alta-Dena incorporates its responses to paragraphs 1 through 75 of the Complaint as though fully set forth herein.

77.    The allegations of this paragraph are conclusions of law to which no response is required. To the extent any response is required, Alta-Dena denies each and every allegation in this paragraph, as FEHA's requirements depend on factual context which is absent from this paragraph.

12

78.     Alta-Dena lacks knowledge or information sufficient to form a belief as to the allegations in sentence 1 of this paragraph.  Alta-Dena denies each and every allegation in sentence 2 of this paragraph.  Alta-Dena denies each and every allegation in sentence 3 of this paragraph.  Alta-Dena admits that it granted Plaintiff FMLA leave that he requested and denies each and every remaining allegation in sentence 4 of this paragraph.  Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 5 of this paragraph.  Alta-Dena lacks knowledge or information sufficient to form a belief as to the truth of the allegations in sentence 6 of this paragraph and on that basis denies them.  Alta-Dena denies each and every allegation in sentence 7 of this paragraph.  Alta-Dena admits that it provided Plaintiff with an advanced schedule and denies each and every remaining allegation in sentence 8 of this paragraph.  Alta-Dena denies each and every remaining allegation in this paragraph.

79.     Alta-Dena denies each and every allegation in sentence 1 of this paragraph.  Alta-Dena admits that much of the alleged conduct Plaintiff complains of here is alleged to have occurred more than one year before Plaintiff purports to have filed any charge of discrimination with the DFEH, and denies each and every remaining allegation in sentence 2 of this paragraph.  Alta-Dena denies each and every remaining allegation in this paragraph.

80.     Alta-Dena denies each and every allegation in this paragraph.

81.     Alta-Dena denies each and every allegation in this paragraph.

82.      Alta-Dena denies each and every allegation in this paragraph.

**<u>Seventh Cause of Action</u>**

83.     Alta-Dena incorporates its responses to paragraphs 1 through 83 of the Complaint as though fully set forth herein.

84.     The allegations of this paragraph are conclusions of law to which no response is required.  To the extent any response is required, Alta-Dena denies each

2279137v1/013096

and every allegation in this paragraph, as FEHA's requirements depend on factual context which is absent from this paragraph.

85.   Alta-Dena denies each and every allegation in sentence 1 of this paragraph.  Alta-Dena admits that much of the alleged conduct Plaintiff complains of here is alleged to have occurred more than one year before Plaintiff purports to have filed any charge of discrimination with the DFEH, and denies each and every remaining allegation in sentence 2 of this paragraph.  Alta-Dena denies each and every remaining allegation in this paragraph.

86.   Alta-Dena denies each and every allegation in this paragraph.

87.   Alta-Dena denies each and every allegation in this paragraph.

88.   Alta-Dena denies each and every allegation in this paragraph.

89.   Alta-Dena denies each and every allegation in this paragraph.

## **Eighth Cause of Action**

90.   Alta-Dena incorporates its responses to paragraphs 1 through 89 of the Complaint as though fully set forth herein.

91.   The allegations in sentence 1 of this paragraph are conclusions of law to which no response is required.  To the extent any response to the allegations in sentence 1 of this paragraph is required, Alta-Dena denies each and every allegation in this paragraph, as FEHA's requirements depend on factual context which is absent from this paragraph. Alta-Dena denies each and every allegation in sentences 2, 3, and 4 of this paragraph.  Alta-Dena admits that at least one Human Resources representative believed that Plaintiff had contacted the Department of Labor, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in sentence 5 of this paragraph and on that basis denies them.

92.   Alta-Dena denies each and every allegation in this paragraph.

93.   Alta-Dena denies each and every allegation in this paragraph.

94.   Alta-Dena denies each and every allegation in this paragraph.

14

1   95.   Alta-Dena denies each and every allegation in this paragraph.

2   **Ninth Cause of Action**

3   96.   Alta-Dena incorporates its responses to paragraphs 1 through 95 of the

4   Complaint as though fully set forth herein.

5   97.   The allegations of this paragraph are conclusions of law to which no

6   response is required.  To the extent any response is required, Alta-Dena denies each

7   and every allegation in this paragraph, as what the law requires depends on factual

8   context which is absent from this paragraph.

9   98.   Alta-Dena denies that it refused to provide §a leave of absence or

10   accommodation that Plaintiff requested and was entitled to under the law, and lacks

11   knowledge or information sufficient to form a belief as to the remaining allegations

12   in sentence 1 of this paragraph, and on that basis denies them.  Alta-Dena denies

13   each and every allegation in sentences 2 and 3 of this paragraph.

14   99.   Alta-Dena denies each and every allegation in this paragraph.

15   100.  Alta-Dena denies each and every allegation in this paragraph.

16   101.  Alta-Dena denies each and every allegation in this paragraph.

17   **Tenth Cause of Action**

18   102.  Alta-Dena incorporates its responses to paragraphs 1 through 101 of

19   the Complaint as though fully set forth herein.

20   103.  The allegations of this paragraph are conclusions of law to which no

21   response is required.  To the extent any response is required, Alta-Dena denies each

22   and every allegation in this paragraph, as what the law requires depends on factual

23   context which is absent from this paragraph.

24   104.  Alta-Dena denies each and every allegation in this paragraph.

25   105.  Alta-Dena denies each and every allegation in this paragraph.

26   106.  Alta-Dena denies each and every allegation in this paragraph.

27

28

2279137v1/013096

**Eleventh Cause of Action**

107.   Alta-Dena incorporates its responses to paragraphs 1 through 106 of the Complaint as though fully set forth herein.

108.   Alta-Dena denies each and every allegation in this paragraph.

109.   Alta-Dena denies that it terminated Plaintiff in violation of California statutory law or public policy, and denies each and every remaining allegation in this paragraph.

110.   Alta-Dena denies each and every allegation in this paragraph.

111.   Alta-Dena denies each and every allegation in this paragraph.

**RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF**

Plaintiff's requested relief is not an allegation and thus no response is required.   Out of an abundance of caution, Alta-Dena admits that Plaintiff is requesting the relief as stated in the Complaint's Prayer for Relief, and denies that Plaintiff is entitled to any such relief.

**AFFIRMATIVE DEFENSES**

As separate and affirmative defenses, and without admitting any of Plaintiff's allegations or conceding the burden of proof as to any issue found to be an element of the Complaint, rather than an element of an affirmative defense, Alta-Dena alleges the following separate and independent affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1.   As a separate affirmative defense, Alta-Dena alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, fail to set forth facts sufficient to state a cause of action against Alta-Dena.

**SECOND AFFIRMATIVE DEFENSE**

**(Intervening Acts And/Or Omissions)**

2.   As a separate affirmative defense, Alta-Dena alleges upon information and belief that all or parts of the damages alleged in Plaintiff's Complaint were

16

caused by the acts and/or omissions of Plaintiff for whose conduct Alta-Dena are not legally responsible, which intervened between the alleged acts and/or omissions of Alta-Dena and Plaintiff's alleged damages.  Plaintiff's alleged damages, if any, are therefore not recoverable from Alta-Dena.  In the alternative, any damages which Plaintiff may be entitled to recover against Alta-Dena must be reduced to the extent that such damages are attributable to the intervening acts and/or omissions of Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Comparative Fault)

3.     As a separate affirmative defense, Alta-Dena alleges upon information and belief that all or part of the damages alleged in Plaintiff's Complaint were caused by the acts and/or omissions of other persons or entities (including, without limitation, acts and/or omissions of Plaintiff) for whose conduct Alta-Dena is not legally responsible.  Therefore, if Plaintiff is found to be entitled to recover any of their alleged damages, Alta-Dena's share thereof must be apportioned or reduced to the extent that such damages are attributable to the acts and/or omissions of persons or entities (including, without limitation, Plaintiff) other than Alta-Dena.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.     As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Preemption)

5.     As a separate affirmative defense, Alta-Dena alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are, in whole or in part, preempted by federal law, including, but not limited to, the Federal Aviation Administration Authorization Act of 1994.

6.      As a separate affirmative defense, Alta-Dena alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are, in whole or in part, preempted by California's worker's compensation law, which provides the exclusive remedy for Plaintiff's alleged injuries.  *See, e.g.*, Cal. Labor Code §§ 3600, *et seq.*

## SIXTH AFFIRMATIVE DEFENSE
### (Failure To Mitigate Damages And Avoidable Consequences Doctrine)

7.      As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff failed to mitigate his alleged damages, and to the extent of such failure to mitigate, in accord with the avoidable consequences doctrine, any damages awarded to Plaintiff should be reduced accordingly.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

8.      As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each purported cause of action alleged therein are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE
### (Justification or Privilege)

9.      Alta-Dena's alleged actions, if done at all, are justified and/or privileged since, at all relevant times herein, Alta-Dena acted in accordance with corporate and administrative policies, the terms of a valid collective bargaining agreement, the applicable laws of the United States of America and of the State of California, and for legitimate, non-discriminatory reasons.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

10.      As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the applicable statutes of

18

limitation, including, without limitation, California Civil Code §§ 338, 339, 340, California Business and Professions Code § 17208, California Government Code § 12960, and California Labor Code § 302.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

11.     As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

12.     As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by the doctrine of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

### (California Labor Code § 2854)

13.     As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by Plaintiff's failure to comply with his employee obligations pursuant to California Labor Code § 2854.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (California Labor Code § 2856)

14.     As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by Plaintiff's failure to comply with his employee obligations pursuant to California Labor Code § 2856.

2279137v1/013096

## **FOURTEENTH AFFIRMATIVE DEFENSE**

## **(California Labor Code § 2857)**

15.    As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by Plaintiff's failure to comply with his employee obligations pursuant to California Labor Code § 2857.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

## **(California Labor Code § 2865)**

16.    As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred by Plaintiff's failure to comply with his employee obligations pursuant to California Labor Code § 2865.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

## **(Failure to Comply with Administrative Notice and Exhaustion Requirements)**

17.    As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's failure to comply with the administrative notice and exhaustion requirements set forth in the California Labor Code Private Attorney General Act of 2004, including but not limited to California Labor Code § 2699.3.

18.    As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by Plaintiff's failure to comply with the administrative notice and exhaustion requirements applicable to claims under the Fair Employment and Housing Act, including but not limited to California Government Code § 12960.

2279137v1/013096

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

19.     As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred because Plaintiff lacks standing to assert such claim(s).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Good Faith)

20.     Alta-Dena alleges that any actions complained of in the Complaint, if made or done at all, were made or done by Alta-Dena in good faith, honestly, and not maliciously.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Release)

21.     As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the doctrine of release.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Accord And Satisfaction)

22.     As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (De Minimis Work)

23.     As a separate affirmative defense, Alta-Dena alleges upon information and belief that Plaintiff's Complaint and each cause of action set forth therein, or some of them, are barred, in whole or in part, because the time periods for which he is claiming entitlement to compensation and/or overtime pay fall within the *de minimis* exception to the applicable laws.

21

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack Of Supervisory Liability)

24.   As a separate affirmative defense, Alta-Dena alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, cannot be maintained because if Alta-Dena's employees took the actions alleged, such actions were committed outside the course and scope of such employees' employment, were not authorized, adopted, or ratified by Alta-Dena, and/or Alta-Dena did not know of nor should they have known of such conduct.

25.   Alta-Dena alleges that Plaintiff's Complaint and each cause of action set forth therein, or some of them, cannot be maintained because, at all relevant times, Alta-Dena took prompt and appropriate corrective action in response to Plaintiff's workplace concerns, thereby satisfying all legal obligations Alta-Dena had to Plaintiff, if any.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Unconstitutionality of Punitive Damages)

26.   As a separate affirmative defense, Alta-Dena alleges that Plaintiff is not entitled to recover any punitive damages because such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendants to rights to be given to defendants in criminal proceedings under the Constitutions of the United States and the State of California.  All procedures and application of California and federal law in this action which deny Alta-Dena such rights, including, but not limited to, a burden of proof beyond a reasonable doubt, a unanimous jury and the right against self-incrimination violate Alta-Dena's rights under such constitutional provisions.

27.   Alta-Dena alleges that Plaintiff is not entitled to recover any punitive damages and/or penalties because the provisions of California law allowing for the award of punitive damages and/or penalties and the substantive rules, procedures, and standards for determining whether or not to award them and, if so, in what

22

amount, violate Alta-Dena's rights to due process and/or equal protection under the law, and under the Constitution of the United States and/or the State of California.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Offset)

28.   As a separate affirmative defense, Alta-Dena alleges that any recovery to which Plaintiff might otherwise allegedly be entitled must be offset by any disability and/or unemployment benefits and/or other monies and/or benefits Plaintiff has received or will receive.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

29.   As a separate affirmative defense, Alta-Dena alleges that the Complaint and each cause of action set forth therein, or some of them, cannot be maintained because: (a) Alta-Dena exercised reasonable care to prevent and promptly correct any discriminatory or otherwise unlawful behavior, including, but not limited to, having an anti-discrimination and/or open door policies with a complaint procedure; and (b) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Alta-Dena or to otherwise avoid harm.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (*Bona Fide* Dispute)

30. As a separate affirmative defense, Alta-Dena alleges that Plaintiffs' Complaint and each cause of action set forth therein, or some of them, are barred because there exists a *bona fide* dispute as to whether further compensation is actually due to Plaintiff and, if so, as to the amount of such further compensation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

31.   As a separate affirmative defense, Alta-Dena alleges that Plaintiff was an at-will employee and therefore could be reassigned, transferred or terminated

23

with or without cause at any time for any reason pursuant to California Labor Code § 2922(a).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Later-Discovered Defenses)

32.     As a separate affirmative defense, Alta-Dena alleges that it intends to rely upon such other applicable defenses as may become apparent at subsequent stages of this action, and hereby reserves the right to assert any such defenses.

## PRAYER

WHEREFORE, Alta-Dena, prays for judgment as follows:

1.     That Plaintiff takes nothing from Alta-Dena by way of the Complaint;

2.     That the Complaint and each purported cause of action therein be dismissed with prejudice;

3.     For all costs and attorneys' and experts' fees herein incurred; and

4.     For such other and further relief as the Court deems just and proper.

Dated:  May 21, 2012                    STEVEN G. SKLAVER
                                        KALPANA SRINIVASAN
                                        AMANDA BONN
                                        SUSMAN GODFREY L.L.P.


                                        By:  /s/ Amanda Bonn
                                             Amanda Bonn
                                        Attorneys for Defendant
                                        Alta-Dena Certified Dairy, LLC

24