TIMOTHY B. McCAFFREY, JR. (S.B. #192114)
NATASHA CHESLER (S.B. #227540)
THE LAW OFFICES OF TIMOTHY B. McCAFFREY, JR.
A Professional Corporation
11377 West Olympic Boulevard, Suite 500
Los Angeles, California 90064-1683
Telephone: (310) 882-6407
Facsimile: (310) 882-6359

Attorneys for Plaintiff
Miguel de la Cueva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DE LA CUEVA, individually and on behalf of other persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALTA DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company; ALTA-DENA CERTIFIED DAIRY, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. CV12-01804 GHK (CWx)<br><br>**DECLARATION OF NATASHA CHESLER IN SUPPORT OF JOINT STIPULATION RE: ALTA-DENA CERTIFIED DAIRY, LLC'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND TO COMPEL PLAINTIFF TO PROVIDE DISCOVERY RESPONSES CONCERNING DAMAGES**<br><br>Hearing Date:      December 4, 2012<br>Time:                   10:00 a.m.<br>Courtroom:         640<br><br>Motion For Class Cert: January 18, 2013<br>Discovery Cut-Off:     August 6, 2013<br>Pre-Trial Conference:  TBD<br>Trial Date:                 TBD |

# DECLARATION OF NATASHA CHESLER

I, Natasha Chesler, declare as follows:

1.     I am an attorney of record for plaintiff Miguel de la Cueva ("Plaintiff" or "Mr. de la Cueva").  If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2.     Plaintiff Miguel de la Cueva ("Plaintiff") brings the instant action against his former employer Alta Dena Certified Dairy, LLC ("Defendant") alleging individual claims for disability discrimination and failure to accommodate and class action claims on behalf of current and former employees for wage and hour violations stemming from Defendant's failure to provide meal and rest breaks.

3.     Defendant's motion is one that should never have been filed for at least two fundamental reasons.  First, there is no justifiable legal basis for a blanket sealing provision here.  And it is Defendant's burden to show that particular documents warrant protection for a specific reason.  Yet, after many months, Defendant has still refused to explain the basis for designating a single document "confidential" – let alone the 3,500+ alleged "confidential" documents it has designated (*i.e.* sealing necessary to protect trade secret, proprietary confidential information, etc.).  Defendant simply says in general terms without analysis that a broad sweeping protective order is appropriate.

4.     Moreover, Plaintiff has proposed a workable solution by allowing the parties to redact personal/customer/supplier information (none of which Plaintiff believes has been produced) and allowing the parties seek leave to file under seal any particular document if redacting is not possible.  Defendant, however, has rejected this request and plowed forward with this motion in a desperate effort to obscure its discovery abuses – which are the subject of a separate motion filed by Plaintiff.  As further explained herein, Defendant misrepresents the case-law and fails to engage in the required analysis necessary to carry its burden for a blanket sealing provision.

5.     Second, Plaintiff has agreed to supplement seasonably its interrogatory responses regarding his damages, including after it has information from Defendant that he needs to make more detailed computations (*i.e.* Plaintiff's payroll records, time-cards, driving logs, benefits, etc.)  Plaintiff is not predicating his response on the sufficiency of Defendant's responses.  Plaintiff has answered the best he can given the information currently available to him.  Defendant just happens to hold the information Plaintiff needs to provide a more detailed response.  Defendant has already agreed to provide it.  When it comes, Plaintiff will supplement.  Defendant's motion is unnecessary, without merit, and warranting sanctions of at least $750.

6.     Defendant's request for a blanket sealing provision is overbroad without good cause, creates too much potential for abuse, and can be handled through redactions, if necessary.  But Defendant's internal policies and procedures do not warrant sealing.  Indeed, the vast majority of the 3,500+ confidential designations include generic documents such as Defendant's employee handbook, or Plaintiff's time records, or already redacted written warnings of other employees.  These documents obviously do not contain any information demonstrating either "good cause" or a "compelling reason" for sealing.[1]

7.     Likewise, Defendant's other concerns are speculative and warrant little discussion.  Indeed, Defendant has yet to identify a specific, particularized document with sensitive financial or personal information or customer or supplier information on it.  Thus, Defendant is really doing nothing more than speculating and creating work at this juncture.

---

[1] Defendant also has not described its efforts to protect any "secret" or "confidential" information – *i.e.*, nothing to show that it does anything – let alone taken reasonable steps – to maintain this information as secret or proprietary.  *See* Cal. Civ. Code § 3426.1(d).

DECLARATION OF NATASHA CHESLER IN SUPPORT OF JOINT STIPULATION RE: ALTA-DENA CERTIFIED DAIRY, LLC'S MOTION FOR ENTRY OF PROTECTIVE ORDER AND TO COMPEL PLAINTIFF TO PROVIDE DISCOVERY RESPONSES CONCERNING DAMAGES

1    8.    Our other concern with Defendant's proposed protective order is that

2    Defendant is clearly "over designating" documents as confidential. For example,

3    Defendant initially designated 5,800 documents "confidential." Then it withdrew at

4    least 2,000 designations – but still 3,500+ remain. Yet, it still will not explain the basis

5    for these designations, instead forcing Plaintiff to respond to this motion.

6    9.    In addition, at the start of the deposition of Plantiff's supervisor, defense

7    counsel requested that the entire transcript be designated as confidential. This was

8    before a single question had even been asked. This too is inappropriate.

9    10.    Furthermore, if and when Defendant comes upon a document that actually

10   contains information that warrants sealing, there is a much more narrowly tailored way

11   to deal with these alleged "concerns" and protect the strong public policy in favor of

12   disclosure. For example, Plaintiff proposed that the parties could redact customer and

13   supplier names and any personal identifying information. Plaintiff's proposal is

14   perfectly reasonable. Yet, Defendant inexplicably rejected this request instead forcing

15   a response to this motion. (Our meet and confer correspondence is attached in part to

16   Defendant's supporting declaration. Attached hereto as Exhibits A, B, and C are the

17   continuing discussions after Plaintiff received Defendant's proposed joint stipulation.)

18   11.    There simply is no basis to agree to a blanket protective order that

19   requires the sealing of 3,500 plus pages of documents – with still more to come –

20   under the circumstances. This is not a patent infringement case, or pharmaceutical

21   litigation, or any other type of action where highly secret confidential information is

22   being produced. Plaintiff alleges disability discrimination and failure to accommodate,

23   and on behalf of a class of truck drivers that they were deprived meal and rest breaks.

24   Defendant cannot legitimately designate and burden the Court and parties with

25   administrative motions over the propriety of designations over thousands of pages of

26

27

28

1    documents.  At a minimum, the law requires a particularized showing --- Defendant
2    has woefully failed to meet its burden.[2]

3         12.    Defendant's motion as to the Initial Disclosures and Special Interrogatory
4    Number 13 further demonstrates its bad-faith.  Plaintiff has agreed to supplement this
5    response (and others) concerning damages once Defendant produces Plaintiff's payroll
6    records, time cards, and driver logs.  This information will obviously allow plaintiff to
7    be more precise with his damages calculation with respect to his wage and hour claims:

8         13.    This is not Plaintiff conditioning his response on the sufficiency of
9    Defendant's responses (such as in the cases Defendant cites).  Plaintiff has already
10   provided a response to this and other interrogatories.  Defendant wants more details,
11   including how many meal breaks have been missed, what is the value of Plaintiff's
12   benefits, etc.  To answer this question in more detail, Plaintiff needs his paystubs, time
13   records, driver logs, and benefit information.  Plaintiff does not yet have these
14   documents but apparently they are coming from Defendant by the end of the month.
15   (Notably, these are essentially records Defendant is required to provide upon request
16   per statute within 21 days – even if no litigation exists.  *See*, *e.g.,* Cal. Lab. Code
17   § 226(b)-(c).  And these are documents that should have been produced as part of the
18   Rule 26 process in June or in response to Plaintiff's document requests in July.)

19        14.    Regardless, Plaintiff has agreed to supplement this response when
20   Plaintiff receives the necessary information – *i.e.*, time cards, payroll records, driver's
21   logs – and has a chance to digest it.  Defendant claims the production will be complete
22   by November 30, 2012.  This means that Plaintiff will supplement his response within
23
24   _____

25   [2] Defendant claims that Plaintiff's counsel used its size as an argument against the sealing
requirement.  This simply is not true.  Defendant then takes this falsehood further to claim we
26   are not adequate class counsel.  Defendant is grasping at straws.  Not only has Plaintiff's
counsel handled multiple other class actions in their collective 25 plus years of experience,
27   but this issue is simply not before the Court.
28

1 a reasonable time thereafter (*i.e.,* two weeks). There simply is no need for a motion to
2 compel on this interrogatory or his initial disclosures.

3     15. Plaintiff further explained that Plaintiff has not yet treated with anyone
4 regarding his emotional distress, and, thus lacks a diagnosis at this time. Plaintiff,
5 however, has agreed to provide a supplemental response explaining this. Given that
6 these amounts also are a function of economic damages, Plaintiff explained that he
7 would have to perform his economic damages calculation first, and, thus would
8 provide a supplemental response as to both simultaneously.

9     16. In sum, there is no reason to compel anything. Plaintiff has agreed to
10 supplement. He merely needs some information to do so, which Defendant claims will
11 all be provided in a few weeks. Defendant and its counsel should be sanctioned in the
12 amount of $750 for wasting the Court's and Plaintiff's resources on this frivolous
13 motion.

14     17. My hourly rate is $425 per hour. My co-counsel, Timothy B. McCaffrey,
15 Jr.'s hourly rate is $525 per hour. Our respective backgrounds below support the
16 reasonableness of our rates. We request $750 as sanctions – even though opposing this
17 motion took significantly longer – as a small token to curb premature and unnecessary
18 discovery motions and as a recompense for our time.

19     18. Mr. McCaffrey received his undergraduate degree from the University of
20 Pennsylvania and graduated cum laude and Order of the Coif at Loyola Law School in
21 Los Angeles in 1997. He also had the distinction of serving as Editor of the Loyola
22 Law Review. Upon graduation, he joined the firm of O'Melveny & Myers
23 ("O'Melveny") as an associate in the labor and employment litigation department
24 where I remained until 2005. Since that time, he has run my own practice, with a
25 focus on labor and employment litigation. He handles employment matters for both
26 plaintiffs and management, has handled several trials, and over 15 arbitrations. At the
27 time of his departure from O'Melveny (in 2005), his hourly rate was nearly $500. (In

28

1  addition, in 2008, he was awarded attorneys' fees in a class action settlement,

2  (*Geerhart v. California Insurance Guarantee Assoc.*, Los Angeles County Sup. Ct

3  Case No. BC357078 (2007) approved by the court at a rate of $400 per hour.)

4      19.    I graduated from the University of Southern California with a Bachelor of

5  Fine Arts degree in Writing in 1998. I received my Juris Doctor from Loyola Law

6  School in 2003, and was admitted to the California State Bar that year. I graduated

7  with honors and was also a member of the law review. Upon graduation from law

8  school, I joined the firm of O'Melveny & Myers ("O'Melveny") as an associate in the

9  labor and employment litigation department where I remained until 2005. Thereafter, I

10 continued in my own private practice specializing in labor and employment matters. I

11 began working with Mr. McCaffrey, after he began his own practice, in 2008, where

12 we handle primarily employment litigation for both plaintiff employees and defendant

13 employers.

14     20.    At the time of my departure from O'Melveny, my hourly rate was in

15 excess of $350. In 2006, as a third year attorney, I was awarded attorneys fees in a

16 single plaintiff case (*Reid v. Sky Las Vegas Condominiums, Inc.*, United States Dist.

17 Ct., C.D. Cal., Case No. CV-05-3283-R(CTx)) approved by the court at a requested

18 rate of $250 per hour. Also in 2008, as a fifth year attorney, I was awarded attorneys'

19 fees in a class action employment wage and hour settlement, (*Mayer v. Ameriquest*

20 *Mortgage Company*, Orange County Sup. Ct. Case No. 05CC00027) approved by the

21 court at a requested rate of $275 per hour. I am informed and believe that the rates we

22 have noted above are reasonable and competitive to our peers in the market.

23     I declare under penalty of perjury under the laws of the State of California, and

24 the United States of America, that the foregoing is true and correct.

25     Executed November 12, 2012, at Los Angeles, California.

26

27           Natasha Chesler

28

**Exhibit A**

**Monday, November 12, 2012 2:10 PM**

**Subject: Re: De La Cueva: Joint Stipulation Re Protective Order and Discovery Concerning Damages**
**Date:** Thursday, November 8, 2012 5:15 PM
**From:** Natasha Chesler <nchesler@tbmlaw.net>
**To:** Amanda Bonn <abonn@SusmanGodfrey.com>
**Cc:** Tim McCaffrey <tmccaffrey@tbmlaw.net>, "Steven G. Sklaver" <ssklaver@SusmanGodfrey.com>, Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>, "Alisha R. Chandler" <achandler@susmangodfrey.com>

Counsel,

I write concerning Defendant's motion for a protective order.  I am disappointed to see that your motion alleges I said things that are simply not true.  As explained in my written correspondence, and during the in person meet and confer with Amanda, Plaintiff's concern is that the provision requiring the Court to deal with a motion for leave to file under seal all documents designated as "confidential" is overly burdensome  and without any legal justification.  Indeed, Defendant has already clearly shown its propensity to over designate documents.  And in its own motion Defendant has now undesignated thousands of pages of documents.  Despite withdrawing at least 2,000 designations, still many remain marked confidential that simply are not "confidential," i.e., proprietary or trade secret information (such as Plaintiff's paystubs and write ups).  Indeed,  Defendant has failed to identify – either in meet and confer or in its motion – what exactly is so sensitive about these documents that requires being filed under seal.  When asked to  identify any document that required such a designation, Amanda flatly refused, and said that she didn't have to.  And your motion now claims that this request misses the point of a seal provision.  Not so.  I encountered the same issue with Kalpana at the deposition yesterday, wherein she requested that the entire deposition be marked confidential and subject to the sealing provision before we even began.  This is inappropriate.  *See Pyro Spectaculars N., Inc. v. Souza*, 2012 U.S. Dist. LEXIS 31016 at *5-6 (E.D. Cal. 2012) ("[I]t is improper to simply designate all excerpts of a deposition and exhibits for sealing without limiting the scope to specific pages and exhibits containing trade secret and proprietary information.  This resulted in significant waste of the court's time and resources.  The parties are hereby put on notice that any future requests to file documents under seal shall specifically and narrowly limit the exact pages and documents proposed to be sealed."); *see also* Fed. Civ. Prc. Before Trial, Calif., Ch. 11:1090.1 (The Rutter Group 2012) ("Blanket sealing orders are inherently problematic because until the court knows what type of document contains the confidential information, it cannot determine what legal standard to apply in deciding whether sealing would be improper. Therefore, it is best to decide the sealing issue on a document-by-document basis.")

We have yet to see a document that constitutes trade secret or proprietary information in the production.  If you feel otherwise, I ask yet again that you please identify it and explain the basis for your position.  We will be happy to discuss.  At this point, it appears that you are still attempting to designate employee handbooks and sample forms containing generic

*Exhibit  A-1, Page 7*

information regarding HR policies and similar items as "confidential." This is absurd. These are documents that are distributed to employees upon hire and throughout employment. Such things are not confidential or proprietary -- and certainly these documents do not warrant the burden to the parties or the Court of asking for leave to have them filed under seal. *See Pyro Spectaculars N., Inc.*, 2012 U.S. Dist. LEXIS 31016 at *5. If you have authority to the contrary, please provide it.

We urge you to consider the foregoing as soon as possible. It will take us a considerable amount of time to appropriately respond to your motion given the thousands of documents you have marked confidential without explanation. As I explained to Amanda, we are willing to include a provision in the protective order requiring the parties to either redact any personal contact information, social security numbers, other personal information, customer names, and sales data, or to file it under seal if redacting is not possible. Indeed, the Local Rules already address much of these issues as they do not even allow the parties to file such sensitive information (this too was explained to Amanda). Please consider the foregoing so that we do not have to waste any more time on this issue. We are willing to meet and confer regarding any specific documents that you identify as needing to be filed under seal. Please let us know if you wish to do so. If not and you continue in what we believe to be a legally unsound, frivolous, and untruthful filing, we will oppose it appropriately and seek sanctions pursuant to Rule 11.

Should you wish to discuss this further, please do not hesitate to call.

- Natasha


On 11/5/12 7:13 PM, "Amanda Bonn" <abonn@SusmanGodfrey.com> wrote:

Counsel,
Attached please find Alta-Dena's joint stipulation for entry of a protective order and to compel discovery responses concerning damages, the supporting Bonn Declaration, and Exhibits.

In addition, I write to inform Plaintiff that Alta-Dena removes the Confidential designation on the documents it has produced bearing Bates numbers ADCD0000001-935, ADCD0000938-940, ADCD0001054-59, ADCD0001251, ADCD0001259-1262, ADCD0001271, ADCD0001274, ADCD0001280-1283, ADCD0001327-1328, ADCD0001330, ADCD0001338, ADCD0001519-1534, and ADCD0001839-3109. Replacement tiff images will be mailed tomorrow.

Page 2 of 3

Exhibit A - 2, page 8

Please provide any response to the attached materials to my co-counsel Kalpana Srinivasan or Steven Sklaver.  I will be unavailable until November 19.

Regards,

Amanda Bonn | Susman Godfrey LLP
1901 Ave. of the Stars, Suite 950 | Los Angeles, CA 90067
(T) 310-789-3131 | (M) 408-832-5193 abonn@susmangodfrey.com
<mailto:408-832-5193abonn@susmangodfrey.com>

**Exhibit B**

**Subject: Re: De La Cueva: Joint Stipulation Re Protective Order and Discovery Concerning Damages**
**Date:** Friday, November 9, 2012 3:46 PM
**From:** Natasha Chesler <nchesler@tbmlaw.net>
**To:** "Steven G. Sklaver" <ssklaver@SusmanGodfrey.com>, Amanda Bonn <abonn@SusmanGodfrey.com>
**Cc:** Tim McCaffrey <tmccaffrey@tbmlaw.net>, Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>, "Alisha R. Chandler" <achandler@susmangodfrey.com>

Steven, Thank you for your email. Per the authority I provided, it is not our burden to determine the basis for protection of documents. Defendant's motion improperly seeks to have documents filed under seal without any specific reason. (Nor do you cite the proper standard for analysis in your motion.) Moreover, your designations largely include employee handbooks, which again per the authority I sent are not appropriate to have filed under seal. Given that our response to your motion is due on Monday, your offer to meet and confer next week on the over 2,000 documents you have designated as confidential is unworkable. We will, thus, oppose your motion accordingly. (If, however, you wish to continue the timing of your motion so that we may try and reach a cooperative resolution, then please let us know immediately so that I do not waste time drafting our opposing statement.)

Regarding the extension of class certification, our proposal was that all class cert briefing dates of course would move commensurately. Defendant already agreed to a two week extension, so I'm not sure what your offer now entails. The Court already decided the length of time that was appropriate for Defendant to oppose class cert. Nor do we see any change in circumstances that would warrant changing it. If you feel otherwise, please provide your basis.

Finally, we have been asking repeatedly for status of the document production since we have PMK depositions scheduled next week. We cannot proceed with those without a complete document production. Please let us know. Thank you.

On 11/9/12 4:29 PM, "Steven G. Sklaver" <ssklaver@SusmanGodfrey.com> wrote:

Natasha:

We disagree with your 2 emails sent yesterday, including the uncivil Rule 11 threat.

As you see in our proposed discovery motion regarding the protective order, we are happy to meet and confer regarding documents you think should not be designated as confidential. Send us the bates numbers at issue, and we'll review. I think, however, given the below, that you are objecting to all designations? Either way, let's set a time to meet and walk through them one by one to see where we can reach agreements. Let me know some dates/times that work next week. How

Exhibit B-1, Page 10

about Monday @ 1 pm?  If easier, I can come to your office if you can have the documents there and we'll march through them (or vice versa is fine, come here and we'll have docs).  For any documents that we can't ultimately agree upon, you can file a motion with the court to have the documents de-designated, which is the procedure in the PO.

I would think most of this is irrelevant at the end of the day anyway – you won't file all documents produced in the case, so maybe it would be more practical to discuss de-designation closer to the time that you have a sense of the documents that you actually plan to file so we have a real set to discuss.  But that's up to you. Happy to tackle it all now too.

As for your other email re a 60 day class certification extension, we will discuss with our client and get back to you though you will see our position on plaintiff's pace of discovery, ESI issues, etc in our portion responding to plaintiff's motion to compel.

If you are seeking more time to file the opening motion, it seems only fair that we should have more time to file our opposition, and we can discuss a proposal when we meet.

We do not, however, oppose a 2 week extension to accommodate your 2 week absence due to surgery.  We even offer such an extension in the face of your Rule 11 threats.

Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Email:  ssklaver@susmangodfrey.com  <mailto:ssklaver@susmangodfrey.com %20>
Direct: 310-789-3123
Fax:  310-789-3150
Web Bio <http://www.susmangodfrey.com/Attorneys/Steven-G-Sklaver/#Pane1>

**From:** Natasha Chesler [mailto:nchesler@tbmlaw.net]
**Sent:** Thursday, November 08, 2012 4:15 PM
**To:** Amanda Bonn
**Cc:** Tim McCaffrey; Steven G. Sklaver; Kalpana Srinivasan; Alisha R. Chandler
**Subject:** Re: De La Cueva: Joint Stipulation Re Protective Order and Discovery Concerning

Exhibit B-2, Page 11

Damages

Counsel,

I write concerning Defendant's motion for a protective order.  I am disappointed to see that your motion alleges I said things that are simply not true.  As explained in my written correspondence, and during the in person meet and confer with Amanda, Plaintiff's concern is that the provision requiring the Court to deal with a motion for leave to file under seal all documents designated as "confidential" is overly burdensome  and without any legal justification.  Indeed, Defendant has already clearly shown its propensity to over designate documents.  And in its own motion Defendant has now undesignated thousands of pages of documents.  Despite withdrawing at least 2,000 designations, still many remain marked confidential that simply are not "confidential," i.e., proprietary or trade secret information (such as Plaintiff's paystubs and write ups).  Indeed,  Defendant has failed to identify – either in meet and confer or in its motion – what exactly is so sensitive about these documents that requires being filed under seal.  When asked to  identify any document that required such a designation, Amanda flatly refused, and said that she didn't have to.  And your motion now claims that this request misses the point of a seal provision.  Not so.  I encountered the same issue with Kalpana at the deposition yesterday, wherein she requested that the entire deposition be marked confidential and subject to the sealing provision before we even began.  This is inappropriate. *See Pyro Spectaculars N., Inc. v. Souza*, 2012 U.S. Dist. LEXIS 31016 at *5-6 (E.D. Cal. 2012) ("[I]t is improper to simply designate all excerpts of a deposition and exhibits for sealing without limiting the scope to specific pages and exhibits containing trade secret and proprietary information.  This resulted in significant waste of the court's time and resources.  The parties are hereby put on notice that any future requests to file documents under seal shall specifically and narrowly limit the exact pages and documents proposed to be sealed."); *see also* Fed. Civ. Prc. Before Trial, Calif., Ch. 11:1090.1 (The Rutter Group 2012) ("Blanket sealing orders are inherently problematic because until the court knows what type of document contains the confidential information, it cannot determine what legal standard to apply in deciding whether sealing would be improper. Therefore, it is best to decide the sealing issue on a document-by-document basis.")

We have yet to see a document that constitutes trade secret or proprietary information in the production.  If you feel otherwise, I ask yet again that you please identify it and explain the basis for your position.  We will be happy to discuss.  At

this point, it appears that you are still attempting to designate employee handbooks and sample forms containing generic information regarding HR policies and similar items as "confidential." This is absurd. These are documents that are distributed to employees upon hire and throughout employment. Such things are not confidential or proprietary -- and certainly these documents do not warrant the burden to the parties or the Court of asking for leave to have them filed under seal. *See Pyro Spectaculars N., Inc.*, 2012 U.S. Dist. LEXIS 31016 at *5. If you have authority to the contrary, please provide it.

We urge you to consider the foregoing as soon as possible. It will take us a considerable amount of time to appropriately respond to your motion given the thousands of documents you have marked confidential without explanation. As I explained to Amanda, we are willing to include a provision in the protective order requiring the parties to either redact any personal contact information, social security numbers, other personal information, customer names, and sales data, or to file it under seal if redacting is not possible. Indeed, the Local Rules already address much of these issues as they do not even allow the parties to file such sensitive information (this too was explained to Amanda). Please consider the foregoing so that we do not have to waste any more time on this issue. We are willing to meet and confer regarding any specific documents that you identify as needing to be filed under seal. Please let us know if you wish to do so. If not and you continue in what we believe to be a legally unsound, frivolous, and untruthful filing, we will oppose it appropriately and seek sanctions pursuant to Rule 11.

Should you wish to discuss this further, please do not hesitate to call.

- Natasha

On 11/5/12 7:13 PM, "Amanda Bonn" <abonn@SusmanGodfrey.com <abonn@SusmanGodfrey.com> > wrote:
Counsel,
Attached please find Alta-Dena's joint stipulation for entry of a protective order and to compel discovery responses concerning damages, the supporting Bonn Declaration, and Exhibits.

In addition, I write to inform Plaintiff that Alta-Dena removes the Confidential designation on the documents it has produced bearing Bates numbers ADCD0000001-935, ADCD0000938-940, ADCD0001054-59, ADCD0001251,

Exhibit B-4, Page 13

ADCD0001259-1262, ADCD0001271, ADCD0001274, ADCD0001280-1283, ADCD0001327-1328, ADCD0001330, ADCD0001338, ADCD0001519-1534, and ADCD0001839-3109.  Replacement tiff images will be mailed tomorrow.

Please provide any response to the attached materials to my co-counsel Kalpana Srinivasan or Steven Sklaver.  I will be unavailable until November 19.

Regards,

Amanda Bonn | Susman Godfrey LLP
1901 Ave. of the Stars, Suite 950 | Los Angeles, CA 90067
(T) 310-789-3131 | (M) 408-832-5193 abonn@susmangodfrey.com
<abonn@susmangodfrey.com>  <mailto:
408-832-5193abonn@susmangodfrey.com <mailto:
408-832-5193abonn@susmangodfrey.com> >

Exhibit B - 5, Page 14

**Exhibit C**

Monday, November 12, 2012 2:11 PM

**Subject: Re: De La Cueva: Joint Stipulation Re Protective Order and Discovery Concerning Damages**
**Date:** Friday, November 9, 2012 5:30 PM
**From:** Natasha Chesler <nchesler@tbmlaw.net>
**To:** "Steven G. Sklaver" <ssklaver@SusmanGodfrey.com>, Tim McCaffrey <tmccaffrey@tbmlaw.net>
**Cc:** Amanda Bonn <abonn@SusmanGodfrey.com>, Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>, "Alisha R. Chandler" <achandler@susmangodfrey.com>

Did you read the case and Rutter – your "plain vanilla" sealing provision has been held inappropriate.  Again, if we meet and confer, then you need to move the filing of your motion so that we can do so, otherwise we have to file our opposition on Monday.  We are flexible to conducting it either way.  Just please let me know.

I have repeatedly explained that the ESI search has nothing to do with producing Plaintiff's personnel information – many of which we are still missing (and some were just produced last week, such as his time records).  Nor does ESI relieve Defendant of its obligation to produce specific responsive documents to the requests.  I apologize for the delay in agreeing upon ESI search terms and the protective order, but they are simply no basis to delay your responsive document production.  Nor do they explain why we still are lacking basic logs and forms for the Plaintiff.

Finally, your opposition to our motion indicates that Defendant is moving forward with an opt-out letter on its own.  This is inappropriate.  We have not seen any proposed letter or been notified as to the company handling the process.  Please immediately send a copy for our review and let us know exactly what steps have already been taken.  Thank you.


On 11/9/12 6:09 PM, "Steven G. Sklaver" <ssklaver@SusmanGodfrey.com> wrote:

> All our motion seeks is a plain-vanilla protective order to govern discovery designated as confidential -- whether through no objections by the parties or through a court order via discovery motion practice if there's a dispute.  I don't see why meeting to address the designation dispute you flag has any bearing on having a PO in place.  So, you should oppose, I guess, if that's your view.  Regardless, the offer to meet to march through the documents stands.  Let me if you want a different day/time.
>
> On class certification, we think that if plaintiff wants an additional 8 weeks to file an opening motion, we should get an additional 1 week to file an opposition.  Seems more than reasonable.  But if you oppose, then ok; I will let my client know your views.

Exhibit C-1, Page 15

Document production won't be complete by next week.  We sure wish you had responded to our ESI requests back in July.  We will get you some new dates for Ms. Correa.

Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Email:  ssklaver@susmangodfrey.com  <mailto:ssklaver@susmangodfrey.com %20>
Direct: 310-789-3123
Fax:  310-789-3150
Web Bio <http://www.susmangodfrey.com/Attorneys/Steven-G-Sklaver/#Pane1>

> **From:** Natasha Chesler <nchesler@tbmlaw.net>
> **Date:** November 9, 2012, 5:46:57 PM EST
> **To:** "Steven G. Sklaver" <ssklaver@SusmanGodfrey.com>, Amanda Bonn <abonn@SusmanGodfrey.com>
> **Cc:** Tim McCaffrey <tmccaffrey@tbmlaw.net>, Kalpana Srinivasan <ksrinivasan@SusmanGodfrey.com>, "Alisha R. Chandler" <achandler@susmangodfrey.com>
> **Subject: Re: De La Cueva: Joint Stipulation Re Protective Order and Discovery Concerning Damages**

Steven, Thank you for your email.  Per the authority I provided, it is not our burden to determine the basis for protection of documents.  Defendant's motion improperly seeks to have documents filed under seal without any specific reason.  (Nor do you cite the proper standard for analysis in your motion.)  Moreover, your designations largely include employee handbooks, which again per the authority I sent are not appropriate to have filed under seal.  Given that our response to your motion is due on Monday, your offer to meet and confer next week on the over 2,000 documents you have designated as confidential is unworkable.  We will, thus, oppose your motion accordingly.  (If, however, you wish to continue the timing of your motion so that we may try and reach a cooperative resolution, then please let us know immediately so that I do not waste time drafting our opposing statement.)

Regarding the extension of class certification, our proposal was that all class cert briefing dates of course would move commensurately.

Exhibit C-2, page 16

Defendant already agreed to a two week extension, so I'm not sure what your offer now entails. The Court already decided the length of time that was appropriate for Defendant to oppose class cert. Nor do we see any change in circumstances that would warrant changing it. If you feel otherwise, please provide your basis.

Finally, we have been asking repeatedly for status of the document production since we have PMK depositions scheduled next week. We cannot proceed with those without a complete document production. Please let us know. Thank you.


On 11/9/12 4:29 PM, "Steven G. Sklaver" <ssklaver@SusmanGodfrey.com> wrote:
Natasha:

We disagree with your 2 emails sent yesterday, including the uncivil Rule 11 threat.

As you see in our proposed discovery motion regarding the protective order, we are happy to meet and confer regarding documents you think should not be designated as confidential. Send us the bates numbers at issue, and we'll review. I think, however, given the below, that you are objecting to all designations? Either way, let's set a time to meet and walk through them one by one to see where we can reach agreements. Let me know some dates/times that work next week. How about Monday @ 1 pm? If easier, I can come to your office if you can have the documents there and we'll march through them (or vice versa is fine, come here and we'll have docs). For any documents that we can't ultimately agree upon, you can file a motion with the court to have the documents de-designated, which is the procedure in the PO.

I would think most of this is irrelevant at the end of the day anyway – you won't file all documents produced in the case, so maybe it would be more practical to discuss de-designation closer to the time that you have a sense of the documents that you actually plan to file so we have a real set to discuss. But that's up to you. Happy to tackle it all now too.

As for your other email re a 60 day class certification extension, we will

discuss with our client and get back to you though you will see our position on plaintiff's pace of discovery, ESI issues, etc in our portion responding to plaintiff's motion to compel.

If you are seeking more time to file the opening motion, it seems only fair that we should have more time to file our opposition, and we can discuss a proposal when we meet.

We do not, however, oppose a 2 week extension to accommodate your 2 week absence due to surgery.  We even offer such an extension in the face of your Rule 11 threats.

Steven G. Sklaver
**SUSMAN GODFREY L.L.P.**
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Email:  ssklaver@susmangodfrey.com
<mailto:ssklaver@susmangodfrey.com %20>
Direct: 310-789-3123
Fax:  310-789-3150
Web Bio <http://www.susmangodfrey.com/Attorneys/Steven-G-Sklaver/#Pane1>

**From:** Natasha Chesler [mailto:nchesler@tbmlaw.net]
**Sent:** Thursday, November 08, 2012 4:15 PM
**To:** Amanda Bonn
**Cc:** Tim McCaffrey; Steven G. Sklaver; Kalpana Srinivasan; Alisha R. Chandler
**Subject:** Re: De La Cueva: Joint Stipulation Re Protective Order and Discovery Concerning Damages

Counsel,

I write concerning Defendant's motion for a protective order.  I am disappointed to see that your motion alleges I said things that are simply not true.  As explained in my written correspondence, and during the in person meet and confer with Amanda, Plaintiff's concern is that the provision requiring the Court to deal with a motion for leave to file under seal all documents designated as "confidential" is overly burdensome  and without any legal justification.  Indeed, Defendant has already clearly shown its propensity to over designate documents.  And in its own motion Defendant has now undesignated thousands of pages

of documents.  Despite withdrawing at least 2,000 designations, still many remain marked confidential that simply are not "confidential," i.e., proprietary or trade secret information (such as Plaintiff's paystubs and write ups).  Indeed,  Defendant has failed to identify – either in meet and confer or in its motion – what exactly is so sensitive about these documents that requires being filed under seal.  When asked to  identify any document that required such a designation, Amanda flatly refused, and said that she didn't have to.  And your motion now claims that this request misses the point of a seal provision.  Not so.  I encountered the same issue with Kalpana at the deposition yesterday, wherein she requested that the entire deposition be marked confidential and subject to the sealing provision before we even began.  This is inappropriate.  *See Pyro Spectaculars N., Inc. v. Souza*, 2012 U.S. Dist. LEXIS 31016 at *5-6 (E.D. Cal. 2012) ("[I]t is improper to simply designate all excerpts of a deposition and exhibits for sealing without limiting the scope to specific pages and exhibits containing trade secret and proprietary information.  This resulted in significant waste of the court's time and resources.  The parties are hereby put on notice that any future requests to file documents under seal shall specifically and narrowly limit the exact pages and documents proposed to be sealed."); *see also* Fed. Civ. Prc. Before Trial, Calif., Ch. 11:1090.1 (The Rutter Group 2012) ("Blanket sealing orders are inherently problematic because until the court knows what type of document contains the confidential information, it cannot determine what legal standard to apply in deciding whether sealing would be improper. Therefore, it is best to decide the sealing issue on a document-by-document basis.")

We have yet to see a document that constitutes trade secret or proprietary information in the production.  If you feel otherwise, I ask yet again that you please identify it and explain the basis for your position.  We will be happy to discuss.  At this point, it appears that you are still attempting to designate employee handbooks and sample forms containing generic information regarding HR policies and similar items as "confidential."  This is absurd.  These are documents that are distributed to employees upon hire and throughout employment.  Such things are not confidential or proprietary -- and certainly these documents do not warrant the burden to the parties or the Court of asking for leave to have them filed under seal.  *See Pyro Spectaculars N., Inc.*, 2012 U.S. Dist. LEXIS 31016 at *5.  If you have authority to the

Exhibit C-5, Page 19

contrary, please provide it.

We urge you to consider the foregoing as soon as possible.  It will take us a considerable amount of time to appropriately respond to your motion given the thousands of documents you have marked confidential without explanation.  As I explained to Amanda, we are willing to include a provision in the protective order requiring the parties to either redact any personal contact information, social security numbers, other personal information, customer names, and sales data, or to file it under seal if redacting is not possible.  Indeed, the Local Rules already address much of these issues as they do not even allow the parties to file such sensitive information (this too was explained to Amanda).  Please consider the foregoing so that we do not have to waste any more time on this issue.  We are willing to meet and confer regarding  any specific documents that you identify as needing to be filed under seal.  Please let us know if you wish to do so.  If not and you continue in what we believe to be a legally unsound, frivolous, and untruthful filing, we will oppose it appropriately and seek sanctions pursuant to Rule 11.

Should you wish to discuss this further, please do not hesitate to call.

- Natasha


On 11/5/12 7:13 PM, "Amanda Bonn" <abonn@SusmanGodfrey.com
<abonn@SusmanGodfrey.com> > wrote:
Counsel,
Attached please find Alta-Dena's joint stipulation for entry of a protective order and to compel discovery responses concerning damages, the supporting Bonn Declaration, and Exhibits.

In addition, I write to inform Plaintiff that Alta-Dena removes the Confidential designation on the documents it has produced bearing Bates numbers ADCD0000001-935, ADCD0000938-940, ADCD0001054-59, ADCD0001251, ADCD0001259-1262, ADCD0001271, ADCD0001274, ADCD0001280-1283, ADCD0001327-1328, ADCD0001330, ADCD0001338, ADCD0001519-1534, and ADCD0001839-3109.  Replacement tiff images will be mailed tomorrow.

Exhibit C-6, Pg. 20

Please provide any response to the attached materials to my co-counsel Kalpana Srinivasan or Steven Sklaver.  I will be unavailable until November 19.

Regards,

Amanda Bonn | Susman Godfrey LLP
1901 Ave. of the Stars, Suite 950 | Los Angeles, CA 90067
(T) 310-789-3131 | (M) 408-832-5193
abonn@susmangodfrey.com <abonn@susmangodfrey.com>
<mailto:408-832-5193abonn@susmangodfrey.com <mailto:
408-832-5193abonn@susmangodfrey.com> >

Exhibit C-7, Page 21