1  TIMOTHY B. McCAFFREY, JR. (S.B. #192114)
   NATASHA CHESLER (S.B. #227540)
2  THE LAW OFFICES OF TIMOTHY B. McCAFFREY, JR.
   A Professional Corporation
3  11377 West Olympic Boulevard, Suite 500
   Los Angeles, California 90064-1683
4  Telephone: (310) 882-6407
   Facsimile: (310) 882-6359
5
   Attorneys for Plaintiff
6  Miguel de la Cueva

7

8                    UNITED STATES DISTRICT COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10

11 MIGUEL DE LA CUEVA, individually      CASE NO. CV12-01804 GHK (CWx)
   and on behalf of other persons similarly
12 situated,

13                Plaintiff,             JOINT STIPULATION RE:
                                         PLAINTIFF'S MOTION TO
14       vs.                             COMPEL FURTHER RESPONSES
                                         TO REQUESTS FOR
15 ALTA DENA CERTIFIED DAIRY,            PRODUCTION AND SPECIAL
   LLC,                                  INTERROGATORIES
16 a Delaware Limited Liability Company;
   ALTA-DENA CERTIFIED DAIRY,            Hearing Date:    December 4, 2012
17 INC.,                                 Time:            10:00 a.m.
   a Delaware Corporation, and DOES 1    Courtroom:       640
18 through 10, inclusive,

19                Defendants.            Motion For Class Cert:January 18, 2013
                                         Discovery Cut-Off:    August 6, 2013
20                                       Pre-Trial Conference: TBD
                                         Trial Date:           TBD
21

22

23

24

25

26

27

28

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR
PRODUCTION AND SPECIAL INTERROGATORIES

1

## <u>TABLE OF CONTENTS</u>

2                                                                          <u>Page</u>

3

4   I.    PLAINTIFF'S INTRODUCTORY STATEMENT ........................................................1

5   II.   DEFENDANT'S INTRODUCTORY STATEMENT ....................................................4

6   III.  SPECIAL INTERROGATORIES .....................................................................................6

7   IV.   REQUESTS FOR PRODUCTION ...............................................................................17

8   V.    PMK NOTICE.................................................................................................................27

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

## CASES

*3M Co. v. Kanbar*, No. C06-01225, 2007 WL 1794936 (N.D. Cal. June 19, 2007)................29

*Alvarez v. The Hyatt Regency Long Beach*, 2010 U.S. Dist. LEXIS 99281 (C.D. Cal. 2010) ........................................................................................................................8

*Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008 (N.D. Cal. 2011) .........................13, 14

*Bates v United Parcel Service, Inc.*, 511 F.3d 974 (9th Cir. 2007).................................15

*Belaire-West Landscape, Inc. v. Sup. Ct.*, 149 Cal. App. 4th 554 (2007) ........................8

*Blum v. Yaretsky*, 457 U.S. 991 (1982) .................................................................4, 13

*Campbell v. First Investors Corp.*, 2012 U.S. Dist. LEXIS 155549 (S.D. Cal. 2012).......12, 15

*CG Roxanne LLC v. Fiji Water Co.*, No. C07-02258 RMW, 2008 WL 2276403, (N.D. Cal. May 30, 2008)................................................................................5, 29

*Charles v. Nationwide Mut. Ins. Co.*, No. 09 Civ. 94, 2010 WL 7132173, (E.D.N.Y. May 27, 2010)........................................................................................10

*Del Campo v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006) ...................................14

*Delagarza v. Tesoro Ref. & Mktg. Co.*, 2011 U.S. Dist. LEXIS 101127 (N.D. Cal. 2011) .............................................................................................12, 15

*Dilts v. Penske Logistics LLC*, 819 F. Supp. 2d 1109 (S.D. Cal. 2011).............................29

*Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) ...................................................11

*Enriquez v. Interstate Group, LLC*, 2012 U.S. Dist. LEXIS 97729 (N.D. Cal. 2012) .................................................................................................7, 8

*Gulf Oil v. Bernard*, 452 U.S. 89 (1981) .................................................................8

*Haggarty v. Wells Fargo Bank, N.A.*, No. 10-2416 CRB, 2012 WL 4113341 (N.D. Cal. Sept. 18, 2012).......................................................................................30

*In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651 (D. Kan. 1996) .......................30

*JPMorgan Chase Bank ex rel. Mahonia Ltd. v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361, (S.D.N.Y. 2002)................................................................................30

*Khanna v. Inter-Con Sec. Sys.*, 2012 U.S. Dist. LEXIS 137651 (E.D. Cal. 2012) ...........12, 14

*Mancini v. Ins. Corp. of N.Y.*, No. 07cv1750-L, 2009 WL 1765295 (S.D. Cal. 2009)............31

*Mantolete v. Bolger*, 767 F.2d 1416 (9th Cir. 1985) ..................................................9

ii

*McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275 (N.D. Cal.)......................29

*Me. State Ret. Sys. v. Countrywide Fin. Corp.*, No.2:10-CV-0302, 2011 WL 4389689,
    (N.D. Cal. May 5, 2011)..................................................................................................13

*Murphy v. Target Corp.*, 2011 U.S. Dist. LEXIS 74813 (S.D. Cal. 2011) ...........................7, 9

*Palmer v. Stassinos*, 2005 U.S. Dist. LEXIS 41270 (N.D. Cal. 2005).......................................9

*Pioneer Electronics (USA), Inc. v. Sup. Ct.*, 40 Cal. 4th 360 (2007) .........................................8

*Puerto v. Sup. Ct. (Wild Oats Markets, Inc.)*, 158 Cal. App. 4th 1242 (2008) ..............7, 18, 19

*Shurkin v. Golden State Vintners Inc.*, 471 F. Supp. 2d 998 (N.D. Cal. 2006).........................13

*Tierno v. Rite Aid Corp.*, 2008 U.S. Dist. LEXIS 58748 (N.D. Cal. 2008) ...............................7

*Tomassi v. City of Los Angeles*, 2008 U.S. Dist. LEXIS 11676 (C.D. Cal. 2008).................7, 8

*U.S. v. Dist. Council of New York City*, No. 90 CIV 5722, 1992 WL 208284,
    (S.D.N.Y. 1992)............................................................................................................30

*Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935 (9th Cir. 2009)...........................4, 14

**STATUTES**

Fed. R. Civ. P. 33(a)(2).............................................................................................................30

# I.      PLAINTIFF'S INTRODUCTORY STATEMENT

Plaintiff Miguel de la Cueva ("Plaintiff") brings the instant action against his former employer Alta Dena Certified Dairy, LLC ("Defendant") alleging individual claims for disability discrimination and failure to accommodate and class action claims on behalf of current and former employees for wage and hour violations stemming from Defendant's failure to provide meal and rest breaks.  (Chesler Decl. ¶ 2.) Plaintiff's motion for class certification is currently due on January 18, 2013.  (Id.)

Unfortunately, meet and confer efforts have been time consuming and largely unsuccessful.  (Id. ¶ 3.)  Defendant's caption lists three attorneys working on this matter: Steven G. Sklaver (admitted 2005), Kalpana Srinivasan (admitted 2005) and Amanda Bonn (admitted 2010).  (Id.)  All meet and confer efforts have been conducted by Ms. Bonn.  (Id.)  It has become readily apparent , however, that Ms. Bonn has no authority to make decisions on the case.  (Id.)  Thus, every conference consists of Plaintiff explaining his position, offering various compromises, and Ms. Bonn replying that she will "have to circle back with [her] team and let [us] know."  (Id.)  On the rare occasion where Ms. Bonn does agree to something, after she confers with her team, that agreement is often revoked.  (Id.)  When Plaintiff's counsel attended the in-person meet and confer – at defense counsel's office per their request – again only Ms. Bonn was in attendance.  (Id.)  Again, nothing was accomplished other than Ms. Bonn agreeing to take it back to the team and then respond (and the few matters agreed upon were later denied).  (Id.)  This has the frustrating result of making everything take much longer, having issues and proposals fall through the cracks like a game of "telephone," and most importantly hampering any chance of making cooperative resolutions to outstanding issues.  (Id.)  This is not a good-faith meet and confer.

In addition, Defendant has been dilatory in producing documents, which has also delayed the filing of this submission (i.e. Plaintiff hoped the "rolling" production would alleviate the need for a motion).  (Id. ¶ 4.)  Defendant originally served its

1    responses to Plaintiff's document requests (after receiving two extensions) on August

2    23, 2012.  (Id.)  But Defendant did not produce any documents until October 5, 2012 –

3    after much prodding – and even that production was seriously deficient.  (Id.)  While it

4    was almost 1000 pages, it was mostly duplicates and missing important requested

5    documents such as Plaintiff's paystubs and work schedules.  (Id.)  Defendant then

6    made a further production of <u>some</u> documents (652 pages) on October 15, 2012 (but

7    still no paystubs or work schedules).  (Id.)  Finally, on October 16, 2012, Defendant

8    produced the paystubs, yet several deficiencies remained.  (Id.)  More meet and confer

9    efforts ensued with more of Ms. Bonn saying "I have to circle back."  (Id.)  Defendant

10   promised to produce documents on Tuesday, October 30, 2012, but failed to do so.

11   (Id.)  Defendant then claimed there was a "vendor glitch" and that documents would be

12   produced on Wednesday, October 31, 2012, but again failed to do so.  (Id.)  Each time,

13   Plaintiff explained that the delay was hampering the ability to adequately prepare for

14   pending depositions.  (Id.)  Finally on November 1, 2012, Defendant produced 2500

15   more documents with a deposition pending less than a week later.  (Id.)

16         At one point, Defendant claimed this delay was because Plaintiff took some time

17   to respond regarding a protective order and ESI search terms. (Id. ¶ 5.)  But this is just

18   a poor excuse to avoid taking any responsibility and ownership for Defendant's

19   conduct.  Indeed, the ESI search terms do not relieve Defendant's obligation to search

20   for responsive documents specifically requested.  (Id.)  Nor do documents such as

21   Plaintiff's paystubs require a protective order as it is *Plaintiff's* privacy right, if any, at

22   issue.  (Id.)  Finally, despite promising to produce ESI documents on a "rolling basis"

23   – Defendant now claims ESI documents will be produced by November 30, 2012.

24   (Id.)  As a result, Plaintiff is left with a Hobson's choice of taking important

25   depositions without a complete document production or risk being unprepared to file

26

27

28

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR
PRODUCTION AND SPECIAL INTERROGATORIES

1    his class certification motion (currently due January 18, 2013.)[1]

2        In the meantime, Plaintiff seeks an order compelling compliance with Rule 26

3    and responses/production on the following three basic outstanding issues:

4        1.     <u>Contact Information For Putative Class Members / Witnesses</u> – Defendant

5    refuses to provide this information on privacy grounds and originally asked to use an

6    opt-out letter. Plaintiff agreed to do so, but then Defendant back-tracked and refused

7    to provide the information. Now faced with the filing of the motion, Defendant

8    "might" agree to an opt-out letter, but asks for a 30 day opt-out period (and still needs

9    to talk to its client). Defendant's delay in the meet and confer process, however,

10    makes this unfeasible given the current briefing schedule. And any minimal amount to

11    privacy in contact information is outweighed by a compelling need to investigate facts

12    from these individuals who are also witnesses to the allegations.

13        2.     <u>Plaintiff Lacks Standing To Represent Current Employees</u> – Defendant

14    claims Plaintiff lacks standing to represent current employees, and, thus is denying any

15    discovery (such as policies and handbooks) post-dating Plaintiff's termination as

16    irrelevant. As further explained herein, Plaintiff does not believe this is a legitimate

17    objection – and certainly not one on which to base a refusal to respond to discovery.

18    Moreover, Defendant claims in this case that it is exempt from California wage and

19    hour laws under the FAAAA, because providing meal/rest breaks would allegedly

20    impact its prices, services, and/or routes. Thus, if Defendant's current policy provides

21    for such breaks, this would tend to show whether providing such breaks does indeed

22    affect prices, services, and/or routes. This is *highly* relevant and should be produced.

23        3.     <u>Defendant Will Not Produce A PMK Deponent Because It Claims It Is</u>

24    <u>"Premature"</u> – Finally, Defendant is refusing to produce a PMK to discuss facts

25    concerning the impact of providing meal and rest breaks on its prices, services, and/or

26

27    _____

[1] Plaintiff is concurrently seeking relief from the class certification filing deadline.

28

1  routes.  Defendant states this is "premature" because it goes to an affirmative defense.

2  But Defendant already made this argument in a motion to dismiss, which the Court

3  denied, but did state that defendant could try again if it produced evidence to support

4  its argument.  Plaintiff should be entitled to explore such evidence.

5  ## II.   DEFENDANT'S INTRODUCTORY STATEMENT

6         Alta-Dena Certified Dairy, LLC ("Alta-Dena") has consistently worked in good

7  faith with the Plaintiff to resolve all discovery disputes in a timely and amicable

8  manner.  When the Plaintiff's current motion is stripped of its unnecessary personal

9  attacks on Alta-Dena's counsel, the Court will find that the Plaintiff raises only three

10 concerns relating to discovery in this case, none of which has merit.

11        First, the Plaintiff seeks information regarding the putative class of plaintiffs.

12 Alta-Dena is willing to a compromise on this issue consisting of a 30-day opt-out

13 period and a two-week extension on Plaintiff's motion for class certification.  This

14 compromise has been proposed to the Plaintiff; the Plaintiff has not agreed.  Alta-Dena

15 will nevertheless not wait for the December 4, 2012 hearing date but instead will

16 proceed in the interim with its opt-out process as soon as practical and will update the

17 Court with regards to the process and production.

18        Second, the Plaintiff seeks additional discovery of documents post-dating the

19 Plaintiff's termination.  Defendant objects to such discovery due primarily to the

20 Plaintiff's lack of standing.  The Plaintiff does not allege any injury stemming from the

21 Defendant's conduct following his termination; he therefore lacks the necessary stake

22 to litigate post-termination events.  *See Blum v. Yaretsky*, 457 U.S. 991, 999, 1001 &

23 n.13 (1982) (holding that a plaintiff uninjured by other alleged acts of the defendant

24 lacked standing to represent that class).  Even if the Plaintiff has standing, his request

25 has no bearing on issues related to class certification and is premature at this stage of

26 the case---three months before his motion for certification will even be filed.  *Vinole v.*

27 *Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (holding pre-

28 certification discovery is discretionary and related to issues of class certification).

1   Finally, the Plaintiff seeks an expansive FRCP 30(b)(6) deponent on topics

2   relating to "all facts" supporting an affirmative defense. This demand is overly broad,

3   unduly burdensome, and more accurately viewed as a contention interrogatory not

4   suitable for deposition testimony. *See, e.g., CG Roxanne LLC v. Fiji Water Co.*, No.

5   C07-02258 RMW, 2008 WL 2276403, at *6 (N.D. Cal. May 30, 2008) (denying

6   motion to compel defendant to provide testimony about its affirmative defenses).

7   In any event, the deposition notice is procedurally defective. The notice seeks a

8   corporate designee from Alta-Dena Certified Dairy Inc., an entity that has never

9   appeared in the case because plaintiff sued it but *never* served it with a summons nor

10   the complaint. There is a difference between Alta-Dena Certified Dairy, LLC (the

11   plaintiff's employer) and Alta-Dena Certified Dairy Inc., which ceased doing business

12   in California years ago, back in 2006. *See generally* Dkt. 1 (Notice of Removal) ¶¶

13   24-26. Because Plaintiff issued a procedurally defective "notice of deposition" on a

14   non-party, there is nothing to compel here, even if the motion had any substantive

15   merit (which it does not).

16   Although most of the Plaintiff's allegations in his Introductory Statement are not

17   relevant to deciding his motion, a few require a response to correct the record. The

18   Plaintiff's contention that the "Defendant has been dilatory in producing documents" is

19   false. The Defendant reached out to the Plaintiff to agree on terms for collecting

20   responsive documents on July 6, 2012, and again on July 15, 2012. Declaration of

21   Amanda Bonn ("Bonn Decl.") ¶¶ 7, 9. Both times **the Plaintiff failed to respond**

22   **entirely**. *Id.* ¶¶ 8, 10. Having heard absolutely nothing from the Plaintiff, on August

23   23, 2012, the Defendant again initiated communications regarding ESI review and

24   production, proposing specific terms and custodians. *Id.* ¶ 12. The Plaintiff sat on his

25   hands again, and waited until September 28, 2012, to offer revisions. *Id.* ¶ 17. The

26   Defendant provided its first production of documents on October 5, 2012, even though

27   the Plaintiff had yet to produce a single document or agree to a protective order. *Id.* ¶¶

28   18-22. To assert that this production came "after much prodding" in light of the

1  Plaintiff's own delays and refusal to agree to a reasonable protective order is therefore,
2  to put it mildly, misleading.
3        Productions have since been ongoing, and the Defendant continues to negotiate
4  in good faith dates for depositions. *Id.* ¶¶ 29, 33.  Further response to the Plaintiff's
5  remaining specious allegations about the course of discovery is not necessary to
6  resolve the instant dispute.  The Bonn Declaration contains a complete recitation of the
7  communications between counsel should the Court desire it.  *See id.* ¶¶ 5-35.  The
8  Plaintiff's decision to start his motion with thinly-veiled insults against one of
9  Defendant's counsel rather than with legal argument is telling.  Counsel for the
10  Defendant has an obligation to consult with her client on all legal issues that arise in
11  this case.  This obligation may frustrate the Plaintiff, but as the timeline discussed
12  above and in the Bonn Declaration reflects, this obligation has had no adverse impact
13  on the Plaintiff's ability to litigate his suit.

14  **III.  SPECIAL INTERROGATORIES**

15      **Interrogatory No. 1:**  Identify (by stating the full name, last-known home and
16  work addresses, all last known home, work, and cellular telephone numbers, all last
17  known e-mail addresses, and most recent date of employment) each DRIVER
18  employed by you in California from February 2008 to the present.  (As used herein
19  "Driver" refers to any position(s) held by Plaintiff Miguel de la Cueva from February
20  2008 to his termination and any and all other position(s) performing similar functions.
21  The terms "you" or "your" as used herein refers to defendant Alta Dena Certified
22  Dairy, LLC its subsidiaries, parent companies, officers, agents, employees, and/or
23  representatives, and anyone else acting on its behalf.)

24      **Response to Interrogatory No. 1:**  Alta-Dena objects that this Interrogatory is
25  overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of
26  admissible evidence, and seeks information outside of Alta-Dena's possession, custody
27  or control insofar as "you" and "your" are defined to include not only Alta-Dena, but
28  also Alta-Dena's subsidiaries and parent companies.  Alta-Dena objects to the

1   definition of "driver" as vague and ambiguous, insofar as it includes "all other

2   position(s) performing similar functions.:  Alta-Dena objects that this Interrogatory is

3   overly broad in scope, not reasonably calculated to lead to the discovery of admissible

4   evidence, and premature insofar as it seeks class-wide information when no class has

5   been certified.  Alta-Dena objects that this Interrogatory is overly broad, unduly

6   burdensome, and not reasonably calculated to lead to the discovery of admissible

7   evidence insofar as the requested time period extends beyond the date of Plaintiff's

8   termination on December 27, 2010.  Alta-Dena objects to this Interrogatory insofar as

9   it calls for information regarding its employees' identities and contact information in

10  which Alta-Dena's employees have a legitimate expectation of privacy under the

11  California constitution and other applicable privacy laws.

12          **Plaintiff's Argument And Proposed Resolution:**  During meet and confer

13  efforts, Defendant made clear that its sole concern to this Interrogatory is the right to

14  privacy of third parties.  But the right to privacy is not absolute.  "In the class action

15  context, disclosure of names, addresses, and telephone numbers is common

16  practice…[F]ederal courts faced with these types of discovery issues routinely

17  overcome objections as to privacy interests when balanced against reasonable

18  discovery needs." *Enriquez v. Interstate Group, LLC*, 2012 U.S. Dist. LEXIS 97729 at

19  *5 (N.D. Cal. 2012) (internal citations omitted).  It is further important to note that

20  these employees are not just putative class members, but also witnesses to Plaintiff's

21  allegations.  Thus, their contact information is further properly discoverable. *See e.g.*

22  *Puerto v. Sup. Ct. (Wild Oats Markets, Inc.)*, 158 Cal. App. 4th 1242, 1247-59 (2008),

23  *Murphy v. Target Corp.*, 2011 U.S. Dist. LEXIS 74813 at *9-13 (S.D. Cal. 2011).

24          Courts have consistently found that the need of class counsel to communicate

25  with potential plaintiffs/percipient witnesses in wage and hour class actions outweigh

26  minimal privacy concerns regarding contact information and warrant discovery. *See*

27  *e.g.*, *Tomassi v. City of Los Angeles*, 2008 U.S. Dist. LEXIS 11676 at *6-11 (C.D. Cal.

28  2008); *Tierno v. Rite Aid Corp.*, 2008 U.S. Dist. LEXIS 58748 at *9 (N.D. Cal. 2008);

1  *Enriquez*, 2012 U.S. DIST LEXIS 97729 at *2-3; *Alvarez v. The Hyatt Regency Long*

2  *Beach*, 2010 U.S. Dist. LEXIS 99281 at *4-7 (C.D. Cal. 2010). Indeed, the Supreme

3  Court has "established a rule of deference to class counsel in Rule 23 class actions to

4  permit communications with potential class members for the purpose of notification

5  and gathering of information, even prior to class certification." *Tomassi*, 2008 U.S.

6  Dist. LEXIS 11676 at *8, *citing Gulf Oil v. Bernard*, 452 U.S. 89 (1981).

7         Some Courts have utilized an "opt-out" letter, in which putative class members

8  are notified that their contact information will be released and have a period of time to

9  return an objection if he/she has one. *See Pioneer Electronics (USA), Inc. v. Sup. Ct.*,

10  40 Cal. 4th 360 (2007); *Belaire-West Landscape, Inc. v. Sup. Ct.*, 149 Cal. App. 4th 554

11  (2007). But the Court has discretion to dispense with the notice when an opt-out

12  system is unnecessary for pragmatic and legal reasons – including when the deadline

13  for class certification is too soon to make it feasible. *See Alvarez*, 2010 U.S. Dist.

14  LEXIS 99281 at * 5-6 (ordering production of contact information of putative class

15  members without an opt-out notice; "Although Plaintiffs initially offered, as a

16  compromise, to utilize a third party and an opt-out system, that is no longer feasible,

17  given the looming deadline for the class certification motion.")

18         Here, Defendant has not met and conferred in good faith and made use of an

19  opt-out notice at this point no longer feasible. A simple time-line demonstrates

20  Defendant's bad-faith:

21         • September 18, 2012: Plaintiff offered – in the spirit of compromise – to
              limit the request to names and addresses only. (Chesler Decl. ¶ 6(a), Ex.
22            A at 2.)

23         • October 4, 2012: Defendant rejected this request and instead asked that
              "[a]t the very least, any such production [of this information] should
24            follow an opt-out procedure that California courts have used in such
              circumstances." (Id. Ex. C at 3-4.)
25
           • October 8, 2012: Plaintiff agreed to use the opt-out procedure and
26            requested Defendant bear the costs and arrange for notices to be sent out
              by October 22, 2012, with a two-week period to opt-out (given the
27            parties' deadline to file a motion for class certification). (Id. Ex. D.)

28         • October 10, 2012: Defendant then seemingly back-tracked and stated it

would not agree to use of an opt-out procedure without Court order and requested a 45 day period in which to opt-out.  (Id. Ex. E.)

- October 15, 2012:  The parties met and conferred by telephone.  (Id. ¶ 6(g))  Ms. Bonn claimed that it was "unlikely" that Defendant would agree to even a 45 day period to opt-out, but that she would "circle back with the team" and let Plaintiff know.  (Id.)

- October 31, 2012:  At the parties in-person meet and confer, Ms. Bonn confirmed that no contact information whatsoever would be produced absent Court order – even if Plaintiff agreed to the opt-out letter.  (Id. ¶ 6(n).)

- November 2, 2012:  Faced with the pending motion, Defendant then claimed Plaintiff never offered to narrow the request to names and addresses.  (Id. ¶ 6(o), Ex. M.)  Even though it was plainly in Plaintiff's September 18, 2012 meet and confer letter.  (Id. Ex. A.)  And now Defendant says it "might" agree to a 30 day opt-out letter "but [] need[s] to discuss this entire issue with [their] client…"  (Id. Ex. M.)

Defendant's about face is delaying the process and making compliance with the January 18, 2013 deadline extremely difficult.  Defendant's position is also without merit.  Defendant's reliance on *Palmer v. Stassinos*, 2005 U.S. Dist. LEXIS 41270 at *4 and *10-11 (N.D. Cal. 2005) is misplaced.  That case concerned a <u>consumer class action</u> regarding a uniform policy that applied to all consumers.  There was no need to gain the identity of the consumers pre-class certification because it was undisputed that the policy applied to everyone.  Here, unless Alta-Dena is going to agree that its policy or practice was uniform (*i.e.*, that it treated everyone like Plaintiff), Plaintiff is going to have to get information from other putative class members to prove this for his motion for class certification.  *See i.e. Murphy v. Target Corp.*, 2011 U.S. Dist. LEXIS 74813 at *13-14 (S.D. Cal. 2011) (compelling discovery of names, addresses, and telephone numbers of putative class members in discrimination and wage/hour class action, noting that such "information [is] *highly* relevant because these employees personally experienced [the allegations and, thus] can provide first-hand testimony…" (emphasis in original).

Defendant's reliance on *Mantolete v. Bolger*, 767 F.2d 1416, 1424-25 (9th Cir. 1985) is also misplaced.  There the Court denied discovery <u>and dismissed</u> class

1  allegations in a disability discrimination case where the only offered evidence
2  supporting class treatment were two other complaints filed elsewhere by similarly
3  situated employees. *Id.* Here, on the other hand, Plaintiff alleges <u>wage and hour</u>
4  violations, which Defendant admitted to this Court in its notice of removal meet the
5  CAFA $5,000,000 threshold.  Thus, it is disingenuous for Defendant to now claim that
6  some threshold showing for the potential viability of a class action is missing.  We are
7  in the discovery phase – and Plaintiff needs discovery of the putative class members
8  contact information to pursue his claims.

9      Given that significant time was lost in the meet and confer process by working
10  with Defendant's counsel who lacked authority and constantly had to "circle back with
11  the team" – only to keep doing an about-face on what would be agreed to, a 30 day
12  opt-out period is simply unworkable given our current deadlines.  Thus, Plaintiff
13  submits that the Court exercise its discretion and order discovery of the information
14  given that the high relevance outweighs any minimal privacy concern.

15      In the event the Court believes an opt-out procedure should be used at this stage,
16  Plaintiff respectfully requests that given the circumstances, Defendant must bear the
17  cost, notices must be mailed out by December 11, 2012, and that putative class
18  members have one week (until December 18, 2012) to opt out.  This is important to
19  enable the information obtained to be meaningful (*i.e.* so that we may contact those
20  that are willing to be contacted and take depositions if necessary) for filing the motion
21  for class certification by January 18, 2013.

22  **Alta-Dena's Position on Interrogatory No. 1:**

23      Although several courts have held that precertification discovery of class
24  members' contact information is improper, *see, e.g., Charles v. Nationwide Mut. Ins.*
25  *Co.*, No. 09 Civ. 94, 2010 WL 7132173, at *4 (E.D.N.Y. May 27, 2010) ("courts are
26  very cautious about compelling disclosure of the identities and contact information of
27  putative class members at the pre-certification stage."), as a compromise, Alta-Dena is
28  willing to contact putative class members employed by Alta-Dena since February 2008

1  regarding the Plaintiff's suit and provide them with a 30-day opt-out period.  The

2  Plaintiff, however, demands an opt-out period of only one week on the grounds that he

3  cannot otherwise timely prepare his motion for class certification, which is currently

4  due January 18, 2013.  If the Plaintiff would have simply agreed to a 30-day opt-out

5  period, the Defendant would have agreed to extend the deadline for Plaintiff's motion

6  for class certification by an additional two weeks.  Plaintiff, however, would not agree

7  to this reasonable proposal for an obvious reason:  he does not want Alta-Dena

8  employees to have the right to protect their private contact information from

9  disclosure.  Despite Plaintiff's obstinance, Alta Dena will nevertheless proceed with

10  the opt-out procedure and produce the requested name and address information of the

11  drivers who do not opt-out, and will report to the Court the status of the production at

12  the hearing. Consistent with well-established law, the Plaintiff alone should bear the

13  costs of this procedure.  *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974)

14  ("[P]etitioner must bear the cost of notice to the members of his class.").

15      **Special Interrogatory No. 5**:  State all duties and/or job responsibilities for

16  your Drivers in California from February 2008 to the present.

17      **Response to Special Interrogatory No. 5**:  Alta-Dena objects that this

18  Interrogatory is overly broad, unduly burdensome, not reasonably calculated to lead to

19  the discovery of admissible evidence, and seeks information outside of Alta-Dena's

20  possession, custody or control insofar as "you" and "your" are defined to include not

21  only Alta-Dena, but also Alta-Dena's subsidiaries and parent companies.  Alta-Dena

22  objects to the term "Driver" as vague and ambiguous.  Alta-Dena objects that this

23  Interrogatory is overly broad, unduly burdensome, and not reasonably calculated to

24  lead to the discovery of admissible evidence insofar as the requested time period

25  extends beyond the date of Plaintiff's termination on December 27, 2010.

26      Subject to the foregoing general and specific objections, Alta-Dena responds as

27  follows:  At a mutually convenient time and place, and following entry of a protective

28  order, Alta-Dena will produce documents sufficient to answer this Interrogatory,

1  including Employee Handbooks, Driver Standard Operating Procedures, and Job

2  Descriptions, pursuant to Federal Rule of Civil Procedure 33(d).

3      **Plaintiff's Argument And Proposed Resolution:**  While Defendant produced

4  some documents identified, it did not produce any for the time-period following

5  December 27, 2010.  Defendant explained in meet and confer, that it was withholding

6  documents based on its objection that Plaintiff allegedly lacks standing to represent

7  current employees.  (Chesler Decl. ¶ 6(a), n.1.)  This is preposterous.  The only case-

8  law Defendant can find addresses standing to pursue <u>injunctive or declaratory relief</u>.

9  But that is not what this case is about.  Plaintiff seeks <u>economic damages and</u>

10  <u>restitution</u> in the form of wages for lost meal and rest breaks (in addition to penalties

11  and other remedies).  Courts routinely have certified (or conditionally certified) wage

12  and hour class actions with a <u>former</u> employee as representative.  *See e.g., Khanna v.*

13  *Inter-Con Sec. Sys.*, 2012 U.S. Dist. LEXIS 137651 (E.D. Cal. 2012) (approving

14  conditional certification for settlement of wage and hour class of both current and

15  former employees with class representative an heir to former employee); *Campbell v.*

16  *First Investors Corp.*, 2012 U.S. Dist. LEXIS 155549 (S.D. Cal. 2012) (approving

17  conditional certification for settlement of wage and hour class of both current and

18  former employees with former employee as class representative); *Delagarza v. Tesoro*

19  *Ref. & Mktg. Co.*, 2011 U.S. Dist. LEXIS 101127 at *28 (N.D. Cal. 2011) ("Defendant

20  argues that Plaintiffs do not have enough knowledge about the class as a whole to

21  adequately represent it because class representatives have only worked in eight of the

22  thirty-four units at [Defendant]…However, that class representatives do not have

23  personal knowledge of the experiences of each of their fellow class members says

24  nothing about the rule's chief concern, which is to 'uncover conflicts of interest

25  between named parties and the class they seek to represent.'")

26      The current job description and duties is also relevant to the FAAAA defense

27  insofar as it will tend to show whether Defendant's business qualifies under the

28  FAAAA or whether it is merely intrastate delivery of its own goods (which is why the

1  Court denied its motion to dismiss). Whether employees are similarly situated is vital
2  for class certification. Thus, Plaintiff respectfully requests that Defendant be ordered
3  to produce job descriptions for its drivers in California from December 28, 2010 to the
4  present.

5       **Alta-Dena's Position on Interrogatory No. 5**

6       As the Plaintiff's argument makes evident, the Defendant has provided the
7  Plaintiff with a satisfactory response to this Interrogatory relating to the period from
8  February 2008 to December 2010. The Plaintiff now seeks documents from the
9  Defendant for the period following his termination on December 27, 2010, although he
10 does not claim any injury to himself arising from the Defendant's conduct after his
11 departure. Instead, the Plaintiff seeks to bring claims on behalf of others employed
12 during that time period. The Defendant has not provided the Plaintiff with post-
13 termination discovery because the Plaintiff lacks standing to pursue claims arising
14 from post-termination conduct.

15      Courts have routinely held that a putative class representative has standing to
16 challenge only the policies that purportedly gave rise to his injury, not those policies
17 that may have injured others at a later date. *See Blum v. Yaretsky*, 457 U.S. 991, 999
18 (1982). This is because "a plaintiff who has been subject to injurious conduct of one
19 kind" does not "possess by virtue of that injury the necessary stake in litigating
20 conduct of another kind, although similar, to which he has not been subject." *Id.*; *see*
21 *also Arevalo v. Bank of Am. Corp.*, 850 F. Supp. 2d 1008, 1016-18 (N.D. Cal. 2011)
22 (holding lead plaintiff lacked standing due to intra-class differences); *Shurkin v.*
23 *Golden State Vintners Inc.*, 471 F. Supp. 998, 1022-24 (N.D. Cal. 2006) (holding
24 named plaintiff shareholder lacked standing to assert claims on behalf of class that
25 arose after date he sold his shares); *Me. State Ret. Sys. v. Countrywide Fin. Corp.*,
26 No.2:10-CV-0302, 2011 WL 4389689, at *3-7 (N.D. Cal. May 5, 2011) (holding
27 named plaintiffs lacked standing to represent those who purchased different securities
28 despite the interconnectedness of the loans). The Plaintiff lacks standing to bring

1   claims against Alta-Dena on behalf of those allegedly injured by different conduct.

2          The Defendant acknowledges that some courts have viewed differences between

3   the named plaintiff and the purported class as a concern not of standing but instead of

4   adequacy under Federal Rule of Civil Procedure 23(a). *See Arevalo*, 850 F. Supp. 2d

5   at 1016-18 (discussing tension in cases). Even if this Court adopts that view, at best,

6   the Plaintiff's requested discovery is premature. Class certification has not yet been

7   granted in this case; indeed, the Plaintiff does not intend to file his motion for class

8   certification for another three more months. Prior to certification, discovery is entirely

9   discretionary. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th

10  Cir. 2009) (holding pre-certification is within discretion of district court); *Del Campo

11  v. Kennedy*, 236 F.R.D. 454, 459 (N.D. Cal. 2006) ("Prior to certification of a class

12  action, discovery is generally limited and in the discretion of the court."). In the

13  interest of fairness and judicial economy, the Defendant has not insisted that the

14  Plaintiff obtain a court order before agreeing to provide discovery in this case. The

15  Defendant has, however, drawn a reasonable line at the Plaintiff's date of termination,

16  because the Plaintiff has not demonstrated how this information has any bearing on the

17  propriety of class certification. *Del Campo*, 236 F.R.D. at 459 (pre-certification

18  discovery available for issues relating to certification only upon proper showing by

19  plaintiff). It is the Plaintiff's burden to show his entitlement to this discovery, and he

20  has not met that burden.

21         The Plaintiff's cases do not support his position and do not discuss a former

22  employee's standing to pursue claims that allegedly arose after his departure. In

23  *Khanna v. Inter-Con Sec. Sys.*, No. CIV S–09–2214, 2012 WL 4465558, at *7 & n.2

24  (E.D. Cal. Sept. 25, 2012), the court considered the standing of an assignee to pursue

25  the deceased former employee's claims, not whether the former employee could

26  pursue claims involving injuries allegedly inflicted upon others after he left the

27  company. The Plaintiff's other two cases contain no discussion of standing or pre-

28  certification discovery at all. *Campbell v. First Investors Corp.*, No. 11-CV-0548,

14                                    2:12-cv-12-01804-GHK-CW

2012 WL 5373423 (S.D. Cal. Oct. 29, 2012); *Delagarza v. Tesoro Ref. & Mktg. Co.*, No. C-09-5803, 2011 WL 4017967 (N.D. Cal. Sept. 8, 2011). The Plaintiff is correct that former employees lack standing to seek injunctive relief. However, the fact that the Plaintiff here seeks compensatory damages does not automatically confer standing on his post-termination claims. *See Bates v United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) ("Standing must be shown with respect to each form of relief sought, whether it be injunctive relief, damages or civil penalties."). The Plaintiff's request should be denied.

**Special Interrogatory No. 12:**  State your policies, practices, procedures, routines, rules, agreements, and programs, that from February 2008 to the present have governed the recording or keeping track of the hours of work performed by your Drivers in California.

**Response to Special Interrogatory No. 12:**  Alta-Dena objects to this Interrogatory as overly **broad** and unduly burdensome. Alta Dena objects to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence insofar as it seeks information after December 27, 2010. Alta Dena objects to this Interrogatory as vague. Alta Dena objects to this Interrogatory as compound.

Subject to the foregoing general and specific objections, Alta-Dena responds as follows:  At a mutually convenient time and place, and after entry of a protective order, Alta-Dena will produce documents – including employee handbooks policy documents, and time records – sufficient to answer this Interrogatory in accordance with Federal Rule of Civil Procedure 33(d).

**Plaintiff's Argument And Proposed Resolution:**  While Defendant produced some documents identified, it did not produce any for the time-period following December 27, 2010. Defendant explained in meet and confer, that it was withholding documents based on its objection that Plaintiff allegedly lacks standing to represent current employees. As explained in Plaintiff's argument regarding Interrogatory No.

15

2:12-cv-12-01804-GHK-CW
JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR
PRODUCTION AND SPECIAL INTERROGATORIES

1  5, that position lacks merit.  Central to class certification is whether Defendant is

2  applying a consistent policy or practice.  Plaintiff, thus, should be entitled to discover

3  whether the policy or practice continued from 2008 to the present and/or whether class

4  members are being similarly treated.  Moreover, if Defendant claims that providing

5  meal/rest breaks affects its prices, services, and routes, discovery as to whether

6  Defendant has been able to provide such breaks in the last couple years is relevant.

7  Thus, Plaintiff respectfully requests that Defendant be ordered to produce policies

8  from December 28, 2010 to the present.

9       **Alta-Dena's Position on Interrogatory No. 12**

10      The Plaintiff's complaint with the Defendant's response to this Interrogatory is

11  essentially the same as his complaint regarding Interrogatory Number 5.  The Plaintiff

12  appears satisfied with the answer he has received for the period prior to December 27,

13  2010.  The Defendant therefore incorporates by reference its position on Interrogatory

14  No. 5.  For the reasons already discussed, the Plaintiff is not entitled to additional

15  discovery for the period following his termination.

16      **Special Interrogatory No. 13:**  State your policies, practices, procedures,

17  routines, rules, agreements, and programs, that from February 2008 to the present have

18  governed the taking of and recording of duty-free meal periods and/or rest breaks by

19  your Drivers in California.

20      **Response to Special Interrogatory No. 13:**  Alta-Dena objects to this

21  Interrogatory as overly broad and unduly burdensome.  Alta Dena objects to this

22  Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to

23  lead to the discovery of admissible evidence insofar as it seeks information after

24  December 27, 2010.  Alta Dena objects to this Interrogatory as vague.  Alta Dena

25  objects to this Interrogatory as compound.

26      Subject to the foregoing general and specific objections, Alta-Dena responds as

27  follows:  At a mutually convenient time and place, and after entry of a protective order,

28  Alta Dena will produce documents – including employee handbooks policy

1  documents, and time records – sufficient to answer this Interrogatory in accordance

2  with Federal Rule of Civil Procedure 33(d).

3      **Plaintiff's Argument And Proposed Resolution:**  While Defendant produced

4  some documents identified, it did not produce any for the time-period following

5  December 27, 2010.  Defendant explained in meet and confer, that it was withholding

6  documents based on its objection that Plaintiff allegedly lacks standing to represent

7  current employees.  As explained in Plaintiff's argument regarding Interrogatory No.

8  5, that position lacks merit.  Central to class certification is whether Defendant is

9  applying a consistent policy or practice.  Plaintiff, thus, should be entitled to discover

10  whether the policy or practice continued from 2008 to the present and/or whether class

11  members are being similarly treated.  Moreover, if Defendant claims that providing

12  meal/rest breaks affects its prices, services, and routes, discovery as to whether

13  Defendant has been able to provide such breaks in the last couple years is relevant.

14  Thus, Plaintiff respectfully requests that Defendant be ordered to produce policies

15  from December 28, 2010 to the present.

16      **Alta-Dena's Position on Interrogatory No. 13**

17      The Plaintiff's complaint with the Defendant's response to this Interrogatory is

18  essentially the same as his complaints regarding Interrogatory Numbers 5 and 12.  The

19  Plaintiff again appears satisfied with the answer he has received for the period prior to

20  December 27, 2010.  The Defendant therefore incorporates by reference its position on

21  Interrogatory No. 5.  For the reasons already discussed, the Plaintiff is not entitled to

22  additional discovery for the period following his termination.

23  IV.  **REQUESTS FOR PRODUCTION**

24      **Request For Production No. 21:**  All documents sufficient to set forth the

25  name, last-known home and work addresses, all last known home, work, and cellular

26  telephone numbers, and last known e-mail addresses of each person who was an

27  immediate manager of any driver employed by you from February 2008 to the present.

28

**Response to Request For Production No. 21:**  Alta-Dena objects to this request as overly broad and unduly burdensome.  Alta-Dena objects to this request to the extent that it calls for information protected by the privacy rights of Alta-Dena's employees, including but not limited to privacy rights under the California constitution.  Alta-Dena objects to this request as not reasonably calculated to lead to the discovery of admissible evidence, as no class has yet been certified.  Alta-Dena objects that the time frame in this request is overly broad and unduly burdensome, as Plaintiff was terminated effective December 27, 2010 and cannot represent a class of persons employed at Alta-Dena after that date.

Subject to the foregoing general and specific objections, Alta-Dena responds as follows:  At a mutually convenient time and location, and following the entry of an appropriate protective order, Alta-Dena will produce responsive, non-privileged documents sufficient to identify each person who was an immediate manager of Plaintiff from February 2008 to the date of his termination, and such managers may be contacted through the undersigned counsel for Alta-Dena.

**Plaintiff's Argument And Proposed Resolution:**  Plaintiff incorporates by reference his argument and proposed resolution regarding Special Interrogatory No. 1. Supervisors are witnesses to the allegations and, thus, their contact information is properly discoverable.  *See e.g. Puerto v. Sup. Ct. (Wild Oats Markets, Inc.)*, 158 Cal. App. 4th 1242, 1247-59 (2008), *Murphy v. Target Corp.*, 2011 U.S. Dist. LEXIS 74813 at *9-13 (S.D. Cal. 2011).  See also Rule 26(f) (requiring each party to identify name, address, and telephone number for each witness).  There is no legitimate reason for Defendant to have not yet provided this information.

**Alta-Dena's Position on Request For Production No. 21**

The Defendant complied with its initial disclosure obligations under Federal Rule of Civil Procedure 26(a)(1) on June 12, 2012.  Bonn Decl. Exh. A.  On August 23, 2012, the Defendant responded to the Plaintiff's Interrogatories and included the names of all persons known to have supervised drivers at Alta-Dena's City of Industry,

1    San Diego, and Highland locations from February 2008 until December 2010.  Bonn

2    Decl. Exh. B.  The cases cited by the plaintiff do not address the provision of contact

3    information for supervisors or managers; rather, they relate to the availability of

4    contact information for similarly situated employees.  *See Murphy v. Target Corp.*, No.

5    09cv1436, 2011 WL 2728217 (S.D. Cal. July 12, 2011); *Puerto v. Superior Court*, 158

6    Cal. App. 4th 1242 (Cal. Ct. App. 2008).

7         The Plaintiff has been instructed that he could contact any of these individuals at

8    any time through the undersigned counsel, which represents current managers of Alta-

9    Dena.  He may still do so and has already noticed at least one of the identified

10   individuals for a deposition.  The Plaintiff seems unaware that any ex parte

11   communication with these represented individuals would be a violation of California

12   Rule of Professional Conduct 2-100, and thus there is no possible basis or reason why

13   Plaintiff needs these supervisors or manager's contact information who are represented

14   by undersigned counsel for Alta-Dena.

15        **Request For Production No. 23**:  Any and all employment policies,

16   handbooks, or manuals that applied to drivers at any time from February 2008 to the

17   present.

18        **Response to Request For Production No. 23**:  Alta-Dena objects to this

19   request as overly broad and unduly burdensome.  Alta-Dena objects to this request as

20   not reasonably calculated to lead to the discovery of admissible evidence insofar as it

21   requests documents post-dating Plaintiff's termination on December 27, 2010.

22        Subject to the foregoing general and specific objections, Alta-Dena responds as

23   follows:  At a mutually convenient time and location, and following entry of an

24   appropriate protective order, Alta-Dena will produce responsive, non-privilege

25   documents dated February 2008 through December 27, 2010 to the extent they exist.

26        **Plaintiff's Argument And Proposed Resolution**:  As a threshold matter,

27   Defendant answered virtually all document requests that it would produce documents

28   "to the extent they exist."  This is insufficient under the rules.  Federal Rules of Civil

1   Procedure Rule 34 requires that the response make clear wither the responding party

2   will comply with the demand, and if unable to comply, <u>state the reason</u> for

3   noncompliance (*i.e.* the document never existed, was inadvertently destroyed, etc.)

4   Defendant must know its obligation because in response to some document requests it

5   was able to respond that no such documents existed.  Thus, Plaintiff has been left in

6   the unacceptable position of playing a guessing game amongst over 4,000 documents

7   to determine if something was in fact produced, is missing, etc.  Plaintiff respectfully

8   requests that Defendant be compelled to provide a further response adequately

9   explaining whether documents have or have not been produced (and if not, what

10  happened to them).

11        Furthermore, this response suffers the same infirmity of the previously

12  addressed "standing argument."  Thus, Plaintiff hereby incorporates his argument and

13  proposed solution to Special Interrogatory No. 5.  There is simply no justifiable reason

14  to refuse to produce the current employee handbook in a wage and hour class action.

15  And as also previously explained, Defendant's current policies are relevant to its

16  alleged defense that providing meal/rest breaks is somehow not feasible.  Thus,

17  Plaintiff respectfully requests that Defendant be ordered to provide a supplemental

18  response and produce responsive documents from December 28, 2008 to date.

19        **<u>Alta-Dena's Position on Request For Production No. 23</u>**

20        The Defendant has produced and will continue to produce documents that are

21  responsive to this request.  The Defendant has already produced thousands of pages of

22  documents and is working to finish production of the remaining ESI documents by the

23  end of November – using ESI search terms that Plaintiff refused to discuss with

24  Defendant for several months.  Bonn Decl. ¶¶ 7-10, 12, 17, 21, 33-35.  When the

25  Defendant has finished producing documents, the Plaintiff will be promptly notified.

26  For the reasons already identified, the Defendant has limited its search for documents

27  responsive to this request to the period preceding the Plaintiff's termination.  The

28  Defendant therefore incorporates by reference its position on Interrogatory No. 5.

**Request For Production No. 28**:  All employee handbooks, manuals, guidelines, policies, memoranda, bulletins, directives, and other similar DOCUMENTS setting forth your rules, guidelines, policies, and procedures in effect from February 2008 to the present, applicable to your drivers in California, concerning:  (a) the providing of or taking of meal and/or rest breaks; (b) the recording of meal and/or rest breaks; (c) the recording or keeping track of hours worked or performed on any task; (d) workday start times or end times; (e) the scheduling of meal and/or rest breaks; (f) leaving a truck unattended; (g) eating while driving; (h) the duties of a driver; (i) the calculation of final wages owed upon termination or resignation of employment; and (j) the payment of final wages owed upon termination or resignation of employment.

**Response to Request For Production No. 28**:  Alta-Dena objects to this request as overly broad and unduly burdensome, in particular with respect to the time-frame.  Alta-Dena objects that this request is not reasonably calculated to lead to the discovery of admissible evidence insofar as it requests documents from February 2008 until the present, as Plaintiff was terminated effective December 27, 2010 and cannot represent a class of persons employed by Alta-Dena after that date.  Alta-Dena objects to this request insofar as it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges.

Subject to the foregoing general and specific objections, Alta-Dena responds as follows:  At a mutually convenient time and location, and following entry of an appropriate protective order, Alta-Dena will produce responsive, non-privilege documents dated February 2008 through December 27, 2010 to the extent they exist.

**Plaintiff's Argument And Proposed Resolution**:  Plaintiff incorporates by reference his argument and proposed resolution to Request For Production No. 23.

**Alta-Dena's Position on Request For Production No. 28**

The Defendant has produced and will continue to produce non-privileged documents that are responsive to this request.  For the reasons already identified, the

1  Defendant has limited its search for documents responsive to this request to the period

2  preceding the Plaintiff's termination.  The Defendant therefore incorporates by

3  reference its position on Interrogatory No. 5 and Request for Production No. 23.

4      **Request For Production No. 29**:  Any and all documents that reflect, refer,

5  pertain or relate to your payroll policies for your drivers from February 2008 to the

6  present.

7      **Response to Request For Production No. 29**:  Alta-Dena objects to this

8  request as overly broad and unduly burdensome, in particular with respect to the time-

9  frame.  Alta-Dena objects that this request is not reasonably calculated to lead to the

10  discovery of admissible evidence insofar as it requests documents from February 2008

11  until the present, as Plaintiff was terminated effective December 27, 2010 and cannot

12  represent a class of persons employed by Alta-Dena after that date.  Alta-Dena objects

13  to this request insofar as it seeks documents protected from disclosure by the attorney-

14  client privilege, the work product doctrine, or any other applicable privileges.

15      Subject to the foregoing general and specific objections, Alta-Dena responds as

16  follows:  At a mutually convenient time and location, and following entry of an

17  appropriate protective order, Alta-Dena will produce responsive, non-privilege

18  documents dated February 2008 through December 27, 2010 to the extent they exist.

19      **Plaintiff's Argument And Proposed Resolution**:  Plaintiff incorporates by

20  reference his argument and proposed resolution to Request For Production No. 23.

21      **Alta-Dena's Position on Request For Production No. 29**

22      The Defendant subject to its objections has produced and will continue to

23  produce non-privileged documents that are responsive to this request.  For the reasons

24  already identified, the Defendant has limited its search for documents responsive to

25  this request to the period preceding the Plaintiff's termination.  The Defendant

26  therefore incorporates by reference its position on Interrogatory No. 5 and Request for

27  Production No. 23.

28

1    **Request For Production No. 32**:  All documents that evidence, reflect, refer, or
2    pertain to whether you authorize your drivers to take meal and/or rest breaks.

3         **Response to Request For Production No. 32**:  Alta-Dena objects to this
4    request as overly broad and unduly burdensome.  Alta-Dena objects that this request is
5    not reasonably calculated to lead to the discovery of admissible evidence, insofar as it
6    seeks documents pre-dating February 2008 or post-dating Plaintiff's termination on
7    December 27, 2010.  Alta Dena objects to this request insofar as it seeks documents
8    protected from disclosure by the attorney-client privilege, the work product doctrine,
9    or any other applicable privileges.

10        Subject to the foregoing general and specific objections, Alta-Dena responds as
11   follows:  At a mutually convenient time and location, and following the entry of an
12   appropriate protective order, Alta-Dena will produce responsive, non-privileged
13   documents.

14        **Plaintiff's Argument And Proposed Resolution**:  Plaintiff incorporates by
15   reference his argument and proposed resolution to Request For Production No. 23.

16        **Alta-Dena's Position on Request For Production No. 32**

17        The Defendant, subject to its objections, has produced and will continue to
18   produce non-privileged documents that are responsive to this request.  For the reasons
19   already identified, the Defendant has limited its search for documents responsive to
20   this request to the period preceding the Plaintiff's termination.  The Defendant
21   therefore incorporates by reference its position on Interrogatory No. 5 and Request for
22   Production No. 23.

23        **Request For Production No. 33**:  All documents that evidence, reflect, refer, or
24   pertain to whether you permit your drivers to take meal and/or rest breaks.

25        **Response to Request For Production No. 33**:  Alta-Dena objects to this
26   request as overly broad and unduly burdensome.  Alta-Dena objects that this request is
27   not reasonably calculated to lead to the discovery of admissible evidence, insofar as it
28   seeks documents pre-dating February 2008 or post-dating Plaintiff's termination on

December 27, 2010.  Alta Dena objects to this request insofar as it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges.  Alta-Dena objects that this request is duplicative of Plaintiff's other requests, specifically Request No. 32 above.

Subject to the foregoing general and specific objections, Alta-Dena responds as follows:  At a mutually convenient time and location, and following the entry of an appropriate protective order, Alta-Dena will produce responsive, non-privileged documents.

**Plaintiff's Argument And Proposed Resolution**:  Plaintiff incorporates by reference his argument and proposed resolution to Request For Production No. 23.

**Alta-Dena's Position on Request For Production No. 33**

The Defendant subject to its objections has produced and will continue to produce non-privileged documents that are responsive to this request.  For the reasons already identified, the Defendant has limited its search for documents responsive to this request to the period preceding the Plaintiff's termination.  The Defendant therefore incorporates by reference its position on Interrogatory No. 5 and Request for Production No. 23.

**Request For Production No. 36**:  All documents that reflect, relate to and/or evidence all complaints made by your drivers against you regarding your payroll practices from February 1, 2008 to present.

**Response to Request For Production No. 36**:  Alta-Dena objects to this request as overly broad and unduly burdensome.  Alta-Dena objects that this request is not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks documents pre-dating February 2008 or post-dating Plaintiff's termination on December 27, 2010.  Alta Dena objects to this request insofar as it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges.      Subject to the foregoing general and specific objections, Alta-Dena responds as follows:  At a mutually convenient time and

1   location, and following the entry of an appropriate protective order, Alta-Dena will

2   produce responsive, non-privileged documents to the extent they exist.

3       **Plaintiff's Argument And Proposed Resolution**:  Plaintiff incorporates by

4   reference his argument and proposed resolution to Request For Production No. 23.

5       **Alta-Dena's Position on Request For Production No. 36**

6       The Defendant subject to its objections has produced and will continue to

7   produce non-privileged documents that are responsive to this request.  For the reasons

8   already identified, the Defendant has limited its search for documents responsive to

9   this request to the period preceding the Plaintiff's termination.  The Defendant

10  therefore incorporates by reference its position on Interrogatory No. 5 and Request for

11  Production No. 23.

12      **Request For Production No. 37**:  All documents that reflect, relate to and/or

13  evidence the method and manner, policy, or practice Defendant uses to track hours

14  worked by its drivers.

15      **Response to Request For Production No. 37**:  Alta-Dena objects to this

16  request as overly broad and unduly burdensome.  Alta-Dena objects that this request is

17  not reasonably calculated to lead to the discovery of admissible evidence, insofar as it

18  seeks documents pre-dating February 2008 or post-dating Plaintiff's termination on

19  December 27, 2010.  Alta Dena objects to this request insofar as it seeks documents

20  protected from disclosure by the attorney-client privilege, the work product doctrine,

21  or any other applicable privileges.      Subject to the foregoing general and specific

22  objections, Alta-Dena responds as follows:  At a mutually convenient time and

23  location, and following the entry of an appropriate protective order, Alta-Dena will

24  produce responsive, non-privileged documents to the extent they exist.

25      **Plaintiff's Argument And Proposed Resolution**:  Plaintiff incorporates by

26  reference his argument and proposed resolution to Request For Production No. 23.

27      **Alta-Dena's Position on Request For Production No. 37**

28      The Defendant subject to its objections has produced and will continue to

produce non-privileged documents that are responsive to this request.  For the reasons already identified, the Defendant has limited its search for documents responsive to this request to the period preceding the Plaintiff's termination.  The Defendant therefore incorporates by reference its position on Interrogatory No. 5 and Request for Production No. 23.

**Request For Production No. 38**:  All documents that reflect, relate to and/or evidence the method and manner, policy, or practice Defendant uses to track meals and/or rest breaks taken by its drivers.

**Response to Request For Production No. 38**:  Alta-Dena objects to this request as overly broad and unduly burdensome.  Alta-Dena objects that this request is not reasonably calculated to lead to the discovery of admissible evidence, insofar as it seeks documents pre-dating February 2008 or post-dating Plaintiff's termination on December 27, 2010.  Alta Dena objects to this request insofar as it seeks documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges.      Subject to the foregoing general and specific objections, Alta-Dena responds as follows:  At a mutually convenient time and location, and following the entry of an appropriate protective order, Alta-Dena will produce responsive, non-privileged documents to the extent they exist.

**Plaintiff's Argument And Proposed Resolution**:  Plaintiff incorporates by reference his argument and proposed resolution to Request For Production No. 23.

**Alta-Dena's Position on Request For Production No. 38**

The Defendant subject to its objections has produced and will continue to produce non-privileged documents that are responsive to this request.  For the reasons already identified, the Defendant has limited its search for documents responsive to this request to the period preceding the Plaintiff's termination.  The Defendant therefore incorporates by reference its position on Interrogatory No. 5 and Request for Production No. 23.

1    **Request For Production No. 40**:  All documents that reflect, relate to and/or

2    evidence all complaints made by your drivers against you regarding taking meal and/or

3    rest breaks from January 1, 2005 to the present.

4    **Response to Request For Production No. 40**:  Alta-Dena objects to this

5    request as overly broad and unduly burdensome.  Alta-Dena objects that this request is

6    not reasonably calculated to lead to the discovery of admissible evidence, insofar as it

7    seeks documents pre-dating February 2008 or post-dating Plaintiff's termination on

8    December 27, 2010.  Alta Dena objects to this request insofar as it seeks documents

9    protected from disclosure by the attorney-client privilege, the work product doctrine,

10    or any other applicable privileges.     Subject to the foregoing general and specific

11    objections, Alta-Dena responds as follows:  At a mutually convenient time and

12    location, and following the entry of an appropriate protective order, Alta-Dena will

13    produce responsive, non-privileged documents dated February 2008 through December

14    27, 2010 to the extent they exist.

15    **Plaintiff's Argument And Proposed Resolution**:  Plaintiff incorporates by

16    reference his argument and proposed resolution to Request For Production No. 23.

17    **Alta-Dena's Position on Request For Production No. 40**

18    Plaintiff has apparently agreed to drop its request that documents be produced

19    from as far back as January 1, 2005, which is more than 3 years before Plaintiff's

20    statute of limitations for his claims lapsed.  Accordingly, the Defendant has subject to

21    its objections produced and will continue to produce non-privileged documents that are

22    responsive to this request after February 2008.  For the reasons already identified, the

23    Defendant has limited its search for documents responsive to this request to the period

24    preceding the Plaintiff's termination.  The Defendant therefore incorporates by

25    reference its position on Interrogatory No. 5 and Request for Production No. 23.

26    **V.   PMK NOTICE**

27    Plaintiff noticed the deposition of the person most knowledgeable requesting

28    various categories including:

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR
PRODUCTION AND SPECIAL INTERROGATORIES

**Category 21:** "All facts related to Defendant's claim that providing meal/rest breaks to its DRIVERS impacts its prices, routes, and/or services."

**Defendant's Response:** Defendant objected via e-mail that the topic is "overly broad and unduly burdensome, and is the equivalent of a premature contention interrogatory." (Chesler Decl. ¶ 6 (j)(iv), Ex. I at 3-4.) (Other than email commentary and verbal meet and confer comments, Defendant has never provided an actual formal objection to the deposition notice, despite promising such objections were forthcoming. (See id.))

**Plaintiff's Argument And Proposed Resolution:** This topic is not a "contention interrogatory" – it does not ask the deponent to apply facts to the law. Defendant claims that it cannot provide meal and rest breaks because if it does so it would impact its prices, routes, and/or services. Plaintiff is entitled to explore these <u>facts</u>. Indeed, Defendant already made this representation to the Court via a motion to dismiss. Certainly any such representation could only have been made in good faith after a factual investigation for support of the argument. Defendant has made clear it intends to move for summary judgment on these grounds. Thus, Plaintiff should be entitled to depose a witness to discover what those "facts" entail. Accordingly, Plaintiff respectfully requests that the Court order Defendant to produce a witness on this topic.

**Alta-Dena's Position on Noticed Topic No. 21**

The Plaintiff filed his First Amended Notice of Deposition of Defendant Alta Dena Certified Dairy Inc. on October 18, 2012. Bonn Decl. Ex. C. In that notice, the Plaintiff identified forty-seven topics under Rule 30(b)(6). *Id.* The Defendant responded by email the very next day agreeing to make specific deponents available for thirty-two of those topics and to provide written answers by November 30th on an additional ten topics. Bonn Decl. ¶ 28 & Exh. C. The Defendant specifically objected to two topics, Nos. 20 and 21, on the grounds that they are both overly broad, unduly burdensome, and are the functional equivalents of contention interrogatories. *Id.*

Topic 20 sought a deponent on "[a]ll facts related to each and every affirmative defense raised by Defendant in response to the class-action causes of action." Bonn Decl. Ex. C. The Plaintiff now appears to concede that Topic 20 is inappropriate for a Rule 30(b)(6) deponent, but ignores that Topic 21 seeks exactly the same information disguised as a request for "facts."

The Defendant has declined to designate a deponent on the topic that is the subject of the present dispute because the deposition notice is procedurally defective as it is served on the wrong party and because the topic is a classic example of a contention interrogatory disguised as a request for discovery. Courts routinely reject attempts by parties to use Rule 30(b)(6) to force an opposing party to provide its legal conclusions through a corporate deponent. *See, e.g., CG Roxanne LLC v. Fiji Water Co.*, No. C07-02258, 2008 WL 2276403, at *6 (N.D. Cal. May 30, 2008) (denying motion to compel defendant to provide testimony about its affirmative defenses); *3M Co. v. Kanbar*, No. C06-01225, 2007 WL 1794936, at *2 (N.D. Cal. June 19, 2007) (granting protective order preventing deponent from having to discuss legal conclusions couched as facts); *McCormick-Morgan, Inc. v. Teledyne Indus., Inc.*, 134 F.R.D. 275, 286 (N.D. Cal.), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991).

The Plaintiff makes no effort to explain how a company representative could discuss "all facts" that relate to the "impact" of California's meal and rest break policies on its "prices, routes, and/or services" without understanding the legal meaning of the words "impact," "routes," "prices," and "services" under the law. Nor does the Plaintiff deny that these are legal terms of art under the FAAA Act. *See, e.g., Dilts v. Penske Logistics LLC*, 819 F. Supp. 2d 1109, 1119-20 (S.D. Cal. 2011) (holding as a legal conclusion that California's policies "*impact* the types and lengths of routes that are feasible" and have a "significant *impact* on [the Defendant's] services" (emphases added)). As Judge Lloyd noted in *3M Co.*, the plaintiff's use of specific legal terms in phrasing purportedly factual topics confirms that the topic are,

1  "in effect, seeking legal conclusions that should not form the basis for 30(b)(6)

2  deposition topics." 2007 WL 1794936, at *2.

3      Such topics are naturally not appropriate for testimony under Rule 30(b)(6)

4  because in reality, they are backdoor requests for "defendants' mental impressions,

5  conclusions, opinions, and legal theory," which are protected work product.

6  *JPMorgan Chase Bank ex rel. Mahonia Ltd. v. Liberty Mut. Ins. Co.*, 209 F.R.D. 361,

7  363 (S.D.N.Y. 2002).  Privilege issues aside, courts also routinely deny such broadly

8  worded requests because no defendant could satisfactorily comply without gathering

9  all of its evidence in support of its defense and then conveying that information to a

10  single representative to present in response to a 30(b)(6) notice.  "Even under the

11  present-day liberal discovery rules, [the defendant] is not required to have counsel

12  marshal all of its factual proof and prepare a witness to be able to testify on a given

13  defense or counterclaim."  *In re Indep. Serv. Orgs. Antitrust Litig.*, 168 F.R.D. 651,

14  654 (D. Kan. 1996) (internal quotation marks omitted); *U.S. v. Dist. Council of New

15  York City*, No. 90 CIV 5722, 1992 WL 208284, at *15 (S.D.N.Y. 1992) (rejecting

16  party's request for a Rule 30(b)(6) witness on a topic when such topic was functionally

17  a contention interrogatory).  Preparing such a witness would be highly inefficient and

18  burdensome, as the Defendant has explained to the Plaintiff on numerous prior

19  occasions, and would risk disclosure of privileged work product.

20      Even if viewed as a contention interrogatory, the Plaintiff's request is premature

21  at this stage of the litigation and remains overly broad.  Document production is

22  ongoing.  *See* Fed. R. Civ. P. 33(a)(2) (permitting courts to delay compliance with

23  contention interrogatories until after discovery is complete); *Haggarty v. Wells Fargo

24  Bank, N.A.*, No. 10-2416 CRB, 2012 WL 4113341, at *3 (N.D. Cal. Sept. 18, 2012)

25  (permitting party to respond to contention interrogatory after further expert discovery).

26  No class has been certified in this case; discovery remains discretionary, and Plaintiff

27  has not explained why the Defendant's affirmative defense under the FAAA Act has

28  bearing on the propriety of class certification in this case.

1    The Defendant, even had it been named properly in the deposition notice, should

2  not be compelled to satisfy a request for "all facts" in support of its affirmative

3  defense, especially at this stage of the litigation.  *See Mancini v. Ins. Corp. of N.Y.*, No.

4  07cv1750-L, 2009 WL 1765295, at *3 (S.D. Cal. 2009) ("Contention interrogatories

5  are often overly broad and unduly burdensome when they require a party to state

6  'every fact' or 'all facts' supporting identified allegations or defenses.").

7

8  DATED: November 2, 2012              THE LAW OFFICES OF
                                        TIMOTHY B. McCAFFREY, JR.
9

10                                      By /s Natasha Chesler

11                                         Natasha Chesler

12                                         Attorneys for Plaintiff
                                           Miguel de la Cueva
13

14  DATED:  November 09, 2012           SUSMAN GODFREY L.L.P.

15

16                                      By  /s Amanda Bonn

17                                         Amanda Bonn

18                                         Attorneys for Defendant
                                           Alta-Dena Certified Dairy, LLC

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR
PRODUCTION AND SPECIAL INTERROGATORIES