STEVEN G. SKLAVER (237612)
KALPANA SRINIVASAN (237460)
AMANDA BONN (270891)
SUSMAN GODFREY L.L.P.
1901 Avenue of the Stars, Suite 950
Los Angeles, CA 90067
Telephone:  (310) 789-3100
Fax:  (310) 789-3150
Email:  ssklaver@susmangodfrey.com
Email:  ksrinivasan@susmangodfrey.com
Email:  abonn@susmangodfrey.com

*Attorneys for Defendant Alta-Dena Certified Dairy, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DE LA CUEVA, on behalf of himself and those similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> ALTA DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company; ALTA-DENA CERTIFIED DAIRY, INC., a Delaware Corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. CV12-01804 GHK (CWx) <br><br> **DECLARATION OF AMANDA BONN IN SUPPORT OF JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION, SPECIAL INTERROGATORIES, AND PMK TESTIMONY** <br><br> Date:  December 4, 2012 <br> Time:  10:00 a.m. <br> Place:  640 <br><br> Motion For Class Cert: January 18, 2013 <br> Discovery Cut-Off:      August 6, 2013 <br> Pre-Trial Conference:  TBD <br> Trial Date:  TBD |

I, Amanda Bonn, declare as follows:

1.      I am an active member of the State Bar of California, a member in good standing to the Bar of this Court, an associate at Susman Godfrey L.L.P., and one of the attorneys of record for defendant Alta-Dena Certified Dairy, LLC ("Alta-Dena") in the above-entitled action.  I make this declaration in support of Alta-Dena's Joint Stipulation Re Plaintiff's Motion To Compel Further Responses To Requests For Production, Special Interrogatories, And PMK Testimony.  I have personal, first-hand knowledge of the matters set forth below and, if called as a witness, I could and would testify competently thereto.

2.      Attached hereto as Exhibit A is a true and correct copy of Alta-Dena's Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1), served on June 12, 2012.

3.      Attached hereto as Exhibit B is a true and correct copy of Alta-Dena's Response to Plaintiff Miguel De La Cueva's Interrogatories (Set One), served on August 23, 2012.

4.      Attached hereto as Exhibit C is true and correct copy of the Plaintiff's First Amended Notice of Deposition of Defendant Alta Dena Certified Dairy Inc., served on October 18, 2012.

5.      Since early July of this year, Alta-Dena has made every effort to meet and confer with Plaintiff to ensure the timely and efficient completion of discovery in this matter.  The Plaintiff has at times participated in these discussions, but at other times has unreasonably delayed responding to Alta-Dena's correspondence and proposals concerning such issues as (1) the framework for reviewing and producing Electronically Stored Information ("ESI"), (2) a protective order, and (3) the scheduling of depositions.  After having largely ignored Alta-Dena's repeated inquiries regarding these subjects throughout the summer and for nearly all of September, Plaintiff has spent the last month engaging in an unproductive and

1    uncivil letter writing campaign in an attempt to manufacture a record justifying an

2    extension to the class certification deadline.

3        6.    The undersigned regrets the need to provide the Court with the

4    following details of the parties' prior discovery communications; however, in light

5    of the Plaintiff's decision to provide the Court with inaccurate information and

6    highly colored commentary about our discussions, such detail is necessary to fully

7    correct the record.

8        7.    On July 6, 2012, I sent an e-mail to Plaintiff's counsel attaching a draft

9    Rule 26(f) report and a draft protective order.  I requested that Plaintiff inform Alta-

10   Dena if he had any edits to either document.  In addition, I indicated that Alta-Dena

11   would "like to meet and confer next week regarding custodians and search terms to

12   be used in collecting responsive documents and ESI and also to discuss scheduling

13   of the depositions that Plaintiff has noticed."  I requested that Plaintiff's counsel let

14   me know her availability.  Attached hereto as Exhibit D is a true and correct copy

15   of my July 6, 2012 e-mail and its attachments.

16       8.    Plaintiff's counsel did not respond to my July 6, 2012 e-mail.

17       9.    Having received no response from Plaintiff's counsel, I sent a follow-

18   up e-mail on July 15, 2012, again asking for her availability to meet and confer

19   regarding outstanding discovery issues.  Specifically, I indicated that "we would

20   like to reach an agreement on the number and identity of custodians we should

21   search for ESI, and search terms to be used, in responding to Plaintiff's request for

22   production of documents."  I also indicated that we would like to discuss

23   "mutually-convenient dates" for noticed depositions to proceed.  Attached hereto as

24   Exhibit E is a true and correct copy of my July 15, 2012 e-mail.

25       10.   Plaintiff's counsel did not respond to my July 15, 2012 e-mail.

26       11.   On August 23, 2012, following an extension to which Plaintiff agreed,

27   Alta-Dena served its responses and objections to Plaintiff's first set of

28   interrogatories and first set of requests for production.  Alta-Dena objected to

2

producing contact information for putative class members and objected to producing certain categories of documents post-dating Plaintiff's termination, as Plaintiff lacks standing to sue for missed meal and rest periods that putative class members are alleged to have suffered—but that he by definition could not have suffered—after he was terminated.

12.    On August 28, 2012, I e-mailed Plaintiff's counsel proposing a detailed framework for ESI review and production, including custodians and a list of proposed search terms.  In addition, I indicated that we would make available a 30(b)(6) witness on certain topics on either September 24 or September 25 and that we would like to discuss deposition dates for other deponents.  Finally, I requested that Plaintiff let me know if he had any proposed edits to Alta-Dena's draft protective order, which we had sent on July 6 and to which we had yet to receive any response.  Attached hereto as Exhibit F is a true and correct copy of my August 28, 2012 e-mail.

13.    On August 29, 2012, Plaintiff's counsel sent an e-mail indicating that she would respond to my August 28 e-mail within "a couple days."  However, Plaintiff did not do so.  Attached hereto as Exhibit G is a true and correct copy of Plaintiff's August 29, 2012 e-mail.

14.    On August 31, 2012, Plaintiff's counsel sent an e-mail indicating that she would respond to my August 28 e-mail "early next week," and asking that I "re-send [the] proposed protective order" for her review.  The same day, I re-sent Plaintiff the proposed protective order, which I had originally sent to Plaintiff on July 6.  However, Plaintiff did not respond to my e-mail concerning ESI search protocol, deposition scheduling, and the protective order the following week as promised.  Attached hereto as Exhibit H is a true and correct copy of Plaintiff's August 31, 2012 e-mail and my response.

15.    On September 18, 2012, Plaintiff responded to my inquiry concerning the protective order, but did not mention either (a) the ESI framework that Alta-

Dena had proposed or (b) the scheduling of depositions, including whether the now impending September 24 or September 25 dates would work.  The same day, Plaintiff also served a letter, raising issues concerning Alta-Dena's responses to interrogatories and document requests—largely, the same issues on which Plaintiff now moves to compel over six weeks later.  Attached hereto as Exhibit I is a true and correct copy of Plaintiff's September 18, 2012 letter concerning discovery.

16.   Plaintiff subsequently requested a further extension in which to respond to Alta-Dena's discovery requests, and agreed that Alta-Dena would respond to the September 18, 2012 letter in the first week of October.  A true and correct copy of my e-mail exchange with Plaintiff reflecting the above agreement is attached hereto as Exhibit J.

17.   On September 28, 2012, one month after I had e-mailed Plaintiff with a proposed framework for reviewing and producing ESI and proposed deposition dates, Plaintiff's counsel sent me an e-mail with proposed revisions to the ESI search terms.  Plaintiff's counsel offered no explanation for the failure to meet and confer on this issue sooner.  Plaintiff's proposed revisions to the search term list added such generic terms as "lunch" and "meal," without any modifiers, which resulted in over 8,000 additional "hits."  Plaintiff did not respond to my request that we discuss deposition scheduling, nor comment upon the fact that the September 24 and September 25 dates we had offered had now passed.  Attached hereto as Exhibit K is a true and correct copy of Plaintiff's September 28, 2012 e-mail.

18.   As a result of Plaintiff's delay in meeting and conferring regarding ESI—a delay that began in the first week of July and continued until Plaintiff finally provided a response to my numerous e-mails concerning this issue in the last week of September—Alta-Dena was delayed in its review of tens of thousands of documents.  Furthermore, as a result of Plaintiff's delay between July 6 and September 18 in responding to our inquiry concerning a protective order, Alta-Dena

1    waited to produce other responsive documents until it received some assurance

2    from Plaintiff that confidentiality would be preserved.

3         19.    On October 4, 2012, Plaintiff sent an e-mail requesting that Alta-Dena

4    "provide deposition dates for all PMK topics, as well as Joe Llamas, Jesse Sanchez,

5    and Susana Correa for the month of November."  For the first time, Plaintiff

6    acknowledged that the September 24 and 25 dates that Alta-Dena had previously

7    offered had lapsed, noting that the now-passed dates "obviously were not

8    workable."  Attached hereto as Exhibit L is a true and correct copy of Plaintiff's

9    October 4, 2012 e-mail.

10        20.    On October 4, 2012, I sent an e-mail to Plaintiff's counsel seeking "to

11   continue the meet and confer process concerning our mutual responses to document

12   requests and interrogatories, as well as the protective order."  I responded to

13   Plaintiff's September 18, 2012 letter, indicating: (1) that Alta-Dena "disagree[d]

14   with Plaintiff's position concerning the identity and contact information of putative

15   class members," and citing authority for that proposition; and (2) that Alta-Dena

16   stood by its objection that Plaintiff lacks standing to represent class members who

17   suffered any denial of meal or rest breaks after Plaintiff was terminated, and citing

18   authority for that proposition.  Finally, Alta-Dena agreed to provide November

19   deposition dates "early next week."  Attached hereto as Exhibit M is a true and

20   correct copy of my October 4, 2012 e-mail.

21        21.    The following day, on October 5, 2012, Alta-Dena served its first

22   production of documents and requested that Plaintiff do likewise, as Plaintiff had

23   not yet produced any documents.  Attached hereto as Exhibit N is a true and correct

24   copy of an October 5, 2012 e-mail accompanying Alta-Dena's production.

25        22.    Plaintiff's counsel responded to my request by indicating that Plaintiff

26   had "produced documents with [his] initial disclosures," and inquiring whether

27   Alta-Dena had received such documents.  When I subsequently indicated that Alta-

28   Dena had not in fact received any such documents, Plaintiff's counsel responded

5

that they had previously been produced with Plaintiff's initial disclosures "on a cd," and that another copy would be sent on Monday. In fact, no such CD was received in June when Plaintiff submitted his initial disclosures. A true and correct copy of Plaintiff's October 6, 2012 e-mails concerning Plaintiff's document production is attached hereto as Exhibit O. Furthermore, Plaintiff's initial disclosures themselves indicated that no documents were included, stating that Plaintiff "will produce [documents] at a mutually convenient time for a simultaneous exchange . . . ." A true and correct copy of Plaintiff's initial disclosures is attached hereto as Exhibit P.

23. As set forth above, while Plaintiff complains that Alta-Dena purportedly delayed production of documents, (1) Alta-Dena produced hundreds of pages of documents before Plaintiff produced a single one and (2) Alta-Dena has since produced thousands of pages of documents notwithstanding Plaintiff's delay of several months in conferring regarding ESI search terms and custodians.

24. On October 8, 2012, Plaintiff's counsel sent another meet and confer letter. Ironically, given the fact that Plaintiff's counsel had ignored Alta-Dena's correspondence concerning ESI search terms and proffered deposition dates in September, Plaintiff's counsel accused Alta-Dena of "engaging in a systematic effort to delay discovery." Moreover, Plaintiff complained that Alta-Dena had not produced documents until Friday, October 5, when Plaintiff had yet to produce a single document. Plaintiff also indicated in this letter that Plaintiff is "growing very concerned about adherence to the case management schedule," and noted that "considering the holiday season, time is of the essence." The balance of the letter is largely devoted to re-hashing the same issues that had already been raised in Plaintiff's September 18, 2012 letter and objected to by Alta-Dena in its October 4, 2012 e-mail. A true and correct copy of Plaintiff's October 8, 2012 letter is attached hereto as Exhibit Q.

25.     After having suggested in her October 8, 2012 letter that Plaintiff was concerned about adhering to the case management order, Plaintiff's counsel called me and "offered" via telephone to extend the deadline for class certification, purportedly in light of my upcoming November wedding.  I had not requested any extension as a result of my wedding, nor would one be necessary.  To the contrary, two other lawyers from my law firm are counsel of record on this matter.  However, I informed Plaintiff's counsel that I appreciated the offer and would discuss it with our client.

26.     In an e-mail dated October 10, 2012, I responded to Plaintiff's counsel's latest meet and confer letter.  In light of Plaintiff's two suggestions in as many days that the class certification deadline should be extended, I responded that "there [was] no need for an extension in the deadline," and that we hoped that "the recent flurry of letters and e-mails on Plaintiff's part is a genuine effort to resolve outstanding issues so that we can move forward with discovery in this matter, rather than an effort to cause further delay by needlessly requesting an extension of deadlines . . . ."  Furthermore, the letter made clear (yet again) that Alta-Dena was standing by its objections to (1) producing putative class member contact information or agreeing to a two-week opt-out period and (2) producing meal and rest break documents post-dating Plaintiff's termination.  Finally, the letter offered November deposition dates for several witnesses and invited Plaintiff's counsel to offer dates that might work for them in November in an effort to finalize such dates. A true and correct copy of my October 10, 2012 e-mail is attached hereto as Exhibit R.

27.     Plaintiff's counsel subsequently requested a telephone call to discuss the same discovery issues that had already been addressed in Alta-Dena's October 4 and October 10, 2012 letters.   I agreed to meet and confer with Plaintiff telephonically and did so on Monday, October 15, 2012.  During this phone call, I indicated—now for the fourth time—that Alta-Dena objected to Plaintiff's

7

discovery requests for contact information of putative class members and for meal and rest break documents post-dating Plaintiff's termination.  Furthermore, we were not able to finalize deposition availability dates by phone, in part because Plaintiff's counsel were not willing to accommodate Jesse Sanchez, who works a night shift until 4:00 a.m., by starting his deposition later in the day and letting it continue into the evening.

28.    On October 19, 2012, I contacted Plaintiff's counsel via e-mail to propose deposition dates for Jesse Sanchez, Susana Correa, Joe Llamas, and 30(b)(6) witnesses on the vast majority of the deposition topics for the month of November.  Plaintiff agreed to several of the dates, but refused to confirm the dates for the individual depositions unless Alta-Dena stipulated in advance that it was waiving any time limitations for individuals that it was also designating as 30(b)(6) witnesses.  I also offered to provide written responses to a number of Plaintiff's 30(b)(6) topics and communicated specific objections regarding several of the noticed 30(b)(6) topics.  Attached hereto as Exhibit S is a true and correct copy of my October 19, 2012 e-mail.

29.    On October 22, 2012, I sent Plaintiff's counsel a letter requesting a conference of counsel under Local Rule 37-1, indicating that Alta-Dena intended to move to compel Plaintiff to provide further discovery responses concerning its computation of damages and the factual basis thereof.  In addition, I indicated that Alta-Dena intended to move for entry of its preferred form of protective order, in light of Plaintiff's refusal to agree to a sealing provision that complies with the local rules.  I requested that Plaintiff's counsel attend a conference at my offices on October 24, 2012.  A true and correct copy of my October 22, 2012 letter is attached hereto as Exhibit T.

30.    Prior to that point, Plaintiff's counsel had never sent any conference of counsel letter pursuant to Local Rule 37-1 to initiate a motion to compel discovery. Instead, Plaintiff had engaged in repetitive letter-writing and phone calls concerning

1   two discovery positions that Alta-Dena had asserted in August and stood by since

2   early October: the standing issue and the class member contact issue.

3       31.   On October 31, 2012, pursuant to my prior October 22 letter, I held a

4   conference of counsel at Susman Godfrey's offices with Plaintiff's counsel.

5   Plaintiff's counsel suggested during the conference that an extension of the deadline

6   for class certification for "one to two months," would be appropriate, but that

7   Plaintiff *would not agree* to an extension beyond two months.  I indicated that, in

8   light of Plaintiff's delay in agreeing to ESI search terms, Alta-Dena would continue

9   to produce responsive ESI during October and November.  In addition, I indicated

10  that Alta-Dena would make a production on October 31, 2012.  Plaintiff's counsel

11  indicated that, so long as the production was largely complete by November 30—

12  even if "thousands" of pages were produced in late November—she would be able

13  and willing to move forward with depositions in early December and extend the

14  deadline for class certification by a month or so.  I indicated that I would discuss

15  her proposal for an extension to the class certification deadline—the first concrete

16  proposal for an extension that had been raised—with my client and the other

17  counsel of record.

18      32.   Following our conference, Plaintiff sent an e-mail inaccurately stating

19  that I had agreed that an extension of the class certification deadline was

20  "necessary," and demanding for the first time a *three month extension*.   This,

21  notwithstanding that earlier the same day, Plaintiff's counsel had suggested that a

22  one month extension would be appropriate and that in no event should an extension

23  exceed two months.

24      33.   Similarly, Plaintiff has suggested that Alta-Dena promised to make a

25  production of documents on October 31, 2012 and did not make said production

26  until November 1, 2012.  Not so.  Alta-Dena made such a voluminous production

27  on October 31, 2012, that it had to be mailed on a disc.  The mailing was completed

28  on October 31, 2012, although Plaintiff may not have received it until the next day.

9

34.     Despite Plaintiff's delay in agreeing to search terms, in responding to Alta-Dena's proposed protective order, and in conferring about deposition dates, Alta-Dena has produced thousands of pages of documents during the course of October, and has agreed to make both individual deponents and 30(b)(6) witnesses available for depositions during November, just as Plaintiff requested. Furthermore, Alta-Dena has agreed to complete the bulk of its production of ESI in November and to make the same deponents available in early December.  Finally, should Plaintiff prefer to wait to take the noticed depositions until early December, Alta-Dena has agreed to a two-week extension to Plaintiff's class certification motion from January 18, 2013 to February 1, 2013.

35.     Since early this summer—even before the parties' scheduling conference was to be held—Alta-Dena has reached out to try to advance discovery in this case.  Unfortunately, due to delays by Plaintiff's counsel in responding to Alta-Dena's inquiries concerning ESI search procedures and a protective order until late September, production of ESI has only been underway since October.  Alta-Dena is making every effort to timely complete discovery and, in that vein, has agreed to a two-week extension to the class certification deadline.  Alta-Dena believes that this compromise will enable both parties to complete necessary discovery while avoiding unnecessary disruption to the Court's scheduling order.

Dated:  November 9, 2012

STEVEN G. SKLAVER
KALPANA SRINIVASAN
AMANDA BONN
SUSMAN GODFREY L.L.P.


By:  _____
      Amanda Bonn
Attorneys for Defendant Alta-Dena
Certified Dairy, LLC

10