E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1804-GHK (CWx) | Date | February 19, 2013 |
|---|---|---|---|

| Title | *Miguel de la Cueva v. Alta-Dena Certified Dairy Inc., et al.* |
|---|---|

**Presiding: The Honorable**   **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     **(In Chambers) Order re**: Ex Parte Application for Leave to File First Amended Complaint [Dkt. No. 41]

        This matter is before us on Plaintiff Miguel de la Cueva's ("Plaintiff" or "de la Cueva") Ex Parte Application for Leave to File First Amended Complaint ("Application"). Defendant Alta-Dena Certified Dairy, LLC ("Defendant" or "Alta-Dena") opposes the Application. [Dkt. No. 43]. We have considered the papers filed in support of and in opposition to this Application, and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

        Plaintiff seeks to amend the Complaint as follows: (1) to add allegations that Alta-Dena had a uniform policy of automatically deducting 30 minutes of pay from putative class members; (2) to add Scott Parker ("Parker") as an additional named plaintiff and potential class representative; and (3) to add four new Defendants – Dean Transportation, Inc., Dean Foods Company, Fresh Dairy Direct of So Cal, and Heartland Farms. (*See* Mot. at 6).

        A party seeking to file an amended complaint after the deadline in a court's pretrial scheduling order, as here, must satisfy Federal Rule of Civil Procedure 16(b). *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Pursuant to Rule 16, a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4). We may modify a pretrial schedule for good cause "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citation omitted). "Although the existence or degree of prejudice to the party opposing the modification" may supply "additional reasons to deny" a request to modify the scheduling order to amend, "the focus of the inquiry is upon the moving party's reason for seeking modification." *Id.* (internal citations omitted). Assuming good cause is established for relief from the Scheduling Order, we must then evaluate whether the proposed amendment should be granted in light of the factors relevant to Rule 15(a). *Id.* at 608. Under Rule 15(a), "liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Prejudice is the "touchstone of the inquiry

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1804-GHK (CWx) | Date | February 19, 2013 |
|---|---|---|---|
| Title | *Miguel de la Cueva v. Alta-Dena Certified Dairy Inc., et al.* | | |

under rule 15(a)" and "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003). In assessing the potential prejudice of the amendment, a court considers whether the amended complaint would "greatly change the parties' positions in the action, and require the assertion of new defenses." *Phoenix Solutions, Inc. v. Sony Elecs., Inc.,* 637 F. Supp. 683, 690 (N.D. Cal. 2009). We also consider judicial economy. *See Lloyd v. Joshi*, 2009 WL 2488001, at *3 (N.D. Cal. 2009).

First, Plaintiff acknowledges that his current claims "encompass" his recent discovery that Alta Dena automatically deducted 30 minutes of its drivers' pay for meal and/or rest breaks. Indeed, the current Complaint already alleges that Alta Dena violated the California Labor Code by failing to pay wages for the meal and rest breaks it did not provide and seeks civil penalties and restitution based on these allegations. (Compl. ¶¶ 50, 51, 53, 66). Plaintiff fails to explain how adding specific allegations about the 30 minute automatic deductions would allow him to assert claims that he could not assert before. Plaintiff's Application is **DENIED** to the extent it seeks leave to add allegations about the automatic deductions, because such allegations are unnecessary. Alta Dena's purported automatic deductions are within the scope of the original complaint, and Plaintiff has failed to show good cause to modify our scheduling order in this respect.

Plaintiff seeks to add an additional plaintiff, Parker, whom Plaintiff contends he diligently found during the discovery process. But, as Defendant points out, adding Parker would significantly expand the scope of this suit. The original action involves three employer locations, whereas the amended action would involve twelve. (Opp. at 3-4). Further, the number of drivers in the putative class would increase from 148 drivers to more than 350. (Id.) Adding Parker would thus cause substantial prejudice by expanding the scope of discovery to nine additional employer locations and to roughly 200 additional class members. Such amendment would require Defendant to conduct much additional discovery and perhaps redo or supplement some of the discovery it has already done. Defendant has already obtained 38 declarations from class members to oppose class certification, for instance, and if we granted leave to amend, Defendant would need to seek declarations from the new class members at the additional locations. Because adding Parker would significantly change the scope of this suit, judicial economy favors separate actions rather than a disruptive, last minute amendment before the class certification deadline. Further, Parker is not a putative class member as defined in the original Complaint, and we have not yet certified any class in this matter. The proposition that courts routinely grant motions to add or substitute named plaintiffs therefore does not apply. *Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838, *3 (C.D. Cal. 2009) ("[T]he reason substitution is appropriate after class certification is that 'once certified, a class acquires a legal status separate from that of the named plaintiffs'. . . . This line of reasoning is inapposite here, where no class has yet been certified." (citation omitted)). Thus, even assuming Plaintiff was diligent in discovering Parker, leave to amend is not warranted under the Rule 15(a) factors. Plaintiff's Application is **DENIED** to the extent it seeks leave to add Parker as an additional plaintiff and potential class representative.

Finally, Plaintiff seeks to add four new Defendants. Plaintiff acknowledges that de la Cueva never worked for Dean Transportation, Inc. ("DTI") or Heartland Farms ("Heartland") – these are the

---

**CIVIL MINUTES - GENERAL**

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1804-GHK (CWx) | Date | February 19, 2013 |
|---|---|---|---|
| Title | *Miguel de la Cueva v. Alta-Dena Certified Dairy Inc., et al.* | | |

entities that Parker worked for.  Because we are denying leave to add Parker as a named plaintiff, it does not make sense to grant leave to add DTI and Heartland as defendants.  Adding these defendants just before the class certification deadline would prejudicially expand the scope of this suit.   Accordingly, Plaintiff's Application is **DENIED** to the extent it seeks to add DTI and Heartland as defendants. Plaintiff also wishes to add Dean Foods Company and Farm Dairy Direct of So Cal ("FDD"), both of which are purportedly Alta Dena's parent companies in the Dean Foods corporate hierarchy.  As Defendant points out, however, "Fresh Dairy Direct of So Cal" is not a suable entity because it is "a branding or marketing term that Dean Foods sometimes uses to refer to its lines of business in southern California." (Opp. at 7, 17).  Adding FDD would thus be futile, and Plaintiff's Application is **DENIED** to the extent it seeks to add FDD as a defendant.  Next, Plaintiff has failed to show that it has been diligent in seeking to add Dean Foods Company.  Dean Foods Company is a major public company traded on the New York Stock Exchange and its relationship as a corporate parent to Alta Dena would not require sophisticated discovery.  Rather, a simple google search would reveal their relationship. Thus, Plaintiff has failed to show that it has been diligent in seeking an amendment to add Dean Foods Company or why it could not meet the deadline to amend as set forth in our scheduling order.[1]  Plaintiff also cites authority that a corporate parent may be named as a defendant in a wage and hour class action where such parent "employed or exercised control over wages, hours, or working conditions of any person' working in the subsidiary-owned locations." *See Akaosugi v. Benihana Nat. Corp.*, 282 F.R.D. 241, 258 (N.D. Cal. 2012).  But the proposed amended complaint does not allege that Dean Foods Company exercised such control over its Alta Dena subsidiary.  Rather, the proposed amended complaint conclusorily alleges alter ego liability. (*See* Proposed FAC ¶ 6).  Adding Dean Foods Company thus appears to be futile.  Accordingly, Plaintiff's Application is **DENIED** to the extent it seeks to add Dean Foods Company as a defendant.

In light of the forgoing, Plaintiff's Application is **DENIED** in its entirety.  All present scheduling dates **STAND**.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | | Bea | |

---

[1] We issued our scheduling order on August 3, 2012.  The deadline for a motion to amend was September 4, 2012.