TIMOTHY B. McCAFFREY, JR. (S.B. #192114)
NATASHA CHESLER (S.B. #227540)
THE LAW OFFICES OF TIMOTHY B. McCAFFREY, JR.
A Professional Corporation
11377 West Olympic Boulevard, Suite 500
Los Angeles, California 90064-1683
Telephone: (310) 882-6407
Facsimile: (310) 882-6359

Attorneys for Plaintiff
Miguel de la Cueva

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DE LA CUEVA, individually and on behalf of other persons similarly situated,<br><br>     Plaintiff,<br><br>   vs.<br><br>ALTA DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company; ALTA-DENA CERTIFIED DAIRY, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>     Defendants. | CASE NO. CV12-01804 GHK (CWx)<br><br>**JOINT STIPULATION RE: PLAINTIFF'S MOTION FOR PROTECTIVE ORDER QUASHING SUBPOENAS**<br><br>Hearing Date:  May 21, 2013<br>Time:     10:00 a.m.<br>Courtroom:   640<br><br>Discovery Cut-Off: August 6, 2013<br>Pre-Trial Conference: TBD<br>Trial Date:    TBD |

1   I.      **PLAINTIFF'S INTRODUCTORY STATEMENT**

2        Plaintiff Miguel de la Cueva ("Plaintiff" or "Mr. de la Cueva") brings the instant

3   action against his former employer Alta Dena Certified Dairy, LLC ("Defendant")

4   alleging individual claims for disability discrimination, failure to accommodate, and

5   wrongful termination, and class action claims on behalf of current and former

6   employees for wage and hour violations stemming from Defendant's failure to provide

7   meal and rest breaks.

8        Mr. de la Cueva alleges emotional distress as the result of his wrongful

9   termination from Defendant after over twenty years of service.  The sudden loss of his

10  job had other affects on Mr. de la Cueva and he ultimately faced foreclosure of his

11  home.  Defendant seeks through the instant subpoenas an overbroad array of financial

12  documents relating to any loan or mortgage Mr. de la Cueva has ever had, his credit

13  reports, information pertaining to where loan or mortgage payments came from, and

14  more.

15       Mr. de la Cueva objects to these subpoenas based on his California

16  Constitutional right to privacy in his financial records.  It is Mr. de la Cueva's position

17  that his Constitutional right to privacy outweighs any minimal interest Defendant has

18  in these records and – moreover – the subpoenas as drafted are far too broad.  There

19  exists a much more narrowly tailored method to obtain any specific facts Defendant is

20  seeking, such as by special interrogatories to Plaintiff.

21       Accordingly, Mr. de la Cueva hereby seeks a protective order to quash the

22  subpoenas pursuant to Federal Rules of Civil Procedure Rule 26(c)(1).

23  II.     **DEFENDANT'S INTRODUCTORY STATEMENT**

24         Plaintiff alleges that his termination from Alta-Dena on December 20,

25  2010 caused him severe emotional distress, and specifically argues that his termination

26  resulted in the foreclosure of his home.  In his supplemental interrogatory responses

27  served on December 18, 2012, Plaintiff describes his emotional distress damages and

28  alleges that "without a job, Mr. de la Cueva fell behind on his bills. The bank

1   foreclosed on their family home this month. None of this should have happened."

2   Bonn Decl. Ex. 1.

3       Alta-Dena has diligently sought discovery concerning the foreclosure of

4   Plaintiff's home, which Plaintiff alleges should be attributed to Alta-Dena's

5   termination of Plaintiff's employment.  In response to Alta-Dena's discovery responses

6   served on Plaintiff, Plaintiff has represented that he has _no documents_ concerning his

7   mortgage(s) or the foreclosure of his home, notwithstanding that the foreclosure

8   occurred post-litigation and any such documents should have been maintained.  Bonn

9   Decl. Ex. 2.  Furthermore, Alta-Dena discovered that a Notice of Default was entered

10  against Plaintiff on April 19, 2010, indicating that Plaintiff owed payments dating from

11  January 1, 2010 forward.  Bonn Decl. Ex. 3.  In other words, Alta-Dena has discovered

12  through publicly available information that Plaintiff stopped paying his mortgage

13  _nearly one year before he was terminated_ by Alta-Dena.  Alta-Dena served subpoenas

14  in March 2009, seeking discovery concerning (1) documents concerning Plaintiff's

15  mortgage(s); (2) documents concerning Plaintiff's payment (or failure to pay) his

16  mortgage(s); (3) documents concerning correspondence between Plaintiff and lending

17  institutions regarding his mortgage(s); and (4) documents concerning the foreclosure

18  of Plaintiff's home.

19      Plaintiff has offered no legitimate objection to Alta-Dena's subpoenas, except to

20  claim that his constitutional right to privacy trumps Alta-Dena's right to discovery.

21  But courts routinely order discovery of such financial documents where a Plaintiff

22  seeks damages putting his finances at issue, holding that protective orders are

23  sufficient to balance the defendant's need for discovery with the plaintiff's right to

24  privacy.  *See, e.g., A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D.

25  Cal. 2006) ("[P]laintiff's need for defendant Garber's financial documents outweighs

26  Garber's claim of privacy, especially when the 'impact' of the disclosure of the

27  information can be protected by a 'carefully drafted' protective order."); *see also*

28  *Garcia v. Progressive Choice Ins. Co.*, No. 11-cv-466-BEN, 2011 WL 373490, at *5-6

1  (S.D. Cal. Aug. 24, 2011) ("Certainly, the Court recognizes that Mr. Garcia has an

2  interest in the privacy of his bank statements. However, Progressive needs the

3  information for its defense of the allegations in the Complaint. . . . Therefore, the Court

4  considers the best course to take at this juncture is for the parties to draw up a mutually

5  agreeable protective order regarding the financial documents . . . .").  The same result

6  is warranted here: the Court has already issued a protective order that adequately

7  protects any privacy rights Plaintiff may have, while simultaneously ensuring that

8  Alta-Dena's right to relevant discovery is respected.  Alta-Dena has offered to treat

9  any documents received in response to the subpoena as Attorneys' Eyes Only for two

10  weeks—plenty of time for Plaintiff to review the documents and make any

11  confidentiality designations he deems appropriate.  Plaintiff's motion should be

12  denied.

13       In the alternative, Plaintiff's request for damages based on the foreclosure of his

14  home should be stricken since Plaintiff wrongly seeks to use discovery as a sword (by

15  claiming damages triggered by the foreclosure) and as a shield (by filing the instant

16  motion to quash to hide from discovery documents relating to the foreclosure for

17  which he blames Alta-Dena).

18  **III.**  **SUBPOENAS**

19      **A.**    **The Subpoenas At Issue**

20       Defendant has issued subpoenas to the following four financial institutions:

21  (a) U.S. Bancorp; (b) First American Title Insurance Company; (c) Commonwealth

22  Land Title Company; and (d) Wells Fargo Bank, N.A.  Each seeks the same categories

23  of documents as follows:

24       1.    All DOCUMENTS CONCERNING PLAINTIFF's open or closed bank

25  loans or mortgage documents, reflecting loans made to or co-signed by PLAINTIFF,

26  including but not limited to loan applications, loan statements, loan ledger sheets, and

27  documents (checks, debit memos, cash in tickets, wires in, etc.) reflecting the means

28  by which loan repayments were made.

2.      All DOCUMENS CONCERNING disbursement of the loan proceeds, loan correspondence files, including but not limited to collateral agreements and documents, credit reports, financial statements; notes or other instruments reflecting the obligation to pay, real estate mortgages, chattel mortgages or other security instruments for loans, forms 1099, 1089 or back-up withholding documents, and loan amortization statements.

3.      All DOCUMENTS CONCERNING PLAINTIFF's loan correspondence files, including but not limited to letters to the bank, letters from the bank, and notes, and memoranda, etc. to the file.

4.      All DOCUMENTS CONCERNING PLAINTIFF's failure to pay his mortgage, including but not limited to foreclosure avoidance assessments, loan modification applications, notices of default, notices of sale, and notices to quit.

### B.      <u>Plaintiff's Argument And Proposed Resolution</u>:

To obtain a protective order, the party resisting discovery or seeking limitations thereon must show "good cause" for its issuance.  FRCP 26(c)(1).  Good cause exists here because disclosure will violate Mr. de la Cueva's state constitutional privacy interest in his personal financial records.  *See Pearson v. Miller*, 211 F.3d 57, 72-73 (3rd Cir. 2000) (legitimate interests in privacy are among proper subjects of Rule 26(c) protection).  Disclosure of the records sought also will provide a specific injury to Mr. de la Cueva – namely, an injury to his legitimate interests in privacy.  *Id.* (all that is necessary is injury to legitimate interest in privacy; i.e., monetary injury is not required).

In a diversity action (such as ours) in which California law provides the substantive law to be applied, California statutory provisions may restrict discovery, including the protection of consumer information pursuant to California Code of Civil Procedure § 1985.3.  (Matthew Bender Prac. Guide:  Fed. Pretrial Civ. Proc. in Cal.,

§ 24.20 (Matthew Bender & Co. 2013).)  Regardless of what procedural rule should be applied to obtaining the information[1], it is well established that the right to privacy secured by Article I, Section 1, of the California Constitution extends to one's confidential financial affairs.  *Valley Bank of Nevada v. Sup. Ct.*, 15 Cal. 3d 652, 656 (Cal. 1975); *Hinshaw v. Winkler, Draa, Marsh & Still v. Sup. Ct.*, 51 Cal. App. 4th 233, 241 (Cal. Ct. App. 1996).  Where a party seeks to discover documents subject to the constitutional right to privacy, that party bears the burden of establishing a <u>compelling need</u> for the discovery.  *Harding Lawson Associates v. Superior Court*, 10 Cal. App. 4th 7, 10 (Cal. Ct. App. 1992); *Davis v. Superior Court*, 7 Cal. App. 4th 1008, 1014 (Cal. Ct. App. 1992).  This burden is a significant one that is not easily overcome.  To meet this burden, the party seeking discovery must first establish that each of the records sought is <u>directly relevant to the action</u> and <u>essential to its fair resolution</u>.  *Britt v. Sup. Ct.*, 20 Cal. 3d 844, 859 (Cal. 1978).  Further, even if direct relevance and essentiality are found, the party seeking the discovery must also show that the information cannot reasonably be obtained through depositions or from non-confidential sources.  *Harding Lawson, supra*, at 10.  Finally, to the extent a Court allows discovery into information protected by the right to privacy, the order must "be the minimum intrusion necessary to achieve its objective."  *Lantz v. Sup. Ct.*, 28 Cal.

[1] California Code of Civil Procedure § 1985.3 provides additional specific notice requirements for certain consumer records, including financial records – which Defendant did not follow here.  Whether such special notice is required in federal actions is presently unclear.  (Rutter Group Prac. Guide: Fed. Civ. Proc. Before Trial, Calif. & 9th Cir., ¶ 11:1433 (The Rutter Group  2013).)  Plaintiff submits the same procedural rules should apply because Section 1985.3 embodies a state substantive interest in protecting Californian citizens' privacy rights. *See*, *e.g.*, *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 667 (9th Cir. 2003) (California penal statute precluding use of unauthorized telephone recordings applicable in federal proceedings and found "substantive" for *Erie* purposes because it embodied a *state substantive interest* in protecting the privacy of California citizens).

1  App. 4th 1839, 1855 (Cal. Ct. App. 1994); *see also Aliotti v. Vessel Senora*, 217 F.R.D.

2  496, 498 (N.D. Cal. 2003) (denying motion to compel production of financial records,

3  including tax return information, in part because alternative less intrusive means, such

4  as focused interrogatories could be used).

5       Defendant cannot meet that burden here.  In the meet and confer process,

6  Defendant explained that it believes the documents sought are relevant to Mr. de la

7  Cueva's emotional distress claims because he went through the foreclosure of his

8  home.  But the instant subpoenas seek far more than the documents showing

9  foreclosure.  Defendant seeks Mr. de la Cueva's credit reports, all payments made, the

10  source of payments, correspondence, applications, loans he may have ever co-signed

11  for, etc.  Nor are Defendant's subpoenas limited at all in terms of time.  Moreover, if

12  there are particular questions Defendant has, there exists a less intrusive means to

13  obtain such information, such as interrogatories.  *See Aliotti*, 217 F.R.D. at 498.

14       In an effort to reach a cooperative resolution, Plaintiff's counsel suggested to

15  Defendant's counsel that the banks produce the records to Plaintiff's counsel so that a

16  review could be made of what documents exactly are going to be produced by the

17  banks, and then a more particularized meet and confer could be had (*e.g.*, there may be

18  some basic documents Plaintiff would be willing to waive his objection to that may

19  satisfy Defendant's alleged needed information).  Defendant's counsel rejected this

20  argument.  Defendant's counsel suggested applying an "attorneys' eyes only" for two

21  weeks while Plaintiff's counsel reviewed the documents to designate any confidential

22  documents under the protective order.  But that does not achieve much.  Plaintiff's

23  right to privacy includes intrusion by Defendant's counsel.

24       Given the subpoenas as currently drafted and Defendant's refusal to narrow the

25  scope, Plaintiff has no choice but to seek the Court's intervention.  The Court should

26  quash the subpoenas because they violate Plaintiff's constitutional privacy rights and

27  there are less intrusive means for Defendant to obtain the information that it needs to

28  defend itself at trial.

C.    **Defendant's Argument And Proposed Resolution**:

Plaintiff's claimed right to privacy under the California Constitution "is not absolute; it may be bridged to accommodate a compelling public interest." *Moskowitz v. Super. Ct.*, 197 Cal. Rptr.  4 (1982) (citations omitted).  "One such interest, evidenced by California's broad discovery statutes, is the historically important state interest in facilitating the ascertainment of truth in connection with legal proceedings." *Id.* at 7 (internal quotation marks and citation omitted); *see also Valley Bank of Nevada v. Sup. Ct.*, 15 Cal. 3d 652, 656 (Cal. 1975) (holding that "confidential customer information may be disclosed in the course of civil discovery proceedings" so long as banks "take reasonable steps to notify its customer[s] of the pendency and nature of the proceedings and to afford a customer a fair opportunity to assert his interests by . . . seeking an appropriate protective order").  It is not clear what relief Plaintiff seeks—on the one hand he argues that certain California procedural rules should apply to these subpoenas, and on the other he apparently argues that the subpoenas should be quashed altogether and Alta-Dena should be forced to seek the discovery from Plaintiff.  Both arguments are wrong.

*First*, the discovery Alta-Dena seeks is undeniably relevant and likely to lead to the discovery of admissible evidence.  Plaintiff has alleged that Alta-Dena caused him emotional distress on the theory that (1) Alta-Dena wrongfully terminated Plaintiff, (2) as a result of his termination, Plaintiff could not pay his bills and his home was foreclosed on, and (3) his resulting emotional distress from the foreclosure of his home is therefore attributable to Alta-Dena.  Bonn Decl. Ex. 1.  Alta-Dena is entitled to conduct discovery regarding what actually caused the foreclosure of Plaintiff's home—and, indeed, it now appears that Plaintiff defaulted on his mortgage *nearly one year before his termination*.  Bonn Decl. Ex. 3.  However, Alta-Dena cannot seek this discovery from Plaintiff because he has represented that *he has no documents whatsoever relating to his mortgages or his foreclosure*, notwithstanding that the foreclosure occurred post-litigation and that Plaintiff should have preserved any such

2:12-cv-12-01804-GHK-CW
JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION AND SPECIAL INTERROGATORIES

1  documents.  Bonn Decl. Ex. 2.

2  *Second*, California's procedural rules for serving a subpoena regarding financial

3  records do not apply in federal court.  In a diversity action like this one, federal

4  procedural rules apply—including procedural rules regarding the service of subpoenas.

5  Several courts have rejected Plaintiff's argument that California Code of Civil

6  Procedure § 1985.3 applies.  *See, e.g.*, *RBS Securities Inc. v. Plaza Home Mortg., Inc.*,

7  No. 12-cv-2132-JM (MDD), 2012 WL 3957894, at *1 (S.D. Cal. Sep. 10, 2012)

8  (granting motion to compel and holding that a Rule 45 subpoena "is not subject to CCP

9  1985.3 which, by its terms, is limited to subpoenas issued under the CCP"); *McKinney*

10  *v. Dept. of Treasury*, No. CV 96-4422 DDP, 1996 WL 775922, at *1 (C.D. Cal. Sep.

11  25, 1996) (holding "California Code of Civil Procedure section 1985.3" is

12  "inapplicable" because it only "applies when a consumer's personal records are sought

13  by a subpoena duces tecum issued by a *California state court.*") (emphasis added).  In

14  any event, such rules merely codify a procedure that enables a consumer whose

15  financial data is subject to discovery to intervene and seek a protective order.  *See, e.g.*,

16  *Sasson v. Katash*, 194 Cal. Rptr. 46, 48-49 (Cal. Ct. App. 1983) (holding "section

17  1985.3 . . . merely creates a procedure under which a consumer will be apprised that a

18  litigant I seeking discovery of his personal records, and will be given an opportunity to

19  make a motion to quash the proposed subpoena").  The particular procedures outlined

20  in California Code of Civil Procedure § 1985.3 do not have to be followed in Federal

21  Court, and there is no question that Plaintiff received notice of the subpoena and has

22  had the opportunity to seek relief from the Court.

23  *Third*, this Court has already entered a Protective Order which permits Plaintiff

24  to designate material either Confidential or Attorneys' Eyes Only—protections which

25  are sufficient to balance Plaintiff's privacy interests with Alta-Dena's right to conduct

26  discovery and challenge Plaintiff's claim for foreclosure-related damages.  Numerous

27  courts within the Ninth Circuit have reached the same balance.  *See, e.g.*, *Brunsvik v.*

28  *Hartford Life & Acc. Ins. Co.*, No. 11-CV-00014 AWI GSA, 2011 WL 5838221, at *3

1  (E.D. Cal. Nov. 21, 2011) ("The Court recognizes that Plaintiff's financial records are

2  subject to privacy considerations. However, Plaintiff has also made a decision to

3  litigate the instant case and to seek emotional distress damages. . . . Given that

4  Plaintiff's privacy concerns can be addressed with a protective order, it appears that

5  Defendant is entitled to the information."); *TC Skyrocket, LLC v. Superskyrocket, LLC*,

6  No. 06-CV-1765-R (CAB), 2007 WL 1110723, at *1 (S.D. Cal. March 29, 2007)

7  (holding "financial information is relevant to the *alter ego* determination" and that

8  "[i]n consideration of the defendants' privacy concerns, all documents ordered to be

9  produced by this Order are for Attorneys' Eyes Only pursuant to the protective order");

10  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 284 (C.D. Cal. 1998) ("While a

11  party does have an interest in nondisclosure and confidentiality of its financial records,

12  this interest can be adequately protected by a protective order.") (internal quotation

13  marks and citations omitted).  The same result is warranted here.  The Protective Order

14  permits Plaintiff to designate material either Confidential or Attorneys' Eyes Only, and

15  Alta-Dena has agreed to conditionally treat any material received in response to the

16  subpoena as Attorneys' Eyes Only for two weeks while Plaintiff reviews the

17  documents and makes appropriate designations.

18        Plaintiff cites no authority that the Protective Order in this case will not

19  adequately protect his privacy interests, nor does he credibly argue that Alta-Dena's

20  right to discovery can be met absent these subpoenas.  The few cases that Plaintiff cites

21  in which a subpoena was quashed or modified involved irrelevant discovery, as

22  opposed to the relevant requests for financial information that Plaintiff put at issue in

23  this case by seeking damages relating to his foreclosure.  In *Harding Lawson Assoc. v.*

24  *Super Ct.*, 10 Cal. App. 4th 7, 10 (Cal. Ct. App. 1992), the court considered whether a

25  party should have to produce personnel files of persons other than the Plaintiff, which

26  third parties were not relevant to the case.  In *Davis v. Super. Ct.*, 7 Cal. App. 4th

27  1008, 1014 (Cal. Ct. App. 1992), the court concluded that requests for the plaintiff's

28  medical records were overbroad because they sought medical records not related to the

9

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR
PRODUCTION AND SPECIAL INTERROGATORIES

1   claimed injury.  And in *Aliotti v. Vessel Senora*, 217 F.R.D. 496, 498 (N.D. Cal. 2003),

2   the defendants made a request for every check stub, financial statement, and tax return

3   in Plaintiff's possession for a period of five years.  The court declined to order Plaintiff

4   to produce all of the tax returns requested because less intrusive discovery was

5   available, and because special rules—not applicable here—govern whether federal tax

6   returns should be subject to production.  *Id.*

7         Unlike the defendant in *Aliotti*, Alta-Dena cannot obtain equivalent discovery

8   from Plaintiff because he has admitted that he has *kept zero records relating to his*

9   *mortgage(s) and foreclosure*.  Bonn Decl. Ex. 2.  Plaintiff suggests that Alta-Dena

10  should be forced to rely on an interrogatory response from Plaintiff, but Alta-Dena

11  should not be required to trust Plaintiff's word, which will apparently be uninformed

12  by any financial documents whatsoever.  Bonn Decl. Ex. 2.  Plaintiff has previously

13  sworn that his foreclosure resulted from his termination, but Alta-Dena has discovered

14  independently through publicly available records that Plaintiff defaulted on his

15  mortgage well in advance of his termination.  Bonn Decl. Exs. 1, 3.  Alta-Dena is

16  entitled to discovery concerning Plaintiff's mortgage(s), his payments, and his

17  foreclosure in order to challenge his contention that his inability to pay his mortgage

18  resulted from any actions whatsoever on the part of Alta-Dena.  Plaintiff admittedly

19  lacks such documents, and Alta-Dena has properly sought them from the third parties

20  likely to have such documents in their possession.  In the alternative, Plaintiff's

21  damages theory based on his home foreclosure—a theory on which he now seeks to

22  preclude Alta-Dena from conducting discovery—should be disallowed.

23        Here, as in *Brunsvik*, Plaintiff has made the affirmative decision "to seek

24  emotional distress damages," and his "privacy concerns can be addressed by a

25  protective order . . . ."  *Brunsvik*, 2011 WL 5838221, at *3.  The Court should deny

26  Plaintiff's motion to quash.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

DATED: April 15, 2013          THE LAW OFFICES OF
                               TIMOTHY B. McCAFFREY, JR.


                               By /s Natasha Chesler
                                  Natasha Chesler

                                  Attorneys for Plaintiff
                                  Miguel de la Cueva

DATED:  April 23, 2013         SUSMAN GODFREY L.L.P.


                               By /s Amanda Bonn
                                  Amanda Bonn

                                  Attorneys for Defendant
                                  Alta-Dena Certified Dairy, LLC

2:12-cv-12-01804-GHK-CW

JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR
PRODUCTION AND SPECIAL INTERROGATORIES