1  TIMOTHY B. McCAFFREY, JR. (S.B. #192114)
   NATASHA CHESLER (S.B. #227540)
2  THE LAW OFFICES OF TIMOTHY B. McCAFFREY, JR.
   A Professional Corporation
3  11377 West Olympic Boulevard, Suite 500
   Los Angeles, California 90064-1683
4  Telephone: (310) 882-6407
   Facsimile: (310) 882-6359
5
   Attorneys for Plaintiff
6  Miguel de la Cueva

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11 MIGUEL DE LA CUEVA, individually      CASE NO. CV12-01804 GHK (CWx)
   and on behalf of other persons similarly
12 situated,                             DECLARATION OF NATASHA
                                         CHESLER IN SUPPORT OF JOINT
13              Plaintiff,               STIPULATION RE: PLAINTIFF'S
                                         MOTION FOR PROTECTIVE
14      vs.                              ORDER QUASHING SUBPOENAS

15 ALTA DENA CERTIFIED DAIRY,
   LLC,                                  Hearing Date:     May 21, 2013
16 a Delaware Limited Liability Company; Time:             10:00 a.m.
   ALTA-DENA CERTIFIED DAIRY,            Courtroom:        640
17 INC.,
   a Delaware Corporation, and DOES 1
18 through 10, inclusive,
                                         Discovery Cut-Off:    August 6, 2013
19              Defendants.              Pre-Trial Conference: TBD
                                         Trial Date:           TBD
20

21

22

23                                          .

24

25

26

27

28

## DECLARATION OF NATASHA CHESLER

I, Natasha Chesler, declare as follows:

1.     I am an attorney of record for plaintiff Miguel de la Cueva ("Plaintiff" or "Mr. de la Cueva"). If called as a witness, I could and would competently testify to all facts within my personal knowledge except where stated upon information and belief.

2.     Mr. de la Cueva brings the instant action against his former employer Alta Dena Certified Dairy, LLC ("Defendant") alleging individual claims for disability discrimination, failure to accommodate, and wrongful termination, and class action claims on behalf of current and former employees for wage and hour violations stemming from Defendant's failure to provide meal and rest breaks.

3.     Mr. de la Cueva alleges emotional distress as the result of his wrongful termination from Defendant after over twenty years of service. The sudden loss of his job had other affects on Mr. de la Cueva and he ultimately faced foreclosure of his home. Defendant seeks through the instant subpoenas an overbroad array of financial documents relating to any loan or mortgage Mr. de la Cueva has ever had, his credit reports, information pertaining to where loan or mortgage payments came from, and more.

4.     Mr. de la Cueva objects to these subpoenas based on his California Constitutional right to privacy in his financial records. It is Mr. de la Cueva's position that his Constitutional right to privacy outweighs any minimal interest Defendant has in these records and – moreover – the subpoenas as drafted are far too broad. There exists a much more narrowly tailored method to obtain any specific facts Defendant is seeking, such as by special interrogatories to Plaintiff.

5.     A true and correct copy of the subpoenas propounded by Defendant is attached hereto as Exhibit A.

6.     On April 2, 2013, I notified opposing counsel, Amanda Bonn of Plaintiff's objection to the instant subpoenas on the grounds of his constitutional right to privacy. I further proposed as a potentially cooperative resolution to have the

1  financial institutions produce the documents to our office so that Plaintiff and I could
2  review what documents exactly the entities would be producing and hopefully
3  eliminate or at least narrow the issues. A true and correct copy of a document I created
4  setting forth all the applicable emails on this topic in chronological format is attached
5  hereto as Exhibit B. Ms. Bonn and I agreed to discuss the matter further in person on
6  April 8, 2013. (Thus, on April 5, 2013, I notified the agents for the financial
7  institutions that Plaintiff objected to the production of documents based on his right to
8  privacy in his financial records, that Plaintiff and Defendant were in the process of
9  meet and confer efforts, and requested that no documents be produced until the parties
10 either reached a cooperative resolution or the matter was heard by the Court. True and
11 correct copy of these letters are attached hereto as Exhibit C. In addition, Ms. Bonn
12 agreed to a stay of the subpoenas (and not to accept any documents inadvertently
13 produced) until the matter was heard by the Court.)

14      7.     I met with Ms. Bonn in person at our office on Monday April 8, 2013.
15 Ms. Bonn stated that the relevance for this information was because Plaintiff has
16 alleged emotional distress and stated that he went through a foreclosure of his home
17 after being terminated. I again stated that Plaintiff objected on the basis of his
18 constitutional right to privacy and that the subpoenas were not narrowly tailored and,
19 thus, failed to outweigh Plaintiff's privacy rights. I again explained that given the
20 over-broad nature of the subpoenas, the most cooperatively efficient method to handle
21 our dispute was to have the documents produced to my office on April 11, 2013, as
22 called for in the subpoenas, so that Plaintiff and I could get a better understanding of
23 what responsive documents exactly were going to be produced (*i.e.* there may be some
24 basic documents that Plaintiff has no objection to and may satisfy Defendant's alleged
25 informational need) so that we could hopefully narrow, if not eliminate the issues. Ms.
26 Bonn stated that she would get back to me on that proposal.

27

28

8.     On April 9, 2013, Ms. Bonn emailed me and let me know that Defendant would not agree to our proposal, but believed that the protective order at issue in this case should take care of privacy concerns. (Ex. B at 3-4.) Defendant offered to treat documents produced as "attorneys' eyes only" for two weeks to allow Plaintiff to designate any documents pursuant to the protective order. (Id.) I responded that Plaintiff's privacy concerns extended to Defendant's attorneys and, thus, an "attorneys' eyes only" designation would not help matters. (Id.) The subpoenas were just far too broad. I reiterated my proposal to allow Plaintiff a private review of responsive documents so that a determination could be made as to those portion of documents that may not be objectionable on April 11, 2013, but Defendant's counsel never responded. (Id. at 5.) Thus, following a good faith meet and confer, Plaintiff brings the instant motion.

I declare under penalty of perjury under the laws of the State of California, and the United States of America, that the foregoing is true and correct.

Executed April 15, 2013, at Los Angeles, California.

_____
Natasha Chesler

**EXHIBIT A**

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | | |
|---|---|---|
| MIGUEL DE LA CUEVA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. CV12-01804 GHK (CWx) |
| | ) | |
| ALTA DENA CERTIFIED DAIRY, LLC, et al. | ) | (If the action is pending in another district, state where:) |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: U.S. Bancorp, c/o CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: see attachment "A"

| Place: Amanda Bonn c/o Susman Godfrey LLP 1901 Avenue of the Stars, Suite 950 Los Angeles, CA 90067, (310) 789-3100 | Date and Time: 04/11/2013 8:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ____03/27/2013____

| CLERK OF COURT | | |
|---|---|---|
| | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Defendants____ _____, who issues or requests this subpoena, are:

Amanda Bonn, Susman Godfrey LLP, 1901 Avenue of the Stars, Suite 950, Los Angeles, CA 90067, (310) 789-3100, abonn@susmangodfrey.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV12-01804 GHK (CWx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____            _____
                                              *Server's signature*

                                        _____
                                              *Printed name and title*

                                        _____
                                              *Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Alta-Dena Certified Dairy, LLC ("Alta-Dena") hereby requests that You produce all documents described below for inspection and copying to the attention of Amanda Bonn c/o Susman Godfrey L.L.P., 1901 Avenue of the Stars, Suite 950, Los Angeles, CA 90067, (310) 789-3100 on or before April 11, 2013.

The definitions, instructions and rules of construction set forth in Rule 45 of the Federal Rules of Civil Procedure are hereby incorporated by reference into, and expressly made a part of, each and every request contained herein.

## DEFINITIONS AND INSTRUCTIONS

1.     The terms "DOCUMENT" or "DOCUMENTS" mean any and all materials in the broadest sense contemplated by Federal Rules of Civil Procedure 34 and 45, including but not limited to electronic or hard copies of writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, or translated, if necessary, that are in your actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including, but not limited to, computer programs and files containing any requested information).

2.     The term "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.     The term "PLAINTIFF" refers to Miguel de la Cueva, whose date of birth is September 29, 1961 and last four social security numbers are 9529.

4.     The term "PROPERTY" refers to the certain residential real property located in the County of Orange, State of California, which has the address of 7033 El Verano Drive, Buena Park, CA 90620.

5.     The term "PERSON" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6.     The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

7.     The terms "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

8.     The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.     The use of the singular form of any word includes the plural and vice versa.

10.    The terms "YOU" and "YOUR" mean and refer to the entity named in the subpoena, its subsidiaries including their agents and/or employees and persons acting on their behalf; and, the predecessors and successors in interest of each of the foregoing described entities and persons.

## DOCUMENTS REQUESTED

1. All DOCUMENTS CONCERNING PLAINTIFF's open or closed bank loans or mortgage documents, reflecting loans made to or co-signed by PLAINTIFF, including but not limited to loan applications, loan statements, loan ledger sheets, and documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which loan repayments were made.

2. All DOCUMENTS CONCERNING disbursement of the loan proceeds, loan correspondence files, including but not limited to collateral agreements and documents, credit reports, financial statements; notes or other instruments reflecting the obligation to pay, real estate mortgages, chattel mortgages or other security instruments for loans, forms 1099, 1089 or back-up withholding documents, and loan amortization statements.

2

3. All DOCUMENTS CONCERNING PLAINTIFF's loan correspondence files, including but not limited to letters to the bank, letters from the bank, and notes, and memoranda, etc. to the file.

4. All DOCUMENTS CONCERNING PLAINTIFF's failure to pay his mortgage, including but not limited to foreclosure avoidance assessments, loan modification applications, notices of default, notices of sale, and notices to quit.

3

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| | | |
|---|---|---|
| MIGUEL DE LA CUEVA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV12-01804 GHK (CWx) |
| | ) | |
| ALTA DENA CERTIFIED DAIRY, LLC, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Central District of California          ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  First American Title Insurance Company, c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: see attachment "A"

| Place: First Legal Support Services | Date and Time: |
|---|---|
| 1814 I Street, Sacramento, CA  95814 916-444-5111 | 04/11/2013 8:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  ___03/27/2013___

|  CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _Amanda Bonn_____ |
| Signature of Clerk or Deputy Clerk | | Attorney's Signature |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*  Defendants
_____ , who issues or requests this subpoena, are:

Amanda Bonn, Susman Godfrey LLP, 1901 Avenue of the Stars, Suite 950, Los Angeles, CA 90067, (310) 789-3100, abonn@susmangodfrey.com

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  CV12-01804 GHK (CWx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

                                    _____
                                          *Server's signature*

                                      _____
                                        *Printed name and title*

                                      _____
                                        *Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

EXHIBIT - A, PAGE 9

PAGE 12

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Alta-Dena Certified Dairy, LLC ("Alta-Dena") hereby requests that You produce all documents described below for inspection and copying to the attention of First Legal Support Services, 1814 I Street, Sacramento, CA 95814 on or before April 11, 2013.

The definitions, instructions and rules of construction set forth in Rule 45 of the Federal Rules of Civil Procedure are hereby incorporated by reference into, and expressly made a part of, each and every request contained herein.

## DEFINITIONS AND INSTRUCTIONS

1.      The terms "DOCUMENT" or "DOCUMENTS" mean any and all materials in the broadest sense contemplated by Federal Rules of Civil Procedure 34 and 45, including but not limited to electronic or hard copies of writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, or translated, if necessary, that are in your actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including, but not limited to, computer programs and files containing any requested information).

2.      The term "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3.      The term "PLAINTIFF" refers to Miguel de la Cueva, whose date of birth is September 29, 1961 and last four social security numbers are 9529.

4.      The term "PROPERTY" refers to the certain residential real property located in the County of Orange, State of California, which has the address of 7033 El Verano Drive, Buena Park, CA 90620.

5.      The term "PERSON" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6.      The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

7.     The terms "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

8.     The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.     The use of the singular form of any word includes the plural and vice versa.

10.    The terms "YOU" and "YOUR" mean and refer to the entity named in the subpoena, its subsidiaries including their agents and/or employees and persons acting on their behalf; and, the predecessors and successors in interest of each of the foregoing described entities and persons.

## DOCUMENTS REQUESTED

1.  All DOCUMENTS CONCERNING PLAINTIFF's open or closed bank loans or mortgage documents, reflecting loans made to or co-signed by PLAINTIFF, including but not limited to loan applications, loan statements, loan ledger sheets, and documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which loan repayments were made.

2.  All DOCUMENTS CONCERNING disbursement of the loan proceeds, loan correspondence files, including but not limited to collateral agreements and documents, credit reports, financial statements; notes or other instruments reflecting the obligation to pay, real estate mortgages, chattel mortgages or other security instruments for loans, forms 1099, 1089 or back-up withholding documents, and loan amortization statements.

3.  All DOCUMENTS CONCERNING PLAINTIFF's loan correspondence files, including but not limited to letters to the bank, letters from the bank, and notes, and memoranda, etc. to the file.

2

4.  All DOCUMENTS CONCERNING PLAINTIFF's failure to pay his mortgage, including but not limited to foreclosure avoidance assessments, loan modification applications, notices of default, notices of sale, and notices to quit.

EXHIBIT - A, PAGE 12
PAGE 15

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Central District of California

| | | |
|---|---|---|
| MIGUEL DE LA CUEVA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   CV12-01804 GHK (CWx) |
| | ) | |
| ALTA DENA CERTIFIED DAIRY, LLC, et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Commonwealth Land Title Company, c/o CT Corporation System, 818 W. Seventh Street, Los Angeles, CA 90017

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: see attachment "A"

| Place: Amanda Bonn c/o Susman Godfrey LLP<br>1901 Avenue of the Stars, Suite 950<br>Los Angeles, CA 90067, (310) 789-3100 | Date and Time:<br>04/11/2013 8:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:    03/27/2013

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    **Defendants**
_____, who issues or requests this subpoena, are:

Amanda Bonn, Susman Godfrey LLP, 1901 Avenue of the Stars, Suite 950, Los Angeles, CA 90067, (310) 789-3100, abonn@susmangodfrey.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. CV12-01804 GHK (CWx)

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ____0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Alta-Dena Certified Dairy, LLC ("Alta-Dena") hereby requests that You produce all documents described below for inspection and copying to the attention of Amanda Bonn c/o Susman Godfrey L.L.P., 1901 Avenue of the Stars, Suite 950, Los Angeles, CA 90067, (310) 789-3100 on or before April 11, 2013.

The definitions, instructions and rules of construction set forth in Rule 45 of the Federal Rules of Civil Procedure are hereby incorporated by reference into, and expressly made a part of, each and every request contained herein.

### DEFINITIONS AND INSTRUCTIONS

1. The terms "DOCUMENT" or "DOCUMENTS" mean any and all materials in the broadest sense contemplated by Federal Rules of Civil Procedure 34 and 45, including but not limited to electronic or hard copies of writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, or translated, if necessary, that are in your actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including, but not limited to, computer programs and files containing any requested information).

2. The term "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. The term "PLAINTIFF" refers to Miguel de la Cueva, whose date of birth is September 29, 1961 and last four social security numbers are 9529.

4. The term "PROPERTY" refers to the certain residential real property located in the County of Orange, State of California, which has the address of 7033 El Verano Drive, Buena Park, CA 90620.

5. The term "PERSON" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6.     The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

7.     The terms "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

8.     The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.     The use of the singular form of any word includes the plural and vice versa.

10.    The terms "YOU" and "YOUR" mean and refer to the entity named in the subpoena, its subsidiaries including their agents and/or employees and persons acting on their behalf; and, the predecessors and successors in interest of each of the foregoing described entities and persons.

## DOCUMENTS REQUESTED

1. All DOCUMENTS CONCERNING PLAINTIFF's open or closed bank loans or mortgage documents, reflecting loans made to or co-signed by PLAINTIFF, including but not limited to loan applications, loan statements, loan ledger sheets, and documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which loan repayments were made.

2. All DOCUMENTS CONCERNING disbursement of the loan proceeds, loan correspondence files, including but not limited to collateral agreements and documents, credit reports, financial statements; notes or other instruments reflecting the obligation to pay, real estate mortgages, chattel mortgages or other security instruments for loans, forms 1099, 1089 or back-up withholding documents, and loan amortization statements.

2

3.  All DOCUMENTS CONCERNING PLAINTIFF's loan correspondence files, including but not limited to letters to the bank, letters from the bank, and notes, and memoranda, etc. to the file.

4.  All DOCUMENTS CONCERNING PLAINTIFF's failure to pay his mortgage, including but not limited to foreclosure avoidance assessments, loan modification applications, notices of default, notices of sale, and notices to quit.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of California

| | | |
|---|---|---|
| MIGUEL DE LA CUEVA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. CV12-01804 GHK (CWx) |
| | ) | |
| ALTA DENA CERTIFIED DAIRY, LLC., et al. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | Central District of California ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Wells Fargo Bank, N.A., c/o CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: see attachment "A"

| Place: First Legal Support Services 1814 I Street, Sacramento, CA 95814 916-444-5111 | Date and Time: 04/11/2013 8:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: ___03/27/2013___

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ___Defendants___ _____ , who issues or requests this subpoena, are:

Amanda Bonn, Susman Godfrey LLP, 1901 Avenue of the Stars, Suite 950, Los Angeles, CA 90067, (310) 789-3100, abonn@susmangodfrey.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   CV12-01804 GHK (CWx)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

EXHIBIT - A, PAGE 20
PAGE 23

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Alta-Dena Certified Dairy, LLC ("Alta-Dena") hereby requests that You produce all documents described below for inspection and copying to the attention of First Legal Support Services, 1814 I Street, Sacramento, CA 95814 on or before April 11, 2013.

The definitions, instructions and rules of construction set forth in Rule 45 of the Federal Rules of Civil Procedure are hereby incorporated by reference into, and expressly made a part of, each and every request contained herein.

## DEFINITIONS AND INSTRUCTIONS

1. The terms "DOCUMENT" or "DOCUMENTS" mean any and all materials in the broadest sense contemplated by Federal Rules of Civil Procedure 34 and 45, including but not limited to electronic or hard copies of writings, drawings, graphs, charts, photographs, phone records, and other data compilations from which information can be obtained, or translated, if necessary, that are in your actual or constructive custody, possession, or control, regardless of the medium on which they are produced, reproduced, or stored (including, but not limited to, computer programs and files containing any requested information).

2. The term "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

3. The term "PLAINTIFF" refers to Miguel de la Cueva, whose date of birth is September 29, 1961 and last four social security numbers are 9529.

4. The term "PROPERTY" refers to the certain residential real property located in the County of Orange, State of California, which has the address of 7033 El Verano Drive, Buena Park, CA 90620.

5. The term "PERSON" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

6. The term "CONCERNING" means relating to, referring to, describing, evidencing or constituting.

7.     The terms "ALL," "ANY," and "EACH" shall each be construed as encompassing any and all.

8.     The connectives "AND" and "OR" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.     The use of the singular form of any word includes the plural and vice versa.

10.    The terms "YOU" and "YOUR" mean and refer to the entity named in the subpoena, its subsidiaries including their agents and/or employees and persons acting on their behalf; and, the predecessors and successors in interest of each of the foregoing described entities and persons.

## DOCUMENTS REQUESTED

1. All DOCUMENTS CONCERNING PLAINTIFF's open or closed bank loans or mortgage documents, reflecting loans made to or co-signed by PLAINTIFF, including but not limited to loan applications, loan statements, loan ledger sheets, and documents (checks, debit memos, cash in tickets, wires in, etc.,) reflecting the means by which loan repayments were made.

2. All DOCUMENTS CONCERNING disbursement of the loan proceeds, loan correspondence files, including but not limited to collateral agreements and documents, credit reports, financial statements; notes or other instruments reflecting the obligation to pay, real estate mortgages, chattel mortgages or other security instruments for loans, forms 1099, 1089 or back-up withholding documents, and loan amortization statements.

3. All DOCUMENTS CONCERNING PLAINTIFF's loan correspondence files, including but not limited to letters to the bank, letters from the bank, and notes, and memoranda, etc. to the file.

4. All DOCUMENTS CONCERNING PLAINTIFF's failure to pay his mortgage, including but not limited to foreclosure avoidance assessments, loan modification applications, notices of default, notices of sale, and notices to quit.

EXHIBIT - A, PAGE 24
PAGE 27

**EXHIBIT B**

**Date:** Tuesday, April 02, 2013 1:41 PM
**From:** Natasha Chesler
**To:** Amanda Bonn
**Subject:** Re: De La Cueva v. Alta-Dena: Discovery and Related Issues

Amanda, The answers to the items you raised are below. Most of these
questions have to do with Plaintiff's individual claims, which we agreed to
hold off until the parties had completed briefing the class certification
motion. As you know, our reply brief was just filed yesterday. In any event,
please let me know if you have any further questions. I am unable to meet in
person today, but can do a conference call later this afternoon or most of
tomorrow. Please let me know what works for you. Thanks.

(1) Communications With Represented Parties – I addressed this item in my
email of March 25, 2013. Please let us know if you have any further
questions or concerns.

(2) We currently represent Scott Parker and Juan Perez. We do not formally
represent the remaining declarants at this time.

(3) As Plaintiff testified when you deposed him, he does not know how to
use email. His wife may have used these email addresses at one time only to
receive emails on his behalf, and they would have been printed out and
given to him. He has no emails responsive or related to this litigation and is
unaware of any.

(4) Plaintiff does not have documents regarding the foreclosure of his home.
While we believe the issue is relevant to his damages, your recent subpoenas
go far beyond what is necessary. (As does the document requests you
identify below.) The right to privacy as you know, is a balancing act. We
believe Defendant's subpoenas violate Mr. de la Cueva's and third parties'
right to privacy to an extent incommensurate with Defendant's legitimate
discovery needs. As a proposed solution, we can have the documents
produced to our office so that we may review, redact, personally identifying
information, and then meet and confer further if necessary (or just produce
the documents). We can also meet and confer to discuss narrowing the
scope. In the meantime, we request that you notify those served with
subpoenas (U.S. Bancorp, First American Title Insurance Company,
Commonwealth Land Title Company, and Wells Fargo Bank, N.A.) to hold
off on production until we reach a cooperative solution or address the issue

1

with the Magistrate Judge. Please let me know. In the meantime, if you have any authority for the production of the documents, please provide it.

(5) Plaintiff has no documentation concerning his medication other than what we have produced. Given that Defendant has subpoenaed this information from CVS, this issue appears to be moot.

(6) I thought we had addressed this issue when we provided a supplemental response concerning damages. Nevertheless, in the spirit of cooperation, if you still want a supplemental response re missed meal/rest periods, we will provide one no later than April 16, 2013.

(7) Defendant questioned Plaintiff at his deposition for specifics as to what employers he applied to in looking for work. Thus, Defendant already has this information and it seems intended solely to harass.

(8) I have not seen in Defendant's production or discovery responses information concerning the value of Plaintiff's benefit load, and the cost to defendant to provide it. Please either direct us to this information and we will supplement our responses in a reasonable time thereafter. I further note, as we discussed earlier, the value of Plaintiff's benefit load will likely be the subject for expert testimony.

(9) I will send you a signed verification for Plaintiff's supplemental interrogatory responses.


**Date:** Thursday, April 04, 2013 1:19 PM
**From:** Amanda Bonn
**To:** Natasha Chesler
**Subject:** Re: De La Cueva v. Alta-Dena: Discovery and Related Issues


Natasha,
It seems there remain some outstanding areas of dispute, namely: your efforts to preserve and review documents in email accounts over which Plaintiff has possession, custody or control; Plaintiff's documents concerning his mortgage(s) as outlined in the categories I listed in my initial email; the subpoenas we have served on various entities concerning

2

Plaintiff's mortgage(s) etc.; and the issue concerning Plaintiff's benefit load.

I propose we meet and confer on Monday and I'm happy to come to your office to do so. Please let me know what time works for you.


-Amanda

**Date:** Thursday, April 04, 2013 3:57 PM
**From:** Natasha Chesler
**To:** Amanda Bonn
**Subject:** Re: De La Cueva v. Alta-Dena: Discovery and Related Issues


I can meet at 1:30 or 2 on Monday at our office.  Thanks.


**Date:** Thursday, April 04, 2013 3:58 PM
**From:** Amanda Bonn
**To:** Natasha Chesler
**Subject:** Re: De La Cueva v. Alta-Dena: Discovery and Related Issues

Natasha,
Monday at 2 p.m. works for me. See you then.

Thanks,

Amanda


**Date:** Tuesday, April 9, 2013 4:05 PM
**From:** Amanda Bonn
**To:** Natasha Chesler
**Subject:** De La Cueva:  Subpoenas

Natasha,
Yesterday we discussed Plaintiff's concern that confidential information may be produced by third party banks, etc. in response to our recently-served subpoenas regarding Plaintiff's foreclosure and related issues. We do not think this is an issue, given the Protective Order and the fact that

3

Plaintiff's damages model includes a category of damages allegedly based
on the foreclosure of Plaintiff's home. But we are happy to propose
alternative options as part of the meet and confer process.

We will agree to treat any documents produced in response to such
subpoenas as Attorneys' Eyes Only pursuant to the Protective Order for 2
weeks after receipt. That will provide Plaintiff with an opportunity to review
the documents and make any designations he deems appropriate pursuant to
the Protective Order. We cannot, however, agree to your prior proposal that
documents be produced to Plaintiff in the first instance subject to Plaintiff's
unilateral redactions.

Please let us know whether this compromise is agreeable. We think this
should address Plaintiff's concern regarding confidentiality while avoiding a
motion to quash. If you intend to file a motion to quash, however, we intend
to oppose the motion and you should so inform the Court.

-Amanda


**Date:** Wednesday, April 10, 2013 1:05 PM
**From:** Natasha Chesler
**To:** Amanda Bonn
**Subject:** De La Cueva:  Subpoenas


Amanda, Plaintiff's right to privacy includes intrusion by outside counsel, so
the protective order and and "attorneys eyes only" does not change anything.
 We do not believe that his emotional distress from the foreclosure of his
home necessitates the production of the vast array of financial documents
Defendant seeks in its subpoenas.  We will, accordingly prepare a motion to
quash and we request that you do not accept any documents from the
responding parties (whom we have also notified of our objections) until the
motion is heard by the Court.  Again, I believe the simplest solution is to
have the documents produced to our firm on April 11 (as currently
requested) so that Plaintiff can at least understand exactly what is contained
in the production, at which point we may withdraw our objection.  This is
the most time-effective way to handle this.  Please let me know if you
change your mind on that proposal.  Otherwise, we will begin preparing the
motion.  Thanks.

**Date:** Wednesday, April 10, 2013 6:05 PM
**From:** Amanda Bonn
**To:** Natasha Chesler
**Subject:** De La Cueva:  Subpoenas

Natasha,
Plaintiff still has not articulated any specific objection to the scope of the subpoenas, other than to say generally that he has privacy and relevance concerns. Your statements during our conference and in your email below seem to indicate that Plaintiff doesn't know what his objection is and won't know whether he even has an objection until he sees the documents actually produced in response to the subpoenas.  We think any motion to quash under these circumstances is meritless.

In light of our efforts during the past week to meet and confer, we will agree not to accept production of documents in response to the subpoenas so long as Plaintiff sends us his portion of the joint stipulation regarding his motion to quash pursuant to Local Rule 37 by Monday, 4/15.  We will not agree to delay indefinitely while waiting for Plaintiff to file a motion, however, since the deadline for Plaintiff to file a motion to quash is actually tomorrow.

Regards,

Amanda


**Date:** Thursday, April 11, 2013 10:34 AM
**From:** Natasha Chesler
**To:** Amanda Bonn
**Subject:** De La Cueva:  Subpoenas

Amanda, plaintiff's objection has been clearly articulated several times - it is based on his constitutional right to privacy.  We will provide our portion of the joint stipulation on Monday per your request. I reiterate again, however, that if the documents are produced to us today per the subpoenas, then that may obviate the need for motion work for both of us. Thus, it seems worth a shot to me to at least try and cooperatively resolve it that way and if not then we can still proceed as planned.

**EXHIBIT C**

The Law Offices of
# Timothy B. McCaffrey, Jr.
*A Professional Corporation*

11377 West Olympic Boulevard Suite 500
Los Angeles, California 90064-1683
Telephone (310) 882-6407
Facsimile (310) 882-6359
nchesler@tbmlaw.net


April 5, 2013


**VIA FEDERAL EXPRESS**

U.S. Bancorp
c/o CT Corporation System
818 W. Seventh Street
Los Angeles, CA 90017

> **Re:**     ***De la Cueva v. Alta Dena Certified Dairy, LLC***

Dear Custodian of Records:

We are counsel for plaintiff Miguel de la Cueva ("Mr. de la Cueva") in the above-referenced matter. I write regarding the subpoena recently served upon U.S. Bancorp by the defendant, Alta Dena Certified Dairy, LLC, which calls for the production of Mr. de la Cueva's confidential financial records on April 11, 2013. Please be advised that Mr. de la Cueva objects to the production of these records based on his right to privacy in financial and consumer records. Notice is hereby given that Mr. de la Cueva will be bringing a motion in California Central District Court to quash, or in the alternative, modify the subpoena. Mr. de la Cueva has given notice of these objections to defendant Alta Dena, and in the meantime is attempting to reach a cooperative resolution to these issues.

Thus, until an agreement is reached between Mr. de la Cueva and defendant Alta Dena, or until Mr. de la Cueva's motion to quash the subpoena is heard by the Court, <u>Mr. de la Cueva demands that you do not produce his records</u>. Should you have any questions, or wish to discuss anything further, please feel free to contact me.

Very truly yours,

Natasha Chesler

cc: Amanda Bonn, Esq. (counsel for Alta Dena Certified Dairy, LLC)

The Law Offices of

# Timothy B. McCaffrey, Jr.

*A Professional Corporation*

11377 West Olympic Boulevard Suite 500
Los Angeles, California  90064-1683
Telephone (310) 882-6407
Facsimile  (310) 882-6359
nchesler@tbmlaw.net


April 5, 2013


**VIA FEDERAL EXPRESS**

First American Title Insurance Company
c/o CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA  95833


      **Re:**   *De la Cueva v. Alta Dena Certified Dairy, LLC*


Dear Custodian of Records:

     We are counsel for plaintiff Miguel de la Cueva ("Mr. de la Cueva") in the above-referenced matter.  I write regarding the subpoena recently served upon U.S. Bancorp by the defendant, Alta Dena Certified Dairy, LLC, which calls for the production of Mr. de la Cueva's confidential financial records on April 11, 2013.  Please be advised that Mr. de la Cueva objects to the production of these records based on his right to privacy in financial and consumer records.  Notice is hereby given that Mr. de la Cueva will be bringing a motion in California Central District Court to quash, or in the alternative, modify the subpoena.  Mr. de la Cueva has given notice of these objections to defendant Alta Dena, and in the meantime is attempting to reach a cooperative resolution to these issues.

     Thus, until an agreement is reached between Mr. de la Cueva and defendant Alta Dena, or until Mr. de la Cueva's motion to quash the subpoena is heard by the Court, <u>Mr. de la Cueva demands that you do not produce his records</u>.  Should you have any questions, or wish to discuss anything further, please feel free to contact me.

Very truly yours,

Natasha Chesler

cc:  Amanda Bonn, Esq. (counsel for Alta Dena Certified Dairy, LLC)

The Law Offices of

# Timothy B. McCaffrey, Jr.

*A Professional Corporation*

11377 West Olympic Boulevard Suite 500
Los Angeles, California  90064-1683
Telephone (310) 882-6407
Facsimile  (310) 882-6359
nchesler@tbmlaw.net

April 5, 2013

**VIA FEDERAL EXPRESS**

Commonwealth Land Title Company
c/o CT Corporation System
818 W. Seventh Street
Los Angeles, CA  90017

Re:     *De la Cueva v. Alta Dena Certified Dairy, LLC*

Dear Custodian of Records:

We are counsel for plaintiff Miguel de la Cueva ("Mr. de la Cueva") in the above-referenced matter.  I write regarding the subpoena recently served upon Commonwealth Land Title Company by the defendant, Alta Dena Certified Dairy, LLC, which calls for the production of Mr. de la Cueva's confidential financial records on April 11, 2013.  Please be advised that Mr. de la Cueva objects to the production of these records based on his right to privacy in financial and consumer records.  Notice is hereby given that Mr. de la Cueva will be bringing a motion in California Central District Court to quash, or in the alternative, modify the subpoena.  Mr. de la Cueva has given notice of these objections to defendant Alta Dena, and in the meantime is attempting to reach a cooperative resolution to these issues.

Thus, until an agreement is reached between Mr. de la Cueva and defendant Alta Dena, or until Mr. de la Cueva's motion to quash the subpoena is heard by the Court, Mr. de la Cueva demands that you do not produce his records.  Should you have any questions, or wish to discuss anything further, please feel free to contact me.

Very truly yours,

Natasha Chesler

cc:  Amanda Bonn, Esq. (counsel for Alta Dena Certified Dairy, LLC)

The Law Offices of

# Timothy B. McCaffrey, Jr.

*A Professional Corporation*

11377 West Olympic Boulevard Suite 500
Los Angeles, California  90064-1683
Telephone  (310) 882-6407
Facsimile  (310) 882-6359
nchesler@tbmlaw.net

April 5, 2013

**VIA FEDERAL EXPRESS**

Wells Fargo Bank, N.A.
c/o CSC – Lawyers Incorporating Service
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA  95833

            **Re:**   *De la Cueva v. Alta Dena Certified Dairy, LLC*

Dear Custodian of Records:

        We are counsel for plaintiff Miguel de la Cueva ("Mr. de la Cueva") in the above-referenced matter.  I write regarding the subpoena recently served upon Wells Fargo Bank, N.A. by the defendant, Alta Dena Certified Dairy, LLC, which calls for the production of Mr. de la Cueva's confidential financial records on April 11, 2013.  Please be advised that Mr. de la Cueva objects to the production of these records based on his right to privacy in financial and consumer records.  Notice is hereby given that Mr. de la Cueva will be bringing a motion in California Central District Court to quash, or in the alternative, modify the subpoena.  Mr. de la Cueva has given notice of these objections to defendant Alta Dena, and in the meantime is attempting to reach a cooperative resolution to these issues.

        Thus, until an agreement is reached between Mr. de la Cueva and defendant Alta Dena, or until Mr. de la Cueva's motion to quash the subpoena is heard by the Court, <u>Mr. de la Cueva demands that you do not produce his records</u>.  Should you have any questions, or wish to discuss anything further, please feel free to contact me.

                        Very truly yours,

                        Natasha Chesler

cc:  Amanda Bonn, Esq. (counsel for Alta Dena Certified Dairy, LLC)