*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1804–GHK (CWx) | Date | May 9, 2013 |
|---|---|---|---|
| Title | *Miguel De La Cueva v. Alta Dena Certified Dairy, LLC, et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **(In Chambers) Order re:** Motion to Certify Class (Dkt. No. 45)

This matter is before us on Plaintiff Miguel De La Cueva's ("Plaintiff") Motion to Certify Class ("Motion"). We have considered the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. *See* L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.     Background**

Plaintiff filed this action against Alta Dena Certified Dairy, LLC ("Defendant" or "Alta Dena"), his former employer, asserting both wage and hour class claims and individual employment discrimination claims.

Alta Dena "manufactures, distributes, and exports dairy and beverage products in Southern California." (Mot. Ex. 113 at 2:25-27). Plaintiff "is a former truck driver for Alta Dena, who drove and delivered dairy products from Alta Dena's location in the City of Industry to Alta-Dena's California customers." (Dkt. No. 20, at 1). With respect to his wage and hour class claims, Plaintiff alleges that Alta Dena "had a corporate policy and/or practice that did not permit 'drivers' (such as Plaintiff) from taking [*sic*] a meal and/or rest break until a shipment was completed (*i.e.*, driven [*sic*] from Defendant's principal place of business in the City of Industry to another local California delivery destination)." (Compl. ¶ 39). The routes often last longer than four hours, and if a driver had two routes in a single day, Alta Dena "would neither authorize nor permit a meal and/or rest break in between the two routes because that would delay delivery." (*Id.*). "This . . . meant that Plaintiff, and other drivers, often went six (6) hours if not longer without a meal and/or rest break." (*Id.*). Because the drivers were not authorized or permitted to take a meal and/or rest break, they also received less wages than what was due to them on the next pay check and/or at termination. (*Id.*).

Based on the foregoing, Plaintiff asserts the following four claims on behalf of the class: (1) failure to provide meal and/or rest breaks in violation of Cal. Labor Code §§ 226.7, 512; (2) failure to

P/SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1804–GHK (CWx) | Date | May 9, 2013 |
|---|---|---|---|
| Title | *Miguel De La Cueva v. Alta Dena Certified Dairy, LLC, et al.* | | |

pay all wages due upon termination of employment in violation of Cal. Labor Code §§ 201-203; (3) failure to provide accurate paystub in violation of Cal. Labor Code § 226; and (4) violation of UCL.

Individually, Plaintiff also asserts the following claims based on allegations that Alta Dena prevented him from exercising his disability rights, including his right to take medical leaves: (5) disability discrimination in violation of FEHA; (6) failure to provide reasonable accommodation in violation of FEHA; (7) failure to engage in the interactive process in violation of FEHA; (8) retaliation in violation of FEHA; (9) violation of Cal. Labor Code § 1102.5; (10) wrongful discharge in violation of public policy; and (11) intentional infliction of emotional distress.

On February 19, 2013, Plaintiff filed the instant Motion to certify the following Class: All persons employed by Alta Dena Certified Dairy, LLC as a driver in California, including wholesale drivers, retail drivers, and transport drivers, from March 2008 until the time of final judgment in this action.[1]  Plaintiff "moves for class certification based on non-compliant, *uniform policies and company-wide practices*, resulting in class-wide: (1) unprovided meal and rest breaks; (2) unprovided wages and/or forfeiture of earned wages; (3) unprovided accurate paystubs; and (4) waiting time penalties." (Mot. 1).

**II.    Analysis**

To obtain certification as a Rule 23(b)(3) class, Plaintiff bears the burden of establishing the requirements of Rule 23(a) and (b)(3), including that he "will fairly and adequately protect the interests of the class." Rule 23(a)(4).  We find and conclude that Plaintiff cannot adequately represent the class for three reasons.

First, he lacks standing to seek penalties for the inaccurate paystub claim under Cal. Labor Code § 226. "The statute of limitations on a claim for § 226(a) penalties is one year . . . ." *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *14 (C.D. Cal. June 22, 2012); *see also Hoffman v. Uncle P Prods., LLC*, 2008 WL 1887087, at *5 (Ct. App. Apr. 30, 2008) ("[W]age statement claims [are] in the nature of a penalty subject to the one year statute of limitations of [CCP § 340(a)].").  Plaintiff does not dispute that he was terminated on December 27, 2010, (Opp'n, Ex. M., at 11), and received his last paystub more than one year before the filing of this action on March 2, 2012.  Accordingly, he has no standing to seek penalties and cannot adequately represent class members who wish to seek penalties

---

[1] Plaintiff's Motion actually seeks to certify "[a]ll persons employed by Alta Dena Certified Dairy, LLC and its successor Dean Transportation, Inc." (Mot. 2).  Just days before the class certification motion deadline, Plaintiff filed an ex parte application to add, *inter alia*, four new Defendants, including Dean Transportation, Inc.  We denied the application on February 19, 2013, the same day this Motion was filed.  Thus, we deem Plaintiff's Motion to seek certification of all persons employed by Alta Dena Certified Dairy, LLC only.

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1804–GHK (CWx) | Date | May 9, 2013 |
|---|---|---|---|
| Title | *Miguel De La Cueva v. Alta Dena Certified Dairy, LLC, et al.* | | |

under § 226(e).[1] *See* Newberg on Class Actions § 3:59 (5th ed.) ("If a court finds that standing is lacking, then adequacy will be as well, for a plaintiff cannot be an adequate representative for claims she does not have standing to pursue.").

Second, Plaintiff, as a former employee, lacks standing to seek injunctive relief – which he sought in his Complaint, (Compl. ¶ 66), and continues to seek in his Motion, (*see* Reply 24) – on behalf of current employees. In *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 988 (9th Cir. 2011), the Ninth Circuit held that "only current employees have standing to seek injunctive relief." *See also* Newberg on Class Actions § 3.59 (recognizing *Ellis*'s holding in this respect). As a result, inasmuch as Plaintiff purports to seek injunctive relief on behalf of current employees, he cannot adequately represent their interests in obtaining prospective relief.

Finally, Plaintiff's individual claims give rise to potential conflicts of interest that are more than speculative. We are not convinced by Plaintiff's assertion that "nothing about the individual claims impacts or otherwise affects Plaintiff's desire to fully and vigorously pursue the class wide wage and hour claims" because "the class claims for unpaid wages and associated penalties are not available by virtue of Plaintiff's individual wrongful termination claims." (Mot. 10). While it may be true that the class claims and individual claims seek to remedy different injuries, Plaintiff has specifically testified that his "no.1 interest in this lawsuit is to try to get [his] job back with Alta Dena" and that there is "nothing else more important than [his] job." (Opp'n Ex. B, Pl's Dep. 10:15-11:14). This testimony suggests that he is likely to prioritize his individual claims over the class claims, which makes the possibility that he would compromise his class claims in favor of his individual claims more than speculative, especially in the context of, for instance, a global settlement of all claims. Moreover, because his individual discrimination claims necessarily broaden the scope of discovery – for instance, into the details of his performance during his employment and the "true" reason for his termination – his credibility would be under greater scrutiny at trial than a typical class representative who asserts only wage and hour claims. This has the real potential to unnecessarily detract attention away from the class's substantive claims.

Plaintiff's offer to stay his individual claims until the resolution of the class claims does not abate our concerns. Unlike the plaintiff in *Krzesniak v. Cendant Corp.*, 2007 WL 1795703, at *11 (N.D. Cal. June 20, 2007), who offered to dismiss his individual claims if they prevented the court from

---

[1] Plaintiff's argument that he has standing to seek actual damages under § 226(e) is neither here nor there. That the statute of limitations for actual damages under § 226(a) may be three years, *see Hernandez*, 2012 WL 2373372, at *14, merely precludes us from finding that the claim is time-barred. It does not change the fact that Plaintiff cannot seek penalties and therefore cannot adequately represent class members who wish to seek penalties under § 226(e). *Cf.* Newberg on Class Actions § 3:59 (noting that where the statute allows for either actual damages or statutory damages, "courts generally allow the class representative to pursue only statutory damage claims, and to deliberately eschew actual damage claims . . . even if pursuing actual damage claims might be to the advantage of some class members," in part because "class-wide proof is made easier when the damages are set by statute and remain constant across the class").

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1804–GHK (CWx) | Date | May 9, 2013 |
|---|---|---|---|
| Title | *Miguel De La Cueva v. Alta Dena Certified Dairy, LLC, et al.* | | |

finding him an adequate representative, Plaintiff here offers only to stay his individual claims. A stay would not alleviate the potential conflict of interest nor preclude the Parties from entering into a global settlement discussion, wherein Plaintiff could still compromise the class claims in favor of his individual claims. Moreover, because we did not bifurcate discovery, Defendant is simultaneously obtaining evidence relating to both the class and individual claims, making it still possible for Defendant to incorporate relevant evidence from Plaintiff's individual claims to undermine his credibility at trial on the class claims.

Accordingly, Plaintiff is an inadequate representative.

Without citing any authorities, Plaintiff requests that we substitute Juan Perez as the class representative in the event we find Plaintiff inadequate. We decline to do so under the facts of this case. As a preliminary matter, we note that many district courts in this circuit permit substitution only after a class has been certified. *See, e.g.*, *Miller v. Mercedes-Benz USA LLC*, 2009 WL 1393488, at *1-2 (C.D. Cal. May 15, 2009); *Sanchez v. Wal Mart Stores, Inc.*, 2009 WL 2971553, at *3 (E.D. Cal. Sept. 11, 2009); *Velazquez v. GMAC Mortg. Corp.*, 2009 WL 2959838, at *3 (C.D. Cal. Sept. 10, 2009). Moreover, even if we were inclined to permit substitution of another named plaintiff at class certification so long as the other Rule 23 requirements are met,[2] substituting Perez would make this case unmanageable because it would effectively create two distinct, at best peripherally related, actions – i.e., Plaintiff's employment discrimination action plus Perez's wage and hour class action – under the guise of one action. Plaintiff cites no authority, and we found none, which suggests that this type of joinder is appropriate.[3] Accordingly, Plaintiff's request to substitute Perez is denied.[4]

**III.    Conclusion**

Based on the foregoing, Plaintiff's Motion is **DENIED**. This action shall proceed as Plaintiff's individual action.

---

[2] *See, e.g.*, *Nat'l Federation of Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1201 (N.D. Cal. 2007); *Tait v. BSH Home Appliances Corp.*, --- F.R.D. ---, 2012 WL 6600247, at *8 (C.D. Cal. 2012); Manual for Complex Litig., § 21.26 (4th ed.) ("The court may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification.").

[3] Moreover, we note that inasmuch as Perez is also a former employee who lack standing to seek injunctive relief on behalf of current employees, substituting him will not cure all of Plaintiff's inadequacies.

[4] Because our denial of Plaintiff's substitution request is based on the unique manageability problem presented by the facts of this case, we do not decide (1) whether, in the absence of such problem, we would allow substitution on the class certification motion; or (2) whether Plaintiff has otherwise met the other Rule 23 requirements.

*P/SEND*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1804–GHK (CWx) | Date | May 9, 2013 |
|---|---|---|---|
| Title | *Miguel De La Cueva v. Alta Dena Certified Dairy, LLC, et al.* | | |

**IT IS SO ORDERED**.

                                                                                                                         :

Initials of Preparer    IR for  Bea