TIMOTHY B. McCAFFREY, JR. (S.B. #192114)
NATASHA CHESLER (S.B. #227540)
THE LAW OFFICES OF TIMOTHY B. McCAFFREY, JR.
A Professional Corporation
11377 West Olympic Boulevard, Suite 500
Los Angeles, California 90064-1683
Telephone: (310) 882-6407
Facsimile: (310) 882-6359

Attorneys for Plaintiff
Miguel de la Cueva

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL DE LA CUEVA, individually and on behalf of other persons similarly situated,<br><br>  Plaintiff,<br><br>vs.<br><br>ALTA DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company; ALTA-DENA CERTIFIED DAIRY, INC., a Delaware Corporation, and DOES 1 through 10, inclusive,<br><br>  Defendants. | CASE NO. CV12-01804 GHK (CWx)<br><br>**SUPPLEMENTAL BRIEF IN FURTHER OPPOSITION TO JOINT STIPULATION RE DEFENDANT ALTA-DENA CERTIFIED DAIRY, LLC'S MOTION TO COMPEL DISCOVERY**<br><br>Hearing Date: July 30, 2013<br>Time: 10:00 a.m.<br>Courtroom: 640<br><br>Discovery Cut-Off: August 6, 2013<br>Pre-Trial Conference: TBD<br>Trial Date: TBD |

Defendant's supplemental brief is full of more red-herrings and neglects the vital point that with respect to the vast majority of its motion, Defendant <u>never</u> engaged in a meaningful meet and confer.

<u>Verifications</u>:  Plaintiff is a truck driver who works a graveyard shift, does not have a computer – or know how to use one – or a fax machine.  Defendant now asserts that Plaintiff promised to provide the declarations before Plaintiff's deposition, but that the deposition had not been set.  This simply is untrue.  As reflected in Exhibit A of the Declaration of Natasha Chesler originally submitted, the parties agreed to commence the deposition on Friday, June 28, 2013.  Defendant, however, cancelled the deposition two days before it was to start.  (Supplemental Chesler Declaration, Ex. A.)  Further, at no time did Defendant object to Plaintiff's providing the verifications at his deposition.  (Chesler Decl. ¶ 4.)  Instead, Defendant made a motion to compel.

<u>Email</u>:  Plaintiff has also produced the emails (and did so prior to Defendant's initiating this motion).  Defendant never explained that what it wanted before initiating its motion.  When Defendant finally did (asking for an email from Plaintiff's counsel confirming which folders of the email account were searched), Plaintiff complied.  (Chesler Decl. ¶ 3.)  Plaintiff's deposition still has not concluded (through no fault of Plaintiff) – yet Defendant continues to engage in motion work regarding this moot issue.

<u>Supplemental Responses</u>:  Despite five pages of supplemental briefing, Defendant still fails to identify a single instance of meet and confer regarding the remaining discovery (interrogatories and requests for admissions) prior to initiating the motion process.  On June 3, 2013, Defendant raised in an email alleged deficiencies in discovery responses and asked for a time to meet and confer.  (Chesler Decl. Ex. A.)  Plaintiff responded the same day with available dates.  (Id.)  Defendant never responded to this email.  (Chesler Decl. ¶ 6.)  Defendant never called.  Defendant never set up a meeting.  Defendant never met and conferred.  Instead, Defendant initiated the motion to compel process in violation of the local rules.  (See id. ¶ 6.)

Moreover, Defendant's attempt to characterize the parties' meeting on July 1, 2013 – after the instant motion to compel process was initiated (on June 25, 2013) – is absurd. While the subject came up – and some of the issues were addressed – that was not the purpose of that meeting. (See Supp. Chesler Decl., Ex. A.) Instead, Plaintiff organized that meeting because of *Defendant's deficient* discovery responses. (See id.) Obviously, since the parties were meeting in person, Plaintiff discussed the motion to compel that Defendant had *already initiated*. <u>Regardless, there is no excuse for filing a motion to compel first and then meeting and conferring later</u>.

Despite Defendant's woeful failure to meet and confer, Plaintiff still offered to cooperatively resolve the issues – and even agreed to provide supplemental responses despite believing the objections asserted were well-founded. Yet Defendant refused to withdraw its motion. Plaintiff agreed to provide supplemental responses in two weeks (on July 16, 2013). Then on July 16, 2013, at approximately 5:09 p.m., Defendant – again without a modicum of cooperation to even contact Plaintiff's counsel and inquire as to when the responses were being produced, whether by mail, etc. – filed its supplemental brief representing to the Court that they were not provided as "promised." (Supplemental Chesler Decl. ¶ 4.) Again, not true. Plaintiff never stated they would be at the close of business – or even what method of service would be used. In fact, the parties have agreed to electronic service and have routinely served documents after business hours. (Id.) The responses took time to finalize and they indeed were served later in the evening on July 16, 2013 (at approximately 8:31 p.m.). (Id. ¶ 4, Ex. B.)

<u>Conclusion</u>

The meet and confer process is an important one. Defendant spends a great deal of time on focusing on allegations that Plaintiff took too long to produce certain items (such as a declaration), but that is simply to detract from the real issue, which is Defendant's motion was filed in violation of Local Rule 37. Defendant failed to meet and confer regarding the substance of the motion. The motion should be denied in its

1 | entirety because it is moot and Plaintiff respectfully submits that his request for
2 | sanctions be awarded to enforce the Local Rules and deter Defendant from engaging in
3 | future misconduct.

4 | DATED: July 17, 2013     Respectfully submitted,

THE LAW OFFICES OF
TIMOTHY B. McCAFFREY, JR.

By /S/ Natasha Chesler
    Natasha Chesler

Attorneys for Plaintiff
Miguel de la Cueva